THE UNITED STATES DISTRICT COURT
**SOUTHERN**: DISTRICT OF NEW YORK

<u>Commission for the Blind</u>
Registration # 181781

JERRY RAMRATTAN

Plaintiff,

**PLAINTIFF'S COMPL. PURSUANT TO 42 USC 1983**

The State of New York
(DOCCS) Physician GUZMAN
(DOCCS) Qualified Interpreter Ms. LEWIS
(DOCCS) Deputy of Programs Ms. MORRIS

Dkt. 21 Civ.____

**JURY DEMAND**

Defendants.

Being sued in their individual Capcity

---

**PLAINTIFF**, a legally blind qualified individual member of a particular class base via, (Commission for the Blind Registration # 181781 executes ("Affirmation") pursuant to ADA, 504 Rehabilitation Act (Title 2) based upon a deprivation of federally protected rights secured by privileges and immunities, of the United States (Const) not only as a citizen, but also as a qualified individual hereby states:

under the penalty of perjury that the following dates, events, and names of superiors and agents (personal involvement) in unlawful conduct,

are to the best of his knowledge  Just and True and will be used in a Federal Court of law  during examination within the  Hon. Judges Chambers.

**Back Ground:**

Plaintiff is a (49) year old legally blind qualified individual being held under the care, custody and control of the, State of New York (DOCCS) (Eastern) facility, supervised by Supt. (Lilly). Plaintiff asserts that he can not, see, read, write, type nor navigate himself  through out (Eastern) Correctional facility without the assistance of Reasonable Accommodations to Auxiliary Aids and devices and services, while also experiencing extreme difficulties, even with the assistance of  sight cane, mobility sight-guide, and corrective lenses, while facing multiple pre-existing injuries (diabetes) amongst other things

On and about (September  9. 2019) plaintiff had been transferred from (Five-point) Cor, facility to (Eastern). Upon arrival plaintiff had been immediately housed within an (SDU) Sensorial Disability Unit based upon having a serious disability (legally blind within both (DOCCS)  prior facilities (Wendy's and Sullivan) Shortly after being within Eastern facility plaintiff began facing several deficiencies concerning adequate access to Reasonable Accommodations in Auxiliary Aids to devices and Services, mandated  by Congress resulting in an unconscionable breakdown in Eastern

5

facility mechanism (internal deficiencies ) resulting in plaintiff notifying numerous outside agencies via, (Disability Rights New York) advocate (Matt Steel) coupled with,  (Legal Aid Society) advocate (Stefan Short) seeking to remedy the wrong.

On and about, (Jan 16. 2020) advocate (Matt Steel) visited Eastern facility and conducted one-on-one interviews with several qualified individuals housed within (SDU) B-3-25 and B-3-32 disable units not excluding an interview with plaintiff. Shortly after Mr. (Steel) completed his visit. (Eastern) facility administrative body notified defendant Dr. (GUZMAN) to conduct a probe into plaintiff's medical records (retaliation) Dr. (GUZMAN) ordered plaintiffs Reasonable Accommodations to be immediately confiscated and plaintiff to be place into general population housing unit.

On and about (Jan 17. 2020) plaintiff had been informed  to report to the Resource Room due to defendant  Ms. (LEWIS) a qualified interpreter under the ADA, 504 Rehabilitation Act (Title 2) exercising her duties out of (DOCCS) Correctional facilities (Sullivan and Eastern).  Upon  plaintiff's arrival to  resource room Ms. (LEWIS) had informed plaintiff that based upon the medical departments (Dr. GUZMAN) independent examination involving the severity of his disability his access to all Reasonable

Accommodations to Auxiliary Aids and Services are to be immediately confiscated based upon medical evaluation performed by Dr. (GUZMAN) via record keeping. The following items and assistance were confiscated from plaintiff.

1) Sight cane

2) Mobility sight guide

3) SDU housing for the visually impaired

4) Lamp

5) Talking watch ( # 429)

6) Access to Auxiliary devices within facility Law Library

7) Magnifying lighting glass (# 24)

8) Free Matter for the Blind postage

9) Headphones

10) Access to resource room.

11) Talking calculator (# 27)

12) Digital Book player

On and about (Jan 20. 2020) plaintiff had been transferred from (SDU) housing unit B-25 for the visually/ hearing impaired into a general population setting, (South Hall) B-3 -8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eryn J. Hernandez

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

_____ CV _____ ( ___ )( ___ )

-against-

J. Spano; John Doe 1; John Doe 2;
John Doe 3; John Doe 4; John Doe 5
_____
(List the full name(s) of the defendant(s)/respondent(s).)

Application for the Court to
Request Pro Bono Counsel

RECEIVED
SDNY PRO SE OFFICE

2021 DEC 28  AM 11: 41

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)?
   Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct
   representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP
   application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has
   changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono*
   counsel are rarely granted at the early stages of a case and usually not before the Court has
   issued a decision on the merits of the case.) If you asked for an attorney earlier in this case,
   please also explain what has changed since you last asked for an attorney.

   I cannot afford an attorney

   _____
   _____
   _____
   _____
   _____

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

_Prisoner Legal Services; No_
_Way to find Attorney in prison, ie. Phone,_
_internet restrictions._

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: _____.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| 12/17/21 | X |
| Date | Signature |
| Hernandez , Eryn J. | 21 R 0336 |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| P.O. Box 50 , Sonyea , N.Y. 14556 | |
| Address                         City                State        Zip Code | |
| | N/A |
| Telephone Number | E-mail Address (if available) |

2

**Facts Presented**:

The primary bases of plaintiff's 1983 Civil Tort is that, due to plaintiff filing a Compl., against (DOCCS) (Eastern ) fac. to external agencies (Civil  Disability of New York, Legal Aid Society which resulted in not only (Advocates) visiting facility but, also conducting interviews with qualified individuals resulted in (Eastern) internal administration at the facility level to strategically probe into plaintiff's medical records directly after advocates visit  and attempting to find anything to disqualified plaintiff as a qualified individual in retaliation. Defendant Dr. (Guzman) performed in a manner with a conscious disregard turn his head to the obvious concerning previous creditable medical history of Opticians, and Doctors, within previous facilities by exercising a malicious intent to cause plaintiff harm in violation of his 8th Amend Rights to be free from Cruel and Unusual treatment.

Secondly, defendants breached their duties in failing to first formulate a hearing for plaintiff before confiscating plaintiff's Reasonable Accommodations, and transferring plaintiff into general population. Records indicate that, [i] plaintiff is a qualified individual [ii] that the defendants the State of New York is subjected to ADA and [iii] plaintiff has been denied the opportunity to participate in or benefit from defendants

services, programs, or activities otherwise discriminated against by defendants. See plaintiffs Exhibit (**A**) excerpts of medical records.  While plaintiff in good faith exercised due diligence in exhaustion of administrative remedies pursuant to, New York § CPLR Section (3016) sufficient notice of communication complained of to enable defendants to remedy the wrong pursuant to, 42 USC § 1997 NYCRR 701.5 701 6 (a) 701.7. (PLRA) (no avail) <u>See</u> Exhibit (**B**), and  Exhibit (**C**) establishing notices of communication with defendants' subordinates requesting to be adequately evaluated by specialist coupled with, restoring his Reasonable Accommodations as Exhibit (**D**) indicates plaintiff  also filed his Notice of Intent (Right to Sue) pursuant to, § 10, 11 Court of Claims Act affording defendants sufficient notice of communication complained of to enable them to defend themselves pursuant to New York General Municipal §§ 50- (e) and New York County Law § 52(1)

**Personal Involvement**:

1) **The STATE OF NEW YORK** (Defendants)

Defendants the, State of New York upon having constructive knowledge based upon being  allocated funds by federal government under the Americans with Disabilities Act, 504 Rehabilitation Act (Title 2). Defendants failed to implement a sound comprehensive policy or custom

that regulates methods in providing qualified individuals facing discrepancies within Cor. Facilities (R. A.) Reasonable Accommodations to Auxiliary Aids to devices and services through a productive Due process procedure. In first affording alleged qualified individuals a hearing before unlawfully denying them services, thereafter an appeal process directed to (DOCCS) Chief medical examiner in finality providing qualified individuals an even playing field. (Due process) (Breach of duties)

Instead, defendants failed to implement comprehensive policy causation in their subordinate Dr. (GUZMAN) upon having multiple infractions via, State and Federal Civil Torts pending/resolved to abuse his authority with a malicious intent to cause plaintiff harm upon having constructive knowledge that plaintiff filed an Compl., directed to outside agencies. Defendant existing policy resulted in injuries sustained to plaintiff

## 2) PHYSICIAN (GUZMAN)

Defendant (GUZMAN) is responsible for providing adequate medical services to incarcerated individuals within Eastern Cor. facility, not excluding qualified individuals with disabilities. Defendant (GUZMAN) was responsible for examining plaintiff's medical records, thereafter ordering defendant (Lewis) to confiscate plaintiff's Reasonable Accommodations acting in concert with defendant Ms. (MORRIS) Dr. (GUZMAN) stated in

console that plaintiff is malingering his lost of sight resulting in a conscious disregard to prior examination without affording plaintiff a hearing or notice of his findings that were contrary to other facility specialist, and physicians.

### 3. FORMER DEPUTY OF PROGRAMS (MORRIS)

Defendant (MORRIS) responsibilities is to assure that incarcerated individuals receive the necessary programs, and services to enable them access to educational, and therapeutic skills amongst other things not excluding qualified individuals under the ADA, 504 Rehabilitation Act title 2). (*.id*) Defendant (MORRIS) ignore plaintiffs request for assistant when denied his Reasonable Accommodations with a conscious disregard to his health and safety.

Defendant failed to response to notices of communication by turning her head to the obvious upon having constructive knowledge that plaintiff filed numerous Compls, Defendant breach her duties as a Deputy of program when failing to provide plaintiff adequate information concerning the procedure of confiscating Reasonable Accommodations. Nor provided plaintiff access to a proper sit down with defendant (LEWIS) going over the particulars. Instead, plaintiff was removed from (SDU) housing without (R.A). Defendant breached her duties causation resulting in injuries sustained to plaintiff.

### 4. **Ms (LEWIS) QUALIFIED INTERPRETER**

Defendant (LEWIS) responsibilities as a qualified interpreter are to assure that qualified individuals (disable) receive adequate comprehensive, training methods, access to Auxiliary Aids to devices and all services mandated under ADA, 504 Rehabilitation Act (Title 2) not excluding up to date information concerning entitlement conducive in maintaining stable mind sets while assuring that all disable prisoners are sufficiently provided an even playing field opposed to those incarcerated prisoners without a disability. Defendant is responsible was responsible for calling  plaintiff down to her office Resource Room and confiscating all Reasonable Accommodations. Defendant upon having constructive knowledge of plaintiff's Compl. to outside agencies acted in a manner with malicious intent to do the plaintiff harm, while also requesting plaintiff to give her his hat which was  worn and torn, plaintiff removed his  (SDU) hat off his head and (Lewis) disposed cap in the trash can.

In addition, defendant failed to provide plaintiff any vehicles to utilized any outside agencies or internal assistance within (DOCCS) external administration in order to proceed with any appeal proceedings in restoring entitlement in a breach of duty. Defendant should have requested that plaintiff be seen personally by defendant (Guzman) de novo  assisting

plaintiff with medical notes, copies of records relating to defendant (Guzman findings while requesting that plaintiff remain with all Reasonable Accommodations and remain in (SDU) housing pending appeal stages upon finality of Chief Medical examiner.

**Stating a claim: 28 USC § 1915 (b) and 28 USC §1915 (e) (2)(b)**

1) Plaintiff's first cause of action is that the Defendants are liable in damages, causation to plaintiff injuries sustained when acting with DELIBERATE INDIFFERENCE to plaintiff's health and safety acted in a manner contrary to federal law with a MALICIOUS INTENT, to do harm to the plaintiff.

2) Plaintiff's second cause of action is that the Defendants are liable in damages, causation to plaintiff injuries sustained when acting GROSSLY NEGLIGENT resulting in immense PAIN AND SUFFERING to plaintiff.

3) 1) Plaintiff's first cause of action is that the Defendants are liable in damages, causation to plaintiff injuries exercised CRUEL AND UNUSUAL TREATMENT in a manner that was in violation of federally protected law.

**DAMAGES:**

Plaintiff asserts that defendants ("The State of New York") are 100% liable in damages injuries sustained to plaintiff causation of defendant misconduct, subjected a citizen of the United States in a deprivation of Rights, privileges

or Immunities secured, known Act. In violation of pre existing federal law USCA Const Amend 8th ADA, 504 Rehabilitation  Act (Title 2) (Id)

Secondly, Plaintiff asserts that defendants exercised Cruel and Unusual treatment with a wreckless disregard in a deprivation of Rights , privileges or Immunities secured, known acts in violation of pre- existing federal law USCA Const  8 th Amend, 504 Rehabilitation Act (Title 2).

**Foreseeable Risk**:

Defendants upon having constructive knowledge that qualified individuals will be faced with deficiencies in maintaining or receiving Reasonable Accommodations knew that incarcerated individuals will face a grave risk to their health and safety, without adequate due process in hearings to determine the severity of their disabilities, (foreseeable risk). Defendants the State of New York with a conscious upon implementing a policy that violated the rights of qualified individuals

**Negligence**:

Defendant misconduct in retaliation of plaintiff exercising his Const Rights, resulting in plaintiff sustaining physical injuries relating to, fluctuating high blood pressure, asthma, diabetes, vertigo, deterioration of vision, headaches  amongst other things, weight  Plaintiff is requesting **1.5 Million Dollars.**

**Punitive:**

a) Defendants superior / agents unlawful deceptive acts resulted in violation pursuant to ADA, 504 Rehabilitation Act (title 2). Plaintiff is requesting the amount of **10,000 dollars,** which does not shock the conscious of modern day jury

**Compensatory Damages**:

Defendants action were objective unreasonable in the light of the facts caused plaintiff to suffered mental anguish. Plaintiff is requesting the amount of 1**. 5 Million dollars.**

**Intentional Infliction of Emotional Distress (IIED)**

Defendants' misconduct in retaliation resulted in a malicious intent that shock the conscious of a modern day jury. Plaintiff is requesting the amount of **900, 000 dollars.**

**INJUNCTIVE RELIEF:**

('Exhibits") attached to plaintiff's ("Compl.") establishes claims plausible on its face warrants Immediate Injunctive Relief while proceedings are still pending finality. Plaintiff is requesting to be restored all Reasonable Accommodations in its entirety in order to utilized devices for Court proceedings   while minimizing further deterioration of eye sight   and removed from general population due to a grave risk to his health and safety.

Date: 10/ 28/ 2021

Napanoch New York 12458

Jerry Ramrattan 12-A- 0608
Eastern Ny Correctional Facility
P.O. Box 338, Napanoch, New York
12458 Housing Unit SH-16-11

*Pro-se Qualified Individual*

Date 10/28/2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PLAINTIFF'S COMPL, AGAINST ("THE STATE") OF NEW YORK IN DEPRIVATION OF CIVIL RIGHTS SECURED BY THE UNITED STATES CONST. AND FEDERALLY PROTECTED RIGHTS PURSUANT TO, ADA, 504 REHABILITATION ACT (TITLE 2)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## 42 USC §§ 1983,

## 21Civ. _____ ( ) ( )

---

Jerry Ramrattan 12-A-0608
Plaintiff (*pro-se*):
(Qualified Individual)
Eastern NY Correctional Facility
Box 338 Napanoch, New York 12458

<u>Commission for the Blind</u>
Registration # **181781**

## SUMMARY

1) **Plaintiff's federally protected rights as a legally blind qualified individual**.

2) **Plaintiff's background and procedural history**.

3) **Deprivation of plaintiff's Civil Rights resulting in Damages**.

4)  **Personal Involvement in direct participation of superiors and actors**.

5) **Relief of Sought.**

**Const and statutory provision pursuant to State and Federal claims**

42 USC § 1983

State Claims, Intentional Infliction of Emotional Distress, Negligence, Breach of contract

USCA CONST AMEND 8, 14

Civil Rights Law

New York State Human Rights Law (NYSHRL)

New York § CPLR Section 1029 (Due Diligence)\

New York § CPLR Section 3016 (Notice)

American Disability Act, 504 Rehabilitation Act (Title 2)

Federal Provisions
28 CFR § 35.130 (b) 29 USC 794 (§ 504 USC, §§12131, 12133 28 CFR, §§ 42 504(1)

**Claims involving federal claims pursuant to, 42 USCA §§ 1983**

1) Defendants, **State of New York**
   a) Superior Respondent
   b) Foreseeable Risk
   c) Deliberate Indifference
   d) Cruel and Unusual Treatment

## Exhibits

1) Exhibit (**A**)
   Excerpts of Plaintiff's medical records establishing a qualified individual (legally Blind)

2) Exhibit (**B**)
   Plaintiff's records indicating Exhaustion of Administrative remedies (PLRA) grievances pursuant to, 42 USCA § 200e et Seq

3) Exhibit (**C**)
   Plaintiff's internal/external notices of communications with Disabilities Rights of New York (Matt Steel), also Legal Aid Society (Stefan Short) concerning deficiencies of Eastern facility providing Reasonable Accommodations

4) Exhibit (**D**)
   Plaintiff's records indicating Notice of Intent filed within (90) day tolling period pursuant to § 50-(e)

Jerry Ramrattan
Plaintiff (***Pro- se***)

**(DOCCS) and Community Supervision**
Eastern Correctional facility Box 338,
Napanoch, New York, 12458, Housing
Unit / South Hall 16-27

Date: 11/08/2021

**VIA: Free Matter for the Blind Postage**
To: Clerk of Court (Pro-se Motion Part)
    United States District Courthouse
    Southern District of New York
    40 Foley Square
    New York, New York 10007

Commission for the Blind
Registration # 181781

**Re:   Undue Hardship Special circumstances**

Dear Counsel:

    I am the plaintiff legally blind, member of a particular class base, via, (Commission for the blind registration # 181781) in the above mentioned referenced matter, In that capacity. I write to you via, notice of communication placing the Court on immediate notice that due to the rapid deterioration of my remaining eyesight. I am requesting that the ("Affirmation in Request for Document Demand") coupled with, (Affirmation in Interrogatories) be placed upon my document sheet and filed due to I may not be able to formulate such Motions in the near future.  Enclosed you will find both Affirmations along with my Compl, and Poor persons.

**PLAINTIFF THANKS THE COURT FOR ITS TIME AND CONSIDERATION.**

**CC: File / J. R.**

Respectfully Submitted

EXHIBIT (**A**)

Plaintiff medical records

17



**NEW YORK STATE** | **Commission for the Blind**

**KATHY HOCHUL**
Governor

**SHEILA J. POOLE**
Commissioner

## Verification of Legal Blindness

| Name: | NYSCB Registration No. |
|---|---|
| Jerry Ramrattan 12-A-0608 | CF# 181781 |
| Address: | |
| Eastern Correctional Fac. | |
| PO Box 338 | |
| Napanoch, NY 12458 | |

The above named person is registered as legally blind with the Commission for the Blind in accordance with New York State law, Section 8704.

Signature: *Nathaniel Beyor*

Title:     Assistant Commissioner
Date:     11/09/2021



NYS Office of Children & Family Services
Commission for the Blind
52 Washington Street, Room 201 South
Rensselaer, New York 12144

**Jerry Ramrattan**
**Eastern Correctional Facility**
**Napanoch, NY 12458**

**NYSCB Registration #: 181781**



**NEW YORK STATE** | **Commission for the Blind**

ANDREW M. CUOMO
Governor

SHEILA J. POOLE
Commissioner

## Verification of Legal Blindness

| Name:<br>Jerry Ramrattan | NYSCB Registration No.<br>CF# 181781 |
|---|---|
| Address:<br>31-43 101st St.<br>East Elmhurst, NY 11369 | |

The above named person is registered as legally blind with the Commission for the Blind in accordance with New York State law, Section 8704.

Signature: *Nathaniel Beyor*

Title:     Assistant Commissioner
Date:     01/29/2020

| ATTACHMENT B | no. 2512, Inmates With Sensorial Disabilities |
|---|---|
| | DATE   10/26/2010   PAGE 11 of 16 |

PHOTOCOPY LOCALLY AS NEEDED

## REQUEST FOR REASONABLE ACCOMMODATIONS          Date 3|20|17

Inmate's Name Ramcotton, J   Din # 12A0608 Facility Sullivan

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service:

_____

Check to indicate request

| HEARING IMPAIRMENT | | VISUAL IMPAIRMENT | |
|---|---|---|---|
| Requested | Approved | Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☒ Large Print | ☒ |
| ☐ TTD/TTY | ☐ | ☒ Orientation & Mobility Instruct. | ☒ |
| ☒ Telephone Amplifier | ☒ | ☒ Mobility Assistants/Sighted Guide | ☒ |
| ☒ Closed Caption Television | ☐ | ☒ Guidance Cane | ☒ |
| ☒ Sound Amplification Systems | ☒ | ☐ Support Cane | ☐ |
| ☒ Hearing Aids/Batteries | ☒ | ☐ Braille Print | ☐ |
| ☐ Notification Systems | ☐ | ☐ Braille Equipment | ☐ |
| ☒ Visual Smoke Detector | ☒ | ☒ Magnifiers | ☒ |
| ☒ Preferred Seating | ☒ | ☒ Tape Player/Cassettes | ☒ |
| ☒ Shake Awake Alarm | ☒ | ☒ Lamp | ☒ |
| ☒ Pocket Talker | ☐ | ☒ Visor/Sunglasses for indoor use | ☒ |
| | | ☒ Other Black glasses | ☒ |

Jerry Ramcotton 12A0608          Negron, ORC
(Inmate's Signature)          (Staff Name/Title)          (Staff Signature)

## MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230)   ☒ Blind (B240)   ☒ Non Significant Hearing Loss (HL30)

☐ Hard of Hearing (HL20)          ☐ Deaf (HL10)

☐ No Medical Verification on File   Follow-up Appointment Necessary? ☐ Yes   ☐ No

Wolfi, MD                    3-31-17
(Medical Staff - Name/Title)          (Med. Staff Signature)          (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

☐ approved as requested

☒ modified - accommodations which have been approved are marked above ☒

☐ denied

☐ pending medical verification

EXPLANATION of modification or denial: Approved for accommodations required for his visual/Hearing impairment

_____
(DSS or designee)          (Signature)          (Date) 2/28/17

This section is to be completed by the inmate.

☐ I agree   ☐ I disagree   with this determination

☒ I want to meet with the Superintendent or his/her designee during this review.

☒ I want to have an interpreter with me or other assistive device during this meeting.

Jerry Ramcotton 12A0608   03-28-17
(Inmate's Signature)          (Date)

Distribution   Original -   Guidance File
Copies -   Inmate, Medical, OMH, Parole, ADA Coordinator (Central Office)

Form 2612B (4/15) PHOTOCOPY LOCALLY AS NEEDED          Page 1

## STATE OF NEW YORK – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## REQUEST FOR REASONABLE ACCOMMODATIONS FOR INMATES WITH SENSORIAL DISABILITIES

Date **04-11-18**          Facility **Wende C.F.**

Inmate's Name **JERRY RAMRATTAN**          DIN# **12A0608**

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service: **Visual & Hearing impaired! Note both are fully medically documented.**

**Check to indicate request**

| HEARING IMPAIRMENT | | VISUAL IMPAIRMENT | |
|---|---|---|---|
| Requested | Approved | Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ | ☒ Large Print | ☑ |
| ☐ TTD/TTY | ☐ | ☒ Orientation & Mobility Instruct. | ☑ |
| ☒ Telephone Amplifier | ☐ | ☒ Mobility Assistants/Sighted Guide | ☑ |
| ☒ Closed Caption Television | ☐ | ☒ Guidance Cane | ☑ |
| ☒ Sound Amplification Systems | ☐ | ☒ Support Cane | ☐ |
| ☒ Hearing Aids/Batteries | ☑ | ☐ Braille Print | ☐ |
| ☒ Notification Systems | ☑ | ☐ Braille Equipment | ☐ |
| ☒ Visual Smoke Detector | ☑ | ☒ Magnifiers | ☑ |
| ☒ Preferred Seating | ☑ | ☒ Tape / Talking book (LOC) Player/Cassettes | ☑ |
| ☒ Shake Awake Alarm | ☐ | ☒ Lamp + Blub | ☑ |
| ☐ Pocket Talker | ☐ | ☒ Visor/Sunglasses for indoor use / Sleepmask | ☐ |
| ☒ TMK Watch (Visual Impairment) | ☑ | ☒ Other Service dog. Which I have a full train dog. | ☐ |
| ☒ Talk Calculator (Visual Impairment) | ☑ | | |
| ☒ Talk Dictionary (Visual Impairment) | ☑ | ☒ 20/20 Pen/Large Bold line paper | ☑ |

_Jerry Ramrattan_          _K. Pregione, IGP_          _KG_
**Inmate's Signature**          **Staff Name/Title**          **Staff Signature**

D-24-4

## MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230)  ☒ Blind (B240)
☒ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)  ☐ Deaf (HL10)
☐ No Medical Verification on File
  Follow-up Appointment Necessary? ☐ Yes  ☐ No

_____  _____  4/16/18
**Medical Staff - Name/Title  Medical Staff Signature  Date**

Return this form to the Staff member whose name appears next to the inmate's signature above.

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

  ☐ approved as requested
  ☒ modified – accommodations which have been approved as marked above ☒
  ☐ denied
  ☐ pending medical verification

EXPLANATION of modification or denial:

_____

_BMcDonald_  _____  4 - 18 - 18
**DSP or designee  Signature  Date**

This section is to be completed by the inmate:

☒ I agree
☐ I disagree with this determination
☐ I want to meet with the superintendent or his/her designee during this review
☐ I want to have an interpreter with me or other assistive device during this meeting.

_____  04-26-18
**Inmate's Signature  Date**

Form 2612B (4/15)
Page 1

PHOTOCOPY LOCALLY AS NEEDED

STATE OF NEW YORK – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## REQUEST FOR REASONABLE ACCOMMODATIONS FOR INMATES WITH SENSORIAL DISABILITIES

Inmate's Name _Ramca tran_     DIN _12A0608_    Facility _Eastern CF_     Date _9/12/19_

☐ I do not request reasonable accommodations

☑ I request reasonable accommodations as indicated below for the following program or service: _SDU_

Check to indicate request

| HEARING IMPAIRMENT | | | VISUAL IMPAIRMENT | | |
|---|---|---|---|---|---|
| Requested | | Approved | Requested | | Approved |
| ☐ | Qualified Sign Lang. Interpreter | ☐ | ☑ | Large Print | ☑ |
| ☐ | TTD/TTY | ☐ | ☑ | Orientation & Mobility Instruct | ☑ |
| ☐ | Telephone Amplifier | ☐ | ☑ | Mobility Assistants/Sighted Guide | ☑ |
| ☐ | Closed Caption Television | ☐ | ☑ | Guidance Cane | ☑ |
| ☐ | Sound Amplification Systems | ☐ | ☐ | Support Cane | ☐ |
| ☐ | Hearing Aids/Batteries | ☐ | ☐ | Braille Print | ☐ |
| ☐ | Notification Systems | ☐ | ☐ | Braille Equipment | ☐ |
| ☐ | Visual Smoke Detector | ☐ | ☑ | Magnifiers | ☑ |
| ☐ | Preferred Seating | ☐ | ☑ | Tape Player/Cassettes | ☑ |
| ☐ | Shake Awake Alarm | ☐ | ☑ | Lamp | ☑ |
| ☐ | Pocket Talker | ☐ | ☑ | Visor/Sunglasses for indoor use | ☑ |
| | | | ☑ | Other _Talking Watch, Talking Calc_ | ☑ |

_Auxillary Calculator, Bold paper, Headphones, Jack_
_ms Lewis, DNB_     _DNB_     _BS DEC Preferred Seating_

_____     _____     _____
(Inmate's Signature)              (Staff Name/Title)              (Staff Signature)

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

MEDICAL VERIFICATION (Use established definitions)
☐ Severe Visual Impairment (V230)    ☑ Legally Blind (B240)    ☑ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)    ☐ Deaf (HL10)
☐ No Medical Verification on File Follow-up Appointment Necessary? ☐ Yes ☐ No

_L. Glasgow RNBS NA_     _L. Glasgow RNBS NA_     _9/9/19_
(Medical Staff - Name/Title)        (Med. Staff Signature)              (Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

REASONABLE ACCOMMODATION DETERMINATION
The reasonable accommodations requested above have been:

☑ Approved as requested

☐ Modified - accommodations which have been approved are marked above

☐ Denied

☐ Pending medical verification

EXPLANATION of modification or denial: _____

_C. morris_     _Chris M_     _9/23/19_
(DSP or designee)              (Signature)              (Date)

This section is to be completed by the inmate.

☑ I agree    ☐ I disagree with this determination

☐ I want to meet with the Superintendent or designee during this review.

☐ I want to have an interpreter with me or other assistive device during this meeting.

_____     _9/25/19_
(Inmate's Signature)              (Date)

Form 2612B (4/15)
Page 1

PHOTOCOPY LOCALLY AS NEEDED

STATE OF NEW YORK – DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**REQUEST FOR REASONABLE ACCOMMODATIONS FOR INMATES WITH SENSORIAL DISABILITIES**

Inmate's Name _Ram Cotton_ DIN _12A0608_ Facility _Eastern CF_ Date _9/12/19_

☐ I do not request reasonable accommodations

☑ I request reasonable accommodations as indicated below for the following program or service: _SOU_

Check to indicate request

| HEARING IMPAIRMENT | | | VISUAL IMPAIRMENT | | |
|---|---|---|---|---|---|
| Requested | | Approved | Requested | | Approved |
| ☐ | Qualified Sign Lang. Interpreter | ☐ | ☐ | Large Print | ☐ |
| ☐ | TTD/TTY | ☐ | ☐ | Orientation & Mobility Instruct | ☐ |
| ☑ | Telephone Amplifier | ☐ | ☐ | Mobility Assistants/Sighted Guide | ☐ |
| ☑ | Closed Caption Television | ☐ | ☐ | Guidance Cane | ☐ |
| ☐ | Sound Amplification Systems | ☐ | ☐ | Support Cane | ☐ |
| ☑ | Hearing Aids/Batteries | ☐ | ☐ | Braille Print | ☐ |
| ☐ | Notification Systems | ☐ | ☐ | Braille Equipment | ☐ |
| ☐ | Visual Smoke Detector | ☐ | ☐ | Magnifiers | ☐ |
| ☑ | Preferred Seating | ☐ | ☐ | Tape Player/Cassettes | ☐ |
| ☑ | Shake Awake Alarm | ☐ | ☐ | Lamp | ☐ |
| ☐ | Pocket Talker | ☐ | ☐ | Visor/Sunglasses for indoor use | ☐ |
| | | | ☐ | Other_____ | ☐ |

_(signature)_
(Inmate's Signature)

_Lewis, ____
(Staff Name/Title)

_(signature)_
(Staff Signature)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEDICAL VERIFICATION** (Use established definitions)
☐ Severe Visual Impairment (V230)  ☒ Legally Blind (B240)  ☒ Non Significant Hearing Loss (HL30)
☐ Hard of Hearing (HL20)  ☐ Deaf (HL10)
☐ No Medical Verification on File Follow-up Appointment Necessary? ☐ Yes ☐ No

_L Glasgow RNBS NP_
(Medical Staff - Name/Title)

_(signature)_
(Med. Staff Signature)

_9/19/19_
(Date)

Return this form to the Staff member whose name appears next to the inmate's signature above.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REASONABLE ACCOMMODATION DETERMINATION**
The reasonable accommodations requested above have been:

☐ Approved as requested

☐ Modified - accommodations which have been approved are marked above

☑ Denied

☐ Pending medical verification

EXPLANATION of modification or denial: _Per medical HL30. Diagnosis does not support approval of request_

_C. Morris_
(DSP or designee)

_(signature)_
(Signature)

_9/23/19_
(Date)

This section is to be completed by the inmate.
☑ I agree  ☐ I disagree with this determination
☐ I want to meet with the Superintendent or designee during this review.
☐ I want to have an interpreter with me or other assistive device during this meeting.

_(signature)_
(Inmate's Signature)

_9/25/19_
(Date)

SH-16-27

Revised (7/11)
Form #2614B
COPY LOCALLY
AS NEEDED

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# REQUEST FOR REASONABLE ACCOMMODATION

RECEIVED
JUN 0 1 REC'D

EASTERN

Correctional Facility

| Inmate's Name | | DIN# | Date |
|---|---|---|---|
| Jerry Kamrattan  16-27 | | 12A0608  OFFICE OF | 06-01-2020 |

**INMATE'S REQUEST**

I request reasonable accommodation to participate in the following program and/or service:

ANY OR AS Needed at EASTERN per my Attorneys.

I am limited in my ability to (explain disability or limitation): Legally blind and hearing

impaired / N.Y.S.C.B. Reg. # CF# 181781

The accommodation requested is: for being legally blind + hearing impaired

But to stay in Southhall or RB

(Sign and forward to the Deputy Superintendent for Program Services)     Jerry Kamrattan 12A0608

Inmate's Signature

**REC'D BY DSP**

C. Morris          Chrom          6/2/2020

(DSP Name)          (Signature)          Date

**MEDICAL VERIFICATION**

Disability     None

Functional limitations     None

No medical verification is on file. Follow-up appointment scheduled?     ☐ yes   ☐ no

Date inmate notified of pending medical evaluation/consult: Refused optometry consult

M. Gusman          6/4/2020

(Medical staff name - title)          (Signature)          Date

**REASONABLE ACCOM. DETERMINATION**

The above requested reasonable accommodation has been:     ☐ Approved   ☐ Modified   ☒ Denied

The specific accommodations approved are: _____

Explanation of modification or denial: Inmate cannot be properly assessed

based on notation from medical that he refused optometry

consult

Jerry Kamrattan          Chrom          7/2/2020

(Inmate's Signature)          (DSP or designee signature)  RECEIVED          Date

**INMATE RECEIPT**

☐ I agree     ☒ I disagree with this determination.

JUN 2 4 REC'D

I understand my right to file a grievance in accordance with Directive #4040, "Inmate Grievance Program"

OFFICE OF THE DEPT. SUPERINTENDENT

Signature     Jerry Kamrattan          Date     06-22-20

Original   - Guidance Folder
Copies    - Inmate, Superintendent, Medical, Parole, ADA Coordinator (Central Office)

RECEIVED

JUN 11

OFFICE OF THE DEPUTY SUPERINTENDENT

RECEIVED

JUN 11

OFFICE OF THE DEPUTY SUPERINTENDENT

No. 2612 Inmates With Sensorial Disability

Date Feb 15 2005   Page 10 OF 12

PHOTOCOPY LOCALLY AS NEEDED

Attachment B

16-11

## REQUEST FOR RESONABLE ACCOMMODATIONS

Date 05-24-2021

Inmate's Name Terry Ramrattan

Din# 12A0608   Facility Eastern C.F.

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service: As to daily living needs Note that I am

Check to indicate request Reg, Legal Blind NYSCB# CF 18/78

| Hearing Impairment | |
|---|---|
| Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ |
| ☐ TTD/TTy | ☐ |
| ☒ Telephone Amplifier | ☐ |
| ☒ Closed Caption Television | ☐ |
| ☒ Sound Amplification Systems | ☐ |
| ☒ Hearing Aids/ Batteries | ☐ |
| ☒ Notification Systems | ☐ |
| ☒ Visual Smoke Detector | ☐ |
| ☒ Preferred Seating | ☐ |
| ☒ Shake Awake Alarm | ☐ |
| ☐ Pocket Talker | ☐ |

## Visual Impairment

| Requested | | Approved |
|---|---|---|
| ☒ | Large Print | ☐ |
| ☐ | Orientation & Mobility Instruct. | ☐ |
| ☒ | Mobility Assistants/Sighted Guide | ☐ |
| ☒ | Guidance Cane | ☐ |
| ☐ | Support Cane | ☐ |
| ☐ | Braile Print | ☐ |
| ☐ | Braille Equipment | ☐ |
| ☒ | Magnifiers | ☐ |
| ☒ | Tape Player/ Cassettes | ☐ |
| ☒ | Lamp | ☐ |
| ☒ | Visor/ Sunglasses for indoor use | ☐ |
| ☒ | Other _Service dog by veteran program Lic.#_ | ☐ |

Inmate's Signature _Jerry Kanrattan 12A0608_

Staff Name/ Title _Ms. Lewis, Job_

Staff Signature _____

Please Note this is the second set of forms
that I have filled out first one was on 05-17-21 Dated
Now this will be sent on 05-24-21 back to your office.

## MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230)
☐ Hard of Hearing (HL20)
☐ Blind (B240)
☐ Deaf (HL10)
☒ Non Significant Hearing Loss (HL30) As of 1/2/2020 Audiology consult
☒ No Medical Verification on file

Follow-up Appointment Necessary?  See below
☒ Yes    ☐ No

ANN L. ANDOLA, MD
(Medical Staff – Name/Title)

_Annh Andola MD_          6/9/21
(Med. Staff Signature)          (Date)

Return this form to the staff member whose name appears next to the inmate's signature above.

① Pt has Follow-up
c̄ Facility Audiologist
to review latest hearing
test done at Albany Audiology

② Pt has Follow-up
c̄ Neuro-Ophthalmology
to re-evaluate subjective
vision loss

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

☐ approved as requested

☐ modified – accommodations which have been approved are marked above  [x]

☐ denied

☒ pending medical verification

EXPLANATION of modification or denial: Per medical, appointments are scheduled for assessment

_C msn_            _Chhorrorn_
(DSP or designee)        (Signature)

_6/14/21_
(Date)

This section is to be completed by the inmate.

☐ I agree

☒ I disagree with this determination

☒ I want to meet with the Superintendent or his/her designee during this review.

☐ I want to have an interpreter with me or other assistive device during this meeting.

_Larry Kamsatton_            _06-17-21_
(Inmate's Signature)          (Date)

Distribution: Original - Guidance File
Copies - Inmate, Medical, OMH, Parole, ADA Coordinator (Central Office).

Attachment B      Page 4

No.2612 Inmates Sensorial Disabilities
Date FEB 15 2005    Page 11 of 12

Photocopy locally as needed

Attachment B-reverse side

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>SUPERINTENDENT'S REVIEW</u> (Superintendent's designee may conduct this review)

Date Received 6/21/21_____ Date of meeting with Inmate (if necessary) _____

Your request for reasonable accommodation has been

☐ approved as requested

☒ modified

☐ denied

Explanation: Per medical follow-up assessment done on 6/10/21 will forward results + modification will be made if supported

Was sign language interpreter used at meeting ☐yes ☐No?

to interpret decision  ☐yes ☐No?

If not explain why not_____

_____

Signature of Superintendent or designee    Date    6/21/21

Attachment B-reverse side
Page 1

This section is to be completed by the inmate.

☐ I have been advised of my right to grieve this decision via the inmate grievance program.

_Jerry Banvallo_____     x _06-21-21_
Signature of inmate              Date

Distribution: Original-Guidance File; Copies to Inmate, medical, OMH,  parole, and ADA Coordinator (Central Office)

RECEIVED

SEP 2 2

OFFICE OF THE DEPUTY SUPERINTENDENT

No. 2612 Inmates With Sensorial Disabilities
Date Feb 15 2005   Page 10 OF 12
PHOTOCOPY LOCALLY AS NEEDED

Attachment B

## REQUEST FOR RESONABLE ACCOMMODATIONS

Date 09-13-21

Inmate's Name JERRY RAMRATTAN

Din# 12A0608   Facility EASTERN C.F.

☐ I do not request reasonable accommodations

☒ I request reasonable accommodations as indicated below for the following program or service: being legally blind + hearing impaired

Check to indicate request   N.Y.S.C.B. Req# 181781

| Hearing Impairment | |
|---|---|
| Requested | Approved |
| ☐ Qualified Sign Lang. Interpreter | ☐ |
| ☐ TTD/TTy | ☐ |
| ☒ Telephone Amplifier | ☐ |
| ☒ Closed Caption Television | ☐ |
| ☒ Sound Amplification Systems | ☐ |
| ☒ Hearing Aids/ Batteries | ☑ |
| ☒ Notification Systems | ☐ |
| ☒ Visual Smoke Detector | ☐ |
| ☒ Preferred Seating | ☑ |
| ☒ Shake Awake Alarm | ☐ |
| ☐ Pocket Talker | ☐ |

## Visual Impairment

| Requested | Approved |
|---|---|
| ☒ Large Print | ☐ |
| ☐ Orientation & Mobility Instruct. | ☐ |
| ☒ Mobility Assistants/Sighted Guide | ☐ |
| ☒ Guidance Cane | ☐ |
| ☐ Support Cane | ☐ |
| ☐ Braille Print | ☐ |
| ☐ Braille Equipment | ☐ |
| ☒ Magnifiers | ☐ |
| ☒ Tape Player/ Cassettes | ☐ |
| ☒ Lamp | ☐ |
| ☒ Visor/ Sunglasses for indoor use | ☐ |
| ☒ Other Vetaran's service dog if allowed | ☐ |

Inmate's Signature _Kamratton_

Staff Name/ Title _ms. Lewis , EOB_

Staff Signature _EOB_

_note recieved on 5/06 2/2/21 by gm_

MEDICAL VERIFICATION (Use established definitions)

☐ Severe Visual Impairment (V230)

☐ Hard of Hearing (HL20)

☐ Blind (B240)

☐ Deaf (HL10)

☒ Non Significant Hearing Loss (HL30)

☒ No Medical Verification on file

Follow-up Appointment Necessary

☐ Yes   ☐ No

_____
(Medical Staff – Name/Title)

_____          9/20/21
(Med. Staff Signature)                              (Date)

Return this form to the staff member whose name appears next to the inmate's signature above.

*Mikhail Gusman, MD*
*DEA LIC# 215332*
*NPI# BG6495774*
*# 01193474*

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## REASONABLE ACCOMMODATION DETERMINATION

The reasonable accommodations requested above have been:

☐ approved as requested

☐ modified – accommodations which have been approved are marked above [X]

☒ denied

☐ pending medical verification

EXPLANATION of modification or denial: _Per medical you don't meet the criteria for reasonable accommodation. If changes occur please request a re-evaluation_

(DSP or designee)        (Signature)
   A. All                    A. Al

___(Date)___    9/23/2)

This section is to be completed by the inmate

☐ I agree

☐ I disagree with this determination

☒ I want to meet with the Superintendent or his/her designee during this review.

☐ I want to have an interpreter with me or other assistive device during this meeting.

_Jerry Ramsattan_        _Oct. 01, 2021_
(Inmate's Signature)          (Date)

RECEIVED

OCT 04

OFFICE OF THE DEPUTY SUPERINTENDENT

Distribution: Original - Guidance File
Copies - Inmate, Medical, OMH, Parole, ADA Coordinator (Central Office).

Attachment B       Page 4

No. 2612 Inmates Sensorial Disabilities
Date FEB 15 2005    Page 11 of 12

Photocopy locally as needed

Attachment B-reverse side

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SUPERINTENDENT'S REVIEW (Superintendent's designee may conduct this review)

Date Received _____ Date of meeting with Inmate (if necessary) _____

Your request for reasonable accommodation has been

   ☐ approved as requested
   ☐ modified
   ☑ denied

Explanation: HL 30 not eligible for Hearing aid/batteries + preferred seating. Unable to determined visual impairment will have eye test reviewed for determination.

Was sign language interpreter used at meeting ☐yes ☑No?

to interpret decision ☐yes ☑No?

   If not explain why not _____

_____ DSP          10/5/21
Signature of Superintendent or designee    Date

This section is to be completed by the inmate

☒ I have been advised of my right to grieve this decision via the inmate grievance program.

_Jerry Banraten_ _____     10-5-21
   Signature of inmate                        Date

Distribution: Original-Guidance File;
Copies to Inmate, medical, OMH,  parole, and
ADA Coordinator (Central Office)

to.mycell
Got on 10-25-21

```
10/12/21 10:21:55      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE      1
HSC4781                     HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: EASTERN GEN
REFERRING FAC  : EASTERN GEN              REFERRAL NUMBER: 21221359.01M
REFERRAL DATE  : 08/17/21 05:31P  TELEMED: N<N> REFERRAL TYPE   : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                 INTERPRETER:

MEDICAL HOLD: NO    TYPE:     REASON CODE:     EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: ANN ANDOLA, MD              APPOINTMENT: 10/21/21   09:30A
REVIEWED BY: ANN ANDOLA, MD                   POS: COXSACKIE RMU
                                             PROV: GANDHAM, SAI-OPH

REASON FOR CONSULTATION:                   USER: 08/17/21 05:31P C100ALA
( 49YOM W/T2DM,HTN ON MEDS.LAST OPT EVAL 9/2020 NO DR.HVF UNRELIABLE 4/2021.  )
( SAW NOP 6/10/2021,DX SUBJECTIVE VISION LOSS.IMAGING ALL NORMAL.SUSPECTED    )
( FUNCTIONAL VISION LOSS.COMPLAINTS/SUBJECTIVE VISION OUT OF PROPORTION TO    )
( EXAM.AMBULATES INDEPENDENTLY.GLAUCOMA SUSP.ON LATANOPROST.F/U GLA 10/2021   )
(                                                                            )
==============================================================================
         ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
              photosensitivity &HA after TBI
CONSULTANT REPORT:                                            VF

S:  V OD 20/150   Pupils OD 3-2        Tap 16      very unreliable
      LOS 20/200          3-2          <17          FN ~20-25-1.00
                          (APD)      (squeezing)
                                                   OD   OS   inferior
          SL unmul                                 cloverleaf   ← ↗ × ↓
                                                      OU      organized
                                                              depressed
O:
  ① Severe photosensitivity s/p TBI 2014
      —consider amber glasses                        OCT 2017     OD   OS
                                                  , avg RNFL  99 | 103

A:                                                   OCT 4/2021 ✓
  ①GS 212 ↑CDR                                    [ no thinning
      -C/w Latanoprost ghs OC                      [ avg. RNFL  OD  94
                                                   [ <rs RNFL   OS  94
      -RTC Glaucome clinic   6 months w/ testing before hand
                                                          ↓
P:                                                   Just OCT RNFL & ONI
                                                    (HVF have been very
                                                     unreliable)
                                                    Track w/ OCT RNFL
CONSULTANT SIGNATURE: _____      DATE: __/__/__
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
==============================================================================
  - wants
PLEASE CONSIDER REASONABLE ACCOMMODATION due to
           CLMNSO USOS & SUSGLASSES due to photosensitivity
                                                        S GANDHAM
```

COPY

```
3/23/21 12:42:31      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE    1
HSC4781                      HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: EASTERN GEN
REFERRING FAC  : EASTERN GEN              REFERRAL NUMBER: 20271803.01M
REFERRAL DATE  : 09/29/20 05:38P  TELEMED: N<N> REFERRAL TYPE  : INITIAL
TYPE OF SERVICE: GLAUCOMA                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                  INTERPRETER:

MEDICAL HOLD: YES   TYPE: 1   REASON CODE:  99 EXP.DATE:  2021-04-13
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: MIKHAIL GUSMAN, MD          APPOINTMENT: 04/15/21   09:30A
REVIEWED BY: MIKHAIL GUSMAN, MD          POS: COXSACKIE RMU
                                         PROV: GANDHAM, SAI-OPH

REASON FOR CONSULTATION:                 USER: 09/29/20 05:40P C100MAG
( GLAUCOMA, RECEIVES LATANOPROST. NEEDS EVALUATION OF GLAUCOMA SERVICE.    )
( MUST HAVE FRESH OCT AND VF TEST                                          )
(                                                                          )
(                                                                          )
(                                                                          )
================================================================================
            ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:

O:

A:

P:

CONSULTANT SIGNATURE: _____      DATE: __/__/__
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __/__/__

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
================================================================================

11/25/20

Ref V

10/16/20 12:45:04       NYS DEPARTMENT OF CORRECTIONAL SERVICES       PAGE    1
HSC4781                    HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION

NAME: RAMRATTAN, JERRY              DIN: 12A0608    DOB: 06/27/1972
                                          CURRENT FAC: EASTERN GEN
REFERRING FAC : EASTERN GEN         REFERRAL NUMBER: 20003687.01M
REFERRAL DATE : 01/03/20 04:11P  TELEMED: N<N>  REFERRAL TYPE : INITIAL
TYPE OF SERVICE: AUDIOLOGY          REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE            INTERPRETER:

MEDICAL HOLD: NO    TYPE:     REASON CODE:    EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: MIKHAIL GUSMAN, MD        APPOINTMENT: 11/27/20   07:45A
REVIEWED BY: MIKHAIL GUSMAN, MD        POS: AMC MEDICAL BUILDING
                                       PROV: DEPT OF AUDIOLOGY

REASON FOR CONSULTATION:                    USER: 01/03/20 04:11P C100MAG
( PLEASE APPROVE ABR TESTING AT THE AMC FOR THE INMATE THAT WAS MALINGERING B )
( LINDNESS. HIS HEARING LOSS MAY BE OF THE SAME ORIGIN.                       )
(                                                                            )
(                                                                            )
(                                                                            )
===============================================================================
            ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S: Patient was seen for an auditory brainstem response (ABR)
Test. He reports head trauma in 2014 causing bilateral
hearing loss, resulting in the use of binaural hearing aids

O: ABR, Tympanometry, Transient evoked otoacoustic
Emissions (CTEOAE)

A: Tympanometry WNL
TEOAE: Absent 2k-5kHz suggests mild or more hearing loss
from 2k-5k Hz bilaterally.
ABR: high biologic noise throughout testing.

P: Mild sensorineural hearing loss 2k-4kHz bilaterally
to severe/profound

CONSULTANT SIGNATURE: Jessica Trotta        DATE: 11/20/2020
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
===============================================================================

No oct 180

COPY

```
'/21 12:06:13      NYS DEPARTMENT OF CORRECTIONAL SERVICES         PAGE      1
   81                        HEALTH SERVICES SYSTEM
                       REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                     DIN: 12A0608    DOB: 06/27/1972
                                                   CURRENT FAC: EASTERN GEN
REFERRING FAC  : EASTERN GEN               REFERRAL NUMBER: 21145403.01M
REFERRAL DATE  : 06/09/21 04:19P  TELEMED: N<N>  REFERRAL TYPE : INITIAL
TYPE OF SERVICE: AUDIOLOGY                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                   INTERPRETER:

MEDICAL HOLD: NO     TYPE:       REASON CODE:     EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N  NURSE N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:    HEARING LOSS/NON-SIG
REFERRED BY: ANN ANDOLA, MD               APPOINTMENT: 08/17/21    09:00A
REVIEWED BY: ANN ANDOLA, MD               POS: EASTERN CF
                                          PROV: SERHAN, JOHN-AUD

REASON FOR CONSULTATION:                       USER: 06/09/21 04:23P C100ALA
( 48YOM S/P ABR TESTING AT AMCH AUD DEPT FOR EVAL OF HEARING LOSS. AUD STAFF  )
( REPORT "MILD SENSORINEURAL HEARING LOSS 2K-4K HZ BILATERALLY TO SEVERE/PRO- )
( FOUND." NEED FACILITY AUD PROVIDER TO REVIEW ABR TEST AND CONFIRM LEVEL OF  )
( HEARING LOSS / DIAGNOSIS. POSSIBLE MALINGERING. PT REQUESTING REASONABLE    )
( ACCOMMODATIONS. 5/19/21 PT REPORTED HA NOT WORKING DESPITE BATTERY CHANGE   )

ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

*(Handwritten notes — marginal and in body:)*

indoor 'n range
2002 - range
took off ever[?]
- shut 6on blor[?] on[?]
by ®ear- Not other
LIR B76U21, i health

New- Aihter

CONSULTANT REPORT:
- TEOAE - High freavency SNHL
pt - V, jual cves
pt rep[?] [?] hearly communicates[?]
OTO lh - Norm ch - pt has 6nl - chak che[?]
Earmolds - 2 sl4lote - LB/clear - Ochening Red[?]
butt size 675  HF- muds - s.he. - Ott cale 2h[?]
Lenght AR esrlly. Lenght cuv re new 1Ht Tech

O:

A:   Add - T-coil - Binaural communication LIR HA's
     CAPTO.

P: (HAO LIR)   ~~Sept~~ 1-2 ms

CONSULTANT SIGNATURE: ___John Serhan___   DATE: __/__/__    08-17-21
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.

/ pt HL 30
per verbal confirmation
c̄ Aud who will send written
confirmation

COPY

FORM 3288 (9/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_____Eastern_____ Correctional Facility

**EYE RECORD**              DATE ___9/8/21___

| Name Ramrattan, Jerry | DIN 12A0608 | DOB 6/27/72 | Age 49 |
|---|---|---|---|

**HISTORY**

Chief Complaint

Meds            DM      9-A

Prior Rx

**TESTS & FINDINGS**

Ocular History: Prior Injury/Surgeries

CC / SC

Acuity
OD    FC
OS    NLP
Add

Objective
OD
OS

Subjective
OD ——— Not Pois.
OS

CCacuity
20

External
WNL                    OD / OS
                       Perrla

Cornea
Iris
Conj.     +9t anc
Lids
Pupils    og A
Puncta
Angle     Lv /w

Internal: Via mydriatic method
WNL                    OD / OS

OD

OS

C/D Ratio    6
A/V Ratio    .65 / 43 / R

Macula       no hm
Vitreous
Periphery    no em

Additional Tests & Findings

IOP   OD 12   Time ___ Method ___
      OS 16

**ASSESSMENT:**

no diabetic retinopathy

| | New Rx | Sph. | Cyl. | Axis | Prism | Add |
|---|---|---|---|---|---|---|
| OD | | | | | | |
| OS | | | | | | |

**PLAN:** Circle

Rx Glasses

Referral to

Follow-up (date)

Other

Size              Frame           Color
Seg. Ht.          Mat.            P.D.

IOP pulled at this time

Provider - Signature            9/8/21
                                Date

**DISABILITY IMPAIRMENTS:**

☑ Legal Blindness     - A) Visual acuity of 20/200 or less in the better eye with best correction, or
                      - B) Visual field of no greater than 20° in the better eye.

☐ Severe Visual      - A) Visual acuity of 20/70 or less in the better eye with best correction, or
   Impairment        - B) Visual field of no greater than 40° in the better eye.

☐ Visual Impairment  - Recommend the following accommodations:

☐ Large Print    ☐ Guidance Cane    ☐ Mobility Assistant    ☐ Books on Tape
☐ Magnifier      ☐ Braille Materials ☐ High Intensity Lamp   ☐ Preferred Seating

reay able
Accomodations

☐ Tinted U/V Glasses % _____ Color _____

☐ Other

H. Michel Dumas, NP-C
DEA #mm5144299
Lic. #536932-1

9/15/2021

COPY

SINGLE FIELD ANALYSIS                                               EYE: RIGHT

NAME: RAMRATTAN,JERRY                                          DOB: 06-02-1972

ID:

CENTRAL 24-2 THRESHOLD TEST

FIXATION MONITOR: GAZE/BLIND SPOT        STIMULUS: III, WHITE        PUPIL DIAMETER:              DATE: 12-23-2015
FIXATION TARGET: CENTRAL                 BACKGROUND: 31.5 ASB        VISUAL ACUITY:               TIME: 2:43 PM
FIXATION LOSSES: 3/12 XX                 STRATEGY: SITA-FAST         RX:      DS      DC X       AGE: 43
FALSE POS ERRORS: 14 %
FALSE NEG ERRORS: 17 %
TEST DURATION: 05:47

FOVEA: OFF

```
                    17    3    4    0
               14   15   26   16    0   11
          10   15   18   15   16   18   15   11
      11  13   13   15   27   26   26   13   15
   30 20  26   26   30   30   29   25    4   17        30
          14   24   29   30   30   22   19   20
               25   27   28   18   18   13
                    23    .0   10
```



```
         -11 -25 -24 -28                           -7 -21 -20 -23              +++ LOW TEST RELIABILITY ++
      -16 -16  -5 -15 -30 -10                   -11 -11  -1 -11 -26 -14
   -20 -16 -14  17 -16 -14 -16 -19            -16 -12 -10 -13 -12  -9 -12 -15      GHT
-16 -18 -19 -18  -6  -7  -6     -16        -14 -13 -15 -14  -2  -3  -2     -12      OUTSIDE NORMAL LIMITS
 9  -5  -7  -4  -3   4  -8     -14          -5   0  -2   1   1   0  -4     -10
  -16  -7  -4  -3  -3 -11 -13 -11            -12  -3   0   2   1  -7  -9  -6      VFI   73%
      -6  -5  -4 -22 -13 -19                     -1  -1   1 -18  -9 -14
         -7  -5 -21 -21                          -3  -1 -17 -16               MD        P < 0.5%
                                                                             PSD       P < 0.5%
         TOTAL DEVIATION                       PATTERN DEVIATION
```





```
                                                   :: ( 5%
                                                   ⊠ ( 2%
                                                   ⊠ ( 1%
                                                   ⊞ ( 0.5%
```

Interzeag   OCTOPUS 1-2-3   V14.17
Seven-in-One
--------------------------------------------------------

```
Name:       Ramrattan
First name:      Jerry
ID #              12 A0608
Birthdate:      6-27-1972
Age:                  43
Sex:
Refr. S/C/A:        /        /
Acuity:
IOP:
MDD correction [dB]:
```

```
Eye / Pupil:       Left  (OS)/
Date / Time:    2- 5-2016 / 10:46am
Test duration:              4:27
Program / Code:          t32 / 7
# of Stages / Phases:      / 1
Strategy:                   TOP
Target:                       3
Questions / Repetitions:  74 / 0
Catch trials: pos  0/ 8, neg  0/ 0
Diagnostic code: . . . . . . . .
```

Greyscale of values

Values [dB]

MS 2   0.0          MS 1   0.0

MS 3   0.0          MS 4   0.0

Comparisons [dB]

Corrected Comparisons

```
        +  +  +  +
      +  +  +  +  +
    +  +  +  +  +  +  +
  +  +  +  +  +  +  +  +
+  +  4  5  5  +  +  +  +
+  +  4  5  5  4  +  +  +
+  +  +  +  +  +  +  +  +
  +  +  +  +  +  +  +
    +  +  +  +  +  +
      +  +  +  +
```

Deviation =25.9 dB

Probability

Corrected Probability

```
·  P > 5 %          MS    0.0
:  P < 5 %          MD   27.6
⁖  P < 2 %          LV    2.2
▨  P < 1 %          CLV    —
▦  P < 0.5 %        SF     —
▪  abs. def.        RF    0.0
```

```
Interzeag   OCTOPUS 1-2-3   V14.17
            Seven-in-One
```
--------------------------------------------------------------

Name: _Ramnattan_
First name: _JERRY_
ID #                              12 A 0608
Birthdate:                        6-27-1972
Age:                                      43
Sex:
Refr. S/C/A:              /          /
Acuity:
IOP:
MDD correction [dB]:

Eye / Pupil:            Right (OD)/
Date / Time:       2- 5-2016 / 10:41am
Test duration:                     3: 6
Program / Code:              t32 / 7
# of Stages / Phases:          / 1
Strategy:                            TOP
Target:                                  3
Questions / Repetitions:    74 / 0
Catch trials: pos  0/ 4, neg  1/ 4
Diagnostic code: . . . . . . . . .

## Greyscale of values



## Values [dB]

```
        -30  -20  -10   0   10   20   30
   30
M S 2              ▨  ▨    ▨          M S 1
7.4                 ▨  ▨   ▨   ▨        5.5

        1   1   3   4   2   ▨  ▨
        4   1   9  15  18  20  14  3  ▨  ▨
        8  11  12  24  31  30  26  ⋮  ▨  ▨
    0   8  13  16  26  30  33  27  ⋮  ▨  ▨
        5   3  10  22  30  25  21  6  ▨  ▨
            6  16  15  10   9   4  ▨  ▨
            2   2   2   1  ▨  ▨
M S 3                                 M S 4
10.8        1  ▨  ▨  ▨                 7.5
  -30
```

## Comparisons [dB]

```
        -30 -20 -10  0  10  20  30
   30
             ▨  ▨  ▨  ▨
          ▨  ▨  ▨  ▨  ▨  ▨
       25 25 24 24 24 26 ▨
       23 27 19 13 11 10 15 26 ▨
    0  19 17 17  6  +  +  ▨  ▨ ▨
       20 16 13  4  +  +  +  25 24
       22 24 18  7  +  4  23 ▨ ▨
          ▨ 22 12 13 18 19 24 ▨
          24 23 25 26 ▨  ▨
             25 ▨  ▨  ▨
  -30
```

## Corrected Comparisons

```
        -30 -20 -10  0  10  20  30
   30
             21 21 21 21
          22 22 22 22 22 22
       21 21 21 20 20 23 23
    0  19 23 15  9  7  6 11 22 24
       16 13 13  +  +  +  25 24
       16 12  9  +  +  +  25 24
       18 21 14  +  +  5 19 24 24
          23 18  8  9 15 15 20 23
          20 21 21 22 22
             21 22 22 22
  -30
```



```
   1                         74 nr
   -5
   0                          5%
   5                          normal
  10                          95%
  15
  20
[dB]
  25
```

## Probability



## Corrected Probability



**Deviation = 3.9 dB**

```
·   P > 5 %        MS     7.8
⋅   P < 5 %        MD    19.8
⫶   P < 2 %        LV    78.8
⁒   P < 1 %        CLV    —
▨   P < 0.5 %      SF     —
▨   abs. def.      RF    12.5
```

*12A0608*

Name: ramrattan, jerry

ID: CZMI42086125
DOB: 6/27/1972
Gender: Male
Doctor:

Exam Date: 6/9/2017
Exam Time: 3:04 PM
Technician: Operator, Cirrus
Signal Strength: 10/10



## Macula Thickness : Macular Cube 512x128    OD ◉   ○ OS





ILM-RPE Thickness (µm)



Fovea: 247, 67





ILM - RPE



ILM



RPE

Distribution
of Normals

| | 99% |
| | 95% |
| | 5% |
| | 1% |

| | Central Subfield Thickness (µm) | Cube Volume (mm³) | Cube Average Thickness (µm) |
|---|---|---|---|
| ILM - RPE | 242 | 10.1 | 281 |

Comments    opti neuropathy
             rt macula loy

Doctor's Signature

SS  6/21/17

SW Ver: 5.2.0.210
Copyright 2011
Carl Zeiss Meditec, Inc
All Rights Reserved
Page 1 of 1

√ Smith  6·27-17   Ramlen

| | | |
|---|---|---|
| Name: | ramrattan, jerry | |
| ID: | CZMI42086125 | Exam Date: 6/9/2017 |
| DOB: | 6/27/1972 | Exam Time: 3:05 PM |
| Gender: | Male | Technician: Operator, Cirrus |
| Doctor: | | Signal Strength: 8/10 |



## Macula Thickness : Macular Cube 512x128    OD ◯  ◉ OS





ILM-RPE Thickness (µm)          Fovea: 263, 64





ILM - RPE



ILM





RPE

Distribution of Normals
99%
95%
5%
1%

| | Central Subfield Thickness (µm) | Cube Volume (mm³) | Cube Average Thickness (µm) |
|---|---|---|---|
| ILM - RPE | 242 | 10.4 | 288 |

| Comments | Doctor's Signature | |
|---|---|---|
| opthi denro pelling Nl macula | SS 6/21/17 | SW Ver: 5.2.0.210 Copyright 2011 Carl Zeiss Meditec, Inc All Rights Reserved Page 1 of 1 |

ILM-RPE Thickness (µm) circle values: 285, 336, 303, 339, 242, 323, 268, 333, 279

| | | OD | OS |
|---|---|---|---|
| Name: | ramrattan, jerry | OD | OS |
| ID: | CZMI42086125 | Exam Date: | 6/9/2017 | 6/9/2017 |
| DOB: | 6/27/1972 | Exam Time: | 3:04 PM | 3:05 PM |
| Gender: | Male | Technician: | Operator, Cirrus |
| Doctor: | | Signal Strength: | 9/10 | 9/10 |



## RNFL and ONH:Optic Disc Cube 200x200  OD ● | ● OS

### RNFL Thickness Map



| | OD | OS |
|---|---|---|
| Average RNFL Thickness | 99 µm | 103 µm |
| RNFL Symmetry | 94% | |
| Rim Area | 0.93 mm² | 1.25 mm² |
| Disc Area | 2.19 mm² | 2.39 mm² |
| Average C/D Ratio | 0.75 | 0.68 |
| Vertical C/D Ratio | 0.73 | 0.61 |
| Cup Volume | 0.572 mm³ | 0.551 mm³ |

### RNFL Thickness Map



### RNFL Deviation Map



Disc Center (0.03,0.06) mm

### Neuro-retinal Rim Thickness



µm ─── OD --- OS

TEMP  SUP  NAS  INF  TEMP

### RNFL Deviation Map



Disc Center (0.48,-0.12) mm

### RNFL Thickness



µm ─── OD --- OS

TEMP  30  60  90  120  150  180  210  240  TEMP







#### Distribution of Normals

NA  95%  5%  1%

**RNFL Quadrants**

```
        116                    131
   T         N  87      84  N         T  65
        126                    131
```





**RNFL Clock Hours**

```
   131  115  103          111  155  128
  75            119     109            75
        62                    58
  54                           53
  75            80      84            65
   141  136  101          99   146  147
```



Comments

Doctor's Signature

SW Ver: 5.2.0.210
Copyright 2011
Carl Zeiss Meditec, Inc
All Rights Reserved
Page 1 of 1

```
5/10/17  8:50:02     NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE    1
HSC4781                       HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                 REFERRAL NUMBER: 17140236.01M
REFERRAL DATE  : 04/04/17 12:56P  TELEMED: N<N> REFERRAL TYPE  : INITIAL
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY      REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                  INTERPRETER:

MEDICAL HOLD: NO     TYPE:     REASON CODE:    EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N    NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD         APPOINTMENT: 05/12/17   09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD         POS: COXSACKIE RMU
                                           PROV: EPSTEIN, VICTORIA-NOP

REASON FOR CONSULTATION:              USER: 04/05/17 03:48P C690JLW
  ( PT SEEN BY GLA 12-27-16.AND 3-2017.GLA WELL CONTROLLED W/LATANPROST AND GLA )
  ( MAY BE CAUSING THE INCR CUP.ON BOTH EXAM GLA STATES VA LOSS MORE SEVERE TH )
  ( AN ON APPEARANCE.WITH RECENT ADDITIONAL INFORMATION, GLA REQ NOP EXAM TO EV )
  ( AL FOR FUNCTIONAL BLINDNESS.                                               )
  ( TO INCLUDE LAST GLA EVAL AND PHOTOS.                                       )
  ================================================================================
              ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT: *[handwritten:]* Poor vision OD, Vision loss OS - after 9/2014

*[handwritten notes:]*

S: DVA - CF 20/400 phNI   p ~4-3    Fip ~18   concussion/assault
        LP                  ~4-4    Fip ~13
                          +APD O).

O: SLE: WNL   EOM full
   DFE: -0.6 / -0.65  A/V/m/P: WNL   Ishi: couldn't see anything
              /0.7

*[box:]* Latanoprost qhs

A: ① Optic Neuropathy - likely Traumatic OS>OD given hx
   Records only show MRI Brain from 2013 → not helpful to this issue
   *(awaiting MRI Result)* Optic nerves mostly unremarkable on exam
   ② Legally Blind - needs accommodations, glasses & for exam
   ③ Glc suspect, incr CDR - c/w Latanprost OU qhs, flu ? Glaucoma
   Pls provide MRI from 2016 (it says had it done)
   if not, Pls get MRI brain/orbits w & w/o contrast before next appt

CONSULTANT SIGNATURE: _____   DATE: 5/12/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ /  c me ~2 month

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
  ================================================================================

12A0008

# NORTHEAST EYE CENTER
### 713 Troy-Schenectady Rd, STE 218
### Latham, NY 12110

**Natalie Lopasic, MD**            **(518)-690-7020 phone**            **Victoria Epstein, DO**
**Jeffrey Zonderman, MD**       **(518)-690-7022 fax**              **Alice Bade, OD**

May16, 2017

VIA FAX
(845) 434-2462

### ADDENDUM TO THE 05/12/2017 NOTE

Ref:      Jerry Ramratta

Date of Birth: 06/27/72

To whom it may concern:

Regarding Addending A/P#2:
Until further testing is done, should continue current accommodations only.

Sincerely,

Victoria Epstein, D.O.

```
3/13/17 10:18:09      NYS DEPARTMENT OF CORRECTIONAL SERVICES        PAGE      1
HSC4781                      HEALTH SERVICES SYSTEM
                          REQUEST AND REPORT OF CONSULTATION
```

```
NAME: RAMRATTAN, JERRY                      DIN: 12A0608   DOB: 06/27/1972
                                              CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                    REFERRAL NUMBER: 16546627.01M
REFERRAL DATE  : 12/28/16 08:02P  TELEMED: N<N>  REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                    REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                    INTERPRETER:
```

```
MEDICAL HOLD: NO     TYPE:     REASON CODE:     EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG    SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD          APPOINTMENT: 03/16/17    09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD          POS: COXSACKIE RMU
                                            PROV: GANDHAM, SAI-OPH
```

```
REASON FOR CONSULTATION:                       USER: 12/28/16 08:02P C690JLW
( PT WITH GLA IS ON LATANAPROST.LAST SAW GLA 12-27-16.IOPS RT 14, LT 15.REQ F )
( /U IN 2-3 MONTHS.                                                          )
(                                                                            )
(                                                                            )
============================================================================
          ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT:

S: Male w/ hx 'Trauma' w/ optic neuropathy. VA stable. has
   appt w/ neuro-oph in future

   ✓ ← CF        ⊕APD OD        IOP < 13 (14)       (Latanoprost)
                                 DP   14 (15)         QHS OU

O: SLE c/s w/ Ig ou
   k/clear
   AC D+Q           DFE < 0 f
   1 PTc                  0 f  rtv/ NIP

A: A/P: ① Optic Neuropathy ou:
        - A has cupping but VA loss more severe than ON appearance
        - IOP well controlled
        - ON photos taken today
        - F/u w/ neuro-oph as scheduled.

P:
        - Pt is Legally blind, needs mobility aid + accom for
          visually impaired. — being done
                                          GW

CONSULTANT SIGNATURE: ___ S· GANDHAM ___    DATE: 3/16/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __   NEURO-OPTHALM okay

* CONSULTATION IS A RECOMMENDATION. FINAL DETERMINATION WILL BE MADE BY THE  appt
  INMATE'S NYSDOCS PHYSICIAN.
============================================================================

4-4-17 NOP was denied c.2.2016 - I spoke c Dr. Gandham today
       - he strongly recommends NOP for functional blindness
                                                   JW/JP

```
5/10/17  8:50:02      NYS DEPARTMENT OF CORRECTIONAL SERVICES       PAGE     1
HSC4781                      HEALTH SERVICES SYSTEM
                         REQUEST AND REPORT OF CONSULTATION
```

```
NAME: RAMRATTAN, JERRY                      DIN: 12A0608   DOB: 06/27/1972
                                              CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                    REFERRAL NUMBER: 17140236.01M
REFERRAL DATE  : 04/04/17 12:56P  TELEMED: N<N>  REFERRAL TYPE  : INITIAL
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY         REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                     INTERPRETER:
```

```
MEDICAL HOLD: NO    TYPE:    REASON CODE:    EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N  NURSE N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD      APPOINTMENT: 05/12/17    09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD      POS: COXSACKIE RMU
                                        PROV: EPSTEIN, VICTORIA-NOP
```

```
REASON FOR CONSULTATION:              USER: 04/05/17-03:48P C690JLW
( PT SEEN BY GLA 12-27-16.AND 3-2017.GLA WELL CONTROLLED W(LATANPROST)AND GLA )
(  MAY BE CAUSING THE INCR CUP.ON BOTH EXAM GLA STATES VA LOSS MORE SEVERE TH )
( AN ON APPEARANCE.WITH RECENT ADDITIONAL INFORMATION, GLA REQ NOP EXAM TO EV )
( AL FOR FUNCTIONAL BLINDNESS.                                                )
( TO INCLUDE LAST GLA EVAL AND PHOTOS.                                        )
==============================================================================
          ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT: Poor Vision OD, Vision loss OS. - after 9/2014

S: DVA < CF 20/400 phNI   P: 4-3   TP-18   concussion/assault
        LP                   4-4    TP-13
                           +APD OS

Latanoprost 9hs

O: SLE: WNL
   DFE: -0.6
        -0.65/0.7   A/V/M/P : WNL   EOM: Full OS   Ishi: couldn't see anything

A: (1) Optic Neuropathy - likely Traumatic OS>OD during hx
   (awaiting MRI Result) Optic nerves mostly unremarkable on exam

Records likely show last Brain from 2013 not elsewhere this time

   (2) Legally Blind - needs accomodations, ∝ glasses c hmt
   (3) Glc suspect inc CDR - cu Latanoprost a1 phs, fly I Glaucoma

(Pls provide MRI from 2016 (pt says had it done)
  if not, pls get MRI brain/orbits w a w/o contrast before next appt c me ~2 months di 3

CONSULTANT SIGNATURE: _____    DATE: 5/12/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
==============================================================================
REVIEWED BY: (INIT) ____ 15/2/17 DATE
  ☐ NO ACTION IS REQUIRED AT THIS TIME
  ☐ REPORT TO SICK CALL ON THE NEXT AVAILABLE DAY
  ☐ FOLLOW UP WILL BE ARRANGED WITH A PRIMARY PROVIDER
  ☑ FOLLOW UP WILL BE ARRANGED WITH A SPECIALIST  NOP, MRI, OCT

```
11/09/17 12:40:41      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE     1
HSC4781                     HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION
```

```
NAME: RAMRATTAN, JERRY                   DIN: 12A0608   DOB: 06/27/1972
                                           CURRENT FAC: CLINTON APPU
REFERRING FAC  : CLINTON APPU            REFERRAL NUMBER: 17474454.01M
REFERRAL DATE  : 11/08/17 03:13P  TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY     REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: URGENT                  INTERPRETER:
```

```
MEDICAL HOLD: YES   TYPE: 3   REASON CODE: 01 EXP.DATE: 2018-01-31
TRANSPORTATION : N   WHEELCHAIR N   NURSE N   AMBULANCE N   LITTER N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   LEGAL BLINDNESS
REFERRED BY: VONDA JOHNSON, MD           APPOINTMENT: 11/10/17   10:30A
REVIEWED BY: VONDA JOHNSON, MD           POS: COXSACKIE RMU
                                         PROV: EPSTEIN, VICTORIA-NOP
```

```
REASON FOR CONSULTATION:                 USER: 11/08/17 03:13P CO20VLJ
( PT HAS BEEN EVALUATED BY NOP FOR SUBJECTIVE VISION LOSS OU S/P TRAUMA IN   )
( 2014. HIS MRI BRAIN/ORBITS, OCT ON AND MAC WERE ALL NORMAL. VFT W/ LOSSES  )
( BUT ? D/T POOR RELIABILITY. ? PHYSIOLOGIC VISION LOSS. HE IS REQ REASONABLE )
( ACCOMM. FOR VISUAL IMPAIR. REQ NOP OPINION FOR WHAT SPECIFICALLY IS NEEDED  )
(                                                                            )
===============================================================================
              ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT: No changes in left eye, but Right eye getting worse.

S: Says drops are helping (Latanoprost Ou qhs)

VA- CF@ 2'   P - 4-2   T_TP - 14
SC   LP      P - 4-2   T_TP - 15
ØAPD

O: SLE: wnl
   UDFE: 0.7 CDR OU

A: (1) Subjective Loss of vision OU s/p Trauma 2014
   Recently seen here - exam unchanged
   Imaging testing all normal + out of proportion c complaints.
   Suspect Functional vision loss OU
   However based on Snellen acuity pt is "Legally Blind"

P: Advise evaluation c Low Vision specialist (Dr. Casey Ger 1) to
   may cont with previous services (pt sp asking for cane) for now
   determine which accommod. are needed

CONSULTANT SIGNATURE: _____      DATE: 11/16/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

```
* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
===============================================================================
```

NOP PRN   cont to f/up c Glaucoma as scheduled

```
11/13/17 12:35:26      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE     1
HSC4781                       HEALTH SERVICES SYSTEM
                         REQUEST AND REPORT OF CONSULTATION


NAME: RAMRATTAN, JERRY                        DIN: 12A0608   DOB: 06/27/1972
                                              CURRENT FAC: CLINTON APPU
REFERRING FAC  : SULLIVAN                      REFERRAL NUMBER: 17253818.01M
REFERRAL DATE  : 06/15/17 03:35P  TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                      REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                      INTERPRETER:

MEDICAL HOLD: YES   TYPE: 3   REASON CODE:  01 EXP.DATE:  2018-01-31
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   LEGAL BLINDNESS
REFERRED BY: JANICE WOLF, MD, FHSD        APPOINTMENT: 12/21/17   09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD        POS: COXSACKIE RMU
                                          PROV: GANDHAM, SAI-OPH


REASON FOR CONSULTATION:                       USER: 06/15/17 03:35P C690JLW
( GLA OU-LAST SAW GLA 6-15-17,IT IS UNDER CONTROL WITH LATANAPROST.IOP: R/L 1 )
( 5.REQ F/U IN 6 MON                                                         )
(                                                                            )
(                                                                            )
(                                                                            )
===============================================================================
             ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT:

S: 6 mo glaucoma f/u - Compliant w/ gtts                    POHx
saw Neuroophth for followup last month — no changes         _____
States vision stable                                        optic neuropathy
                                                            OU (2/2 trama)
NVsc  /20/400-      P  /4-3      T  /14 (squeezing)         2014
      \LP            \4-3        Tp \17  + moving

O:                     ∅APD

SLE  limited 2/2                                            Testing
     pt cooperation/squeezing                               _____
                                                            OCT RNFL 6/2017
L/L WNL ⌉                  /0.6 concentric   A/V/m/P        ∅ Thinning OU
C/C W+Q │         DFE     <                   WNL           Octopus 2/2016
A: K clear ├ OU   10:30    \0.6 concentric
   I : F+R │
   AC  D+Q │
   L : mild NS ⌋

① Optic Neuropathy /Subjective vision loss . Suspect functional - testing normal to date
   - No APD, no thinning RNFL, no nerve pallor . OCT mac WNL , MRI done
   - mild cupping - following w/ OCT RNFL mostly          -f/u neuroophth
P:  -unclear how much glaucoma contributing               PRN changes
   - cont Latanoprost — IOP acceptable (Tonopen-squeezing)
   - f/u 6 mo glaucoma w/ HVF 24-2
   - needs low vision eval and legally blind services -based on snellen
                                                      visual acuity + further
CONSULTANT SIGNATURE: _Ansp_ / Gandham   DATE: 12/21/17   recs /accomod.
                                                          per low vision
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __ ✓ 6M w/ HVF 24-2 Rescr]

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
===============================================================================

FORM 3105B (11/11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Ramrattan, Jerry | 12A 0608 | 6/27/72 | Eastern NCF |

**Subjective:** NSC
Requests to see low vision
Specialist, per inmate
reasonable accommodations

**Objective:** Was taken away 1/16/20
c/o pain @ shoulder & neck. Chronic

Ambulatory s̄ escort

**Assessment:** Has MD apt. in place

RTSC prn

**Plan:**

Last Name __Ramrattan, J.__
DIN __12A0608__  Location __SP 35-8__
Date __1/21/20__  Time __8:10A__

Provider Orders:

Signature/Provider # __D. Denman 440__  RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** ACC
See asthma interim visit

Requests to be put back on SDU
**Objective:** Since he does not have accommodation for his legal blindness issues
he's not able, to come for medication at the window, he's not able
to go to messhall, not able to exercise. States he's not happy be-
cause his accommodations are taken away This is why his BP
**Assessment:** is elevated today & recently.

Hypertension - Increased lisinopril To 30 mg daily.
**Plan:** Will reassess BP during next Acc Visit, HCC consult, education
provided. Follow in clinic as needed.

Last Name __Ramrattan, J.__
DIN __12A0608__  Location __16.27__
Date __1/27/20__  Time __8:45__

Provider Orders:

POSTED

Signature/Provider # __137__  RN Transcribing Order/Provider #/Date/Time _____

COPY

Continue entry into next box if necessary.

FORM 3105B (11/11)     STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Ramrattan, Jerry | 12A0608 | 6/27/72 | Eastern NYCF |

**Subjective:**

# Sick Call

**Objective:** ① Legal Blind since
6/27/2017

Last Name  Ramrattan, Jerry.

DIN  12A0608     Location _____

Date  2/6/2020  Time _____

**Provider Orders:**

Patient c/o lack of mobility
& need an escort.

Ⓛ Eye totally Blind, RT 6" vision w/no peripheral vision.
pt state not eating too much can't go mess Hall - told
him he can self eat + should.

**Assessment:**
155/97   RR 16   A+0x3
T 98'   P 76   O2SAT 97%, RA. gait normal.

**Plan:** took Am B/P med "a little while ago". OK & H/A & dizzyness.
② SDU — (D. Hoyte 4300 Ext)     Need Eval today.
DX: High Risk for Fall. FNP - Dumas. / MD Andola

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

**Subjective:**   Records
Extensively

**Objective:**   Reviewed by
myself & NP Dumas. According
to many specialty consults regarding

Last Name  Ramrattan, J.

DIN  12A0608     Location _____

Date  2/6/2020  Time _____

**Provider Orders:**

**Assessment:** pt's claim of legal blindness, his
claims could not be medically substantiated.

**Plan:** He is suspected of malingering both
c claims of vision + hearing loss. No
special accommodations are being

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

granted based on these facts. / Dr Andola

Continue entry into next box if necessary.

FORM 3105A (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name Ramrattan, Jerry | DIN 12A0608 | Date of Birth 6.27.72 | Facility Name EnyCf |
|---|---|---|---|

**Subjective:**

# Sick Call

Last Name Ramrattan, Jerry

DIN 12A 0608   Location _____

**Objective:** Inm requesting permit renewal for tinted eyeglasses. Date 2/12/20   Time _____

Reports pain, swelling, tearing, dizziness and headache when not using the tinted glasses.

Provider Orders: tinted glasses

**Assessment:** inm reports being on medication for vertigo, reports taking meclizine. chart to provider for permit

**Plan:** renew/approval of permit

able to ask why his folder was yellow unlike the rest of the charts.  Nurs dx

4ut                                                                                        alt comfort

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** 2/13/20   No medical need for tinted glasses

Last Name _____

DIN _____   Location _____

**Objective:**   Date _____   Time _____

Provider Orders:

Noted 2/13/20 TNK

**Assessment:**

**Plan:**

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:**

Last Name _____

DIN _____   Location _____

Date _____   Time _____

**Objective:**

Provider Orders:

**Assessment:**

**Plan:**

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

COPY

# Ophthalmic Imaging Systems
WinStation 11

JERRY RAMATTAN
Procedure:
Eye:
Diagnosis:
Allergies:
Comments:

3/16/2017
Code: 12A0608
Photographer:
Physician: GANDHAM
Ref. Physician: UNKNOWN





# Ophthalmic Imaging Systems - WinStation 11

```
3/23/21 12:42:31      NYS DEPARTMENT OF CORRECTIONAL SERVICES       PAGE    1
HSC4781                       HEALTH SERVICES SYSTEM
                       REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                    DIN: 12A0608  DOB: 06/27/1972
                                          CURRENT FAC: EASTERN GEN
REFERRING FAC  : EASTERN GEN              REFERRAL NUMBER: 20271803.01M
REFERRAL DATE  : 09/29/20 05:38P  TELEMED: N<N>  REFERRAL TYPE  : INITIAL
TYPE OF SERVICE: GLAUCOMA                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                  INTERPRETER:

MEDICAL HOLD: YES   TYPE:  1   REASON CODE: 99 EXP.DATE: 2021-04-13
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: MIKHAIL GUSMAN, MD          APPOINTMENT: 04/15/21   09:30A
REVIEWED BY: MIKHAIL GUSMAN, MD          POS: COXSACKIE RMU
                                         PROV: GANDHAM, SAI-OPH

REASON FOR CONSULTATION:                 USER: 09/29/20 05:40P C100MAG
( GLAUCOMA, RECEIVES LATANOPROST. NEEDS EVALUATION OF GLAUCOMA SERVICE.    )
( MUST HAVE FRESH OCT AND VF TEST                                          )
(                                                                          )
(                                                                          )
(                                                                          )
===============================================================================
            ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:

O:

A:

P:

CONSULTANT SIGNATURE: _____     DATE: __/__/__
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
===============================================================================

```
6/01/21 12:59:56      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE    1
HSC4781                       HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION

NAME: RAMRATTAN, JERRY                       DIN: 12A0608   DOB: 06/27/1972
                                             CURRENT FAC: EASTERN GEN
REFERRING FAC  : EASTERN GEN          REFERRAL NUMBER: 21087739.01M
REFERRAL DATE  : 04/16/21 04:10P  TELEMED: N<N>  REFERRAL TYPE  : INITIAL
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY         REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                    INTERPRETER:

MEDICAL HOLD: NO     TYPE:    REASON CODE:      EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: MIKHAIL GUSMAN, MD        APPOINTMENT: 06/10/21   09:30A
REVIEWED BY: MIKHAIL GUSMAN, MD        POS: COXSACKIE RMU
                                       PROV: EPSTEIN, VICTORIA-NOP

REASON FOR CONSULTATION:                     USER: 04/26/21 03:29P C100MAG
( 49 YO MALE WITH RECENT ONSET OF DM, WAS SEEN BY DR. EPSTEIN ON 12A0608 ON 7 )
( /14/17 FOR SUBJECTIVE VISION LOSS AFTER HEAD TRAUMA. NEEDS FU NEURO-OPH RE- )
( EVALUATION. HAD RECENT VF TEST AND OCT AT GLAUCOMA CLINIC.                   )
(                                                                             )
(                                                                             )
```
_everything is the same_                                                   Prop

ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)  → Latanoprost g

CONSULTANT REPORT:

S: VA - 20/400          P: 4-3mm OU   T_TP ~15/14 (squeezing)    Recent stable
   CC - CF@ 2'                                                    OCT OU: comp
              ФП PD                                               norm OU

                                                                 HVF 4/21 + unreliab
O: SLE: wnl all tr NS OU                                          Dense sup, temp + nasal
                                                                 loss OU but better the
P: 1  DFE: CDR 0.6 OU   A/V/h | P: wnl OU                         2016 field
@ 1:20                                                            MRI B+O 2017,
                                                                 O.11 normal
A: ① Subjective Vision loss s/p Trauma 20/4   ( CT orb/b 2016
   stable symptoms. Imaging was all normal. suspected
   exam remains out of proportion to complaints. subjective   Functional Vis
P: sees low vision → Dr. Casey 6ce for accomodation  Required
   cont current accomodation
   ② Glu susp. OU 2°? incr CDR OU → sees Glaucoma
   IOP controlled on latanoprost OU gHS

CONSULTANT SIGNATURE: _____  DATE: 6/10/21
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY ___/___/___
③ DMR - Recently DX → No diabetic Retinopathy or exam
* CONSULTATION IS A RECOMMENDATION. FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.

→ cont care c̄ Glaucoma.      NOP PRN               6/10/21

FORM 3288 (9/11)     STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_Eastern_ _____ Correctional Facility     DATE _9.29.2020_

## EYE RECORD

| Name | DIN | DOB | Age |
|---|---|---|---|
| Ramrattan Jerry | 1240608 | 6-27-1972 | |

**HISTORY**

Chief Complaint — DM

Meds: 2010 GLA - xalatan

Prior Rx: OD FC / OS NLP

**TESTS & FINDINGS**

Ocular History: Prior Injury/Surgeries

Objective
- OD
- OS

CC acuity 20

CC / SC

Acuity
- OD 20 — FC
- OS 2 | — NLV
- Add

Subjective
- OD — not —
- OS —

External WNL     OD / OS

| | | |
|---|---|---|
| OD | Cornea Iris Conj. Lids Pupils Puncta Angle | sqe am / open A x / lat   LL/ciz |
| OS | | |

Internal: Via mydriatic method   WNL     OD / OS

- C/D Ratio: .65 / .65
- A/V Ratio
- Macula
- Vitreous: No
- Periphery

Additional Tests & Findings

IOP  OD 17  OS 17   Time ____ Method

**ASSESSMENT:**

① No diab retinopathy

| ASSESSMENT: | New Rx | Sph. | Cyl. | Axis | Prism | Add |
|---|---|---|---|---|---|---|
| | OD | | | | | |
| | OS | F/u  9/2021 | | | | |

**PLAN:** Circle

| | Size | Frame | Color |
|---|---|---|---|
| Rx Glasses | Seg. ht. | Mat. | P.D. |

Referral to

Follow-up (date)

Other

Provider - Signature ____   Date 9/29/u

**DISABILITY IMPAIRMENTS:**

② GLA

- ☐ Legal Blindness — A) Visual acuity of 20/200 or less in the better eye with best correction, or
  B) Visual field of no greater than 20° in the better eye.
- ☐ Severe Visual Impairment — A) Visual acuity of 20/70 or less in the better eye with best correction, or
  B) Visual field of no greater than 40° in the better eye.
- ☐ Visual Impairment - Recommend the following accommodations: ③ F/u w/ LVS when AVAILABLE

  ☐ Large Print  ☐ Guidance Cane  ☐ Mobility Assistant  ☐ Books on Tape
  ☐ Magnifier  ☐ Braille Materials  ☐ High Intensity Lamp  ☐ Preferred Seating

- ☐ Tinted U/V Glasses % _____ Color _____
- ☐ Other

COPY

5/10/17  8:50:02    NYS DEPARTMENT OF CORRECTIONAL SERVICES    PAGE    1
HSC4781    HEALTH SERVICES SYSTEM
REQUEST AND REPORT OF CONSULTATION

NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                 REFERRAL NUMBER: 17140236.01M
REFERRAL DATE  : 04/04/17 12:56P  TELEMED: N<N> REFERRAL TYPE : INITIAL
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY       REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                   INTERPRETER:

MEDICAL HOLD: NO    TYPE:    REASON CODE:    EXP.DATE:
TRANSPORTATION : N    WHEELCHAIR  N    NURSE  N    AMBULANCE  N    LITTER  N    HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG    SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD        APPOINTMENT: 05/12/17    09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD        POS: COXSACKIE RMU
                                          PROV: EPSTEIN, VICTORIA-NOP

REASON FOR CONSULTATION:                    USER: 04/05/17-03-48P C690JLW
( PT SEEN BY GLA 12-27-16.AND 3-2017.GLA WELL CONTROLLED W(LATANPROST) AND GLA )
( MAY BE CAUSING THE INCR CUP.ON BOTH EXAM GLA STATES VA LOSS MORE SEVERE TH )
( AN ON APPEARANCE.WITH RECENT ADDITIONAL INFORMATION, GLA REQ NOP EXAM TO EV )
( AL FOR FUNCTIONAL BLINDNESS.                                               )
( TO INCLUDE LAST GLA EVAL AND PHOTOS.                                       )
==================================================================================
         ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:  Poor vision OD, Vision loss OS - otter 9/2014

S:  BVA - CF 20/400 pnPr  p - 4-3   Ttp <18   concussion/assault.
         LP              p - 4-4   Ttp <13
                         +APD O)                    Letanoprost
O:  SLE: wnl                      Eom. full Oμ        9hs
    DFE: -0.6/                    Ishi': could n't see
          -0.65/  A/v/m /P: wnl      anything
             /0.7
A: ① Opti Neuropathy - likely Traumatic OS >OD pouring hx
      (awaiting MRI Result) Opti nerves mostly unremarketble
Records   ② legally Blind - needs accomodations, & glasses & fin't on exam
only show
MRI Brain  ③ Glc suped incr. CDR - c/u Letanoprost QD phs Fly T Glaucoma
from 2013
         Pls provide MRI from 2016 (Pt says had it don)
not            if not, Pls get MRI brain/orbts w & w/o contrast before
Helpful          next appt
to fin the                                              t me
CONSULTANT SIGNATURE: _____    DATE: 5/9/17    ~ 2 month
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

# CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
==================================================================================

```
3/13/17 10:18:09     NYS DEPARTMENT OF CORRECTIONAL SERVICES     PAGE     1
HSC4781                    HEALTH SERVICES SYSTEM
                      REQUEST AND REPORT OF CONSULTATION
```

```
NAME: RAMRATTAN, JERRY                   DIN: 12A0608   DOB: 06/27/1972
                                         CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                 REFERRAL NUMBER: 16546627.01M
REFERRAL DATE  : 12/28/16 08:02P TELEMED: N<N>  REFERRAL TYPE : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                 INTERPRETER:

MEDICAL HOLD: NO    TYPE:     REASON CODE:     EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR N   NURSE N   AMBULANCE N   LITTER N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD        APPOINTMENT: 03/16/17   09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD        POS: COXSACKIE RMU
                                          PROV: GANDHAM, SAI-OPH


REASON FOR CONSULTATION:                  USER: 12/28/16 08:02P C690JLW
 ( PT WITH GLA IS ON LATANAPROST.LAST SAW GLA 12-27-16.IOPS RT 14, LT 15.REQ F )
 ( /U IN 2-3 MONTHS.                                                          )
 (                                                                            )
 (                                                                            )
 (                                                                            )
==============================================================================
         ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT:

S:  Male w/ hx 'Trauma' w/ optic neuropathy. VA stable. has appt w/ neuro-oph in future

✓ CF          ⊕APD OD          IOP < 13 (14)
                                TP    14 (15)          (Latanprost) QHS OS

O:  SLE c/s w/teq OU
      nuclear
      AC DFQ
      1 PR                      DFE < 08
                                      08  AV | N/P

A:  A/P: ① Optic Neuropathy OU:
        - Pt has cupping but VA loss more severe than ON appearance
        - IOP well controlled
        - ON photos taken today
        - F/u w/ neuro-oph as scheduled.

P:
        - Pt is Legally blind, needs mobility aid + accom for
          visually impaired. — being done
                                              GW

CONSULTANT SIGNATURE:  Sai S. Gandham          DATE: 3/16/17
posted    IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __/__/__    Neuro-ophthalmology

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE  appt
  INMATE'S NYSDOCS PHYSICIAN.
==============================================================================
4-4-17  NOP was denied 12-20/16 — I spoke c̄ Dr. Gandham today
        - he strongly recommends NOP for functional blindness
                                              JW

Patient: **RAMRATTAN, JERRY**
Date of Birth: **Jun 27, 1972**
Gender: **Male**
Patient ID: **12A0608**



Coxsackie C.F.F

---

**OS**   Single Field Analysis                                                    Central 24-2 Threshold Test

| | | | |
|---|---|---|---|
| Fixation Monitor: | Gaze/Blind Spot | Stimulus: | III, White |
| Fixation Target: | Central | Background: | 31.5 asb |
| Fixation Losses: | 0/13 | Strategy: | SITA-Fast |
| False POS Errors: | 0% | Pupil Diameter: | 5.9 mm * |
| False NEG Errors: | 23% | Visual Acuity: | |
| Test Duration: | 06:34 | Rx:  +2.00 DS | |
| Fovea: | Off | | |

Date:  Apr 15, 2021
Time:  11:09 AM
Age:  48



Total Deviation

MD Threshold exceeded.
See Total Deviation plot.

Pattern Deviation

MD Threshold exceeded.
See Total Deviation plot.

GHT:     Outside Normal Limits

VFI:     37%

MD:     -23.18 dB P < 0.5%
PSD:     12.85 dB P < 0.5%

:: P < 5%
%% P < 2%
%% P < 1%
■ P < 0.5%





Comments

Carl Zeiss Meditec - Copyright 2014 All rights reserved.



HFA 3 860-15258/1.3.1.2          Version 1.3.1.2          Created: 4/15/2021 11:16:26 AM by Administrator          Page 1 of 1

COPY

Patient: **RAMRATTAN, JERRY**

Date of Birth: **Jun 27, 1972**

Gender: **Male**

Patient ID: **12A0608**



Coxsackie C.F.F

---

**OD** Single Field Analysis | Central 24-2 Threshold Test

| | | | |
|---|---|---|---|
| Fixation Monitor: | Gaze/Blind Spot | Stimulus: | III, White | Date: | Apr 15, 2021 |
| Fixation Target: | Central | Background: | 31.5 asb | Time: | 11:02 AM |
| Fixation Losses: | 4/13 XX | Strategy: | SITA-Fast | Age: | 48 |
| False POS Errors: | 0% | Pupil Diameter: | 5.4 mm * | | |
| False NEG Errors: | 16% | Visual Acuity: | | | |
| Test Duration: | 06:08 | Rx: +2.00 DS | | | |
| Fovea: | Off | | | | |





Total Deviation

Pattern Deviation

MD Threshold exceeded.
See Total Deviation plot.

MD Threshold exceeded.
See Total Deviation plot.

GHT: Outside Normal Limits

VFI: 38%

MD: -20.81 dB P < 0.5%
PSD: 13.45 dB P < 0.5%

*** Low Test Reliability ***

```
::  P < 5%
※  P < 2%
₩  P < 1%
■  P < 0.5%
```



Comments

Carl Zeiss Meditec - Copyright 2014 All rights reserved.



HFA 3 860-15258/1.3.1.2 | Version 1.3.1.2 | Created: 4/15/2021 11:16:27 AM by Administrator | Page 1 of 1

COPY

| Name: | **RAMRATTAN, JERRY** | | **OD** | **OS** | | **ZEISS** |
|---|---|---|---|---|---|---|
| ID: | 12A0608 | Exam Date: | 4/15/2021 | 4/15/2021 | CZMI | |
| DOB: | 6/27/1972 | Exam Time: | 10:24 AM | 10:24 AM | | |
| Gender: | Male | Serial Number: | 500-33336 | 500-33336 | | |
| Technician: | Operator, Cirrus | Signal Strength: | 8/10 | 8/10 | | |

## ONH and RNFL OU Analysis: Optic Disc Cube 200x200   OD ● | ● OS

### RNFL Thickness Map

| | **OD** | **OS** |
|---|---|---|
| Average RNFL Thickness | | |
| RNFL Symmetry | | |
| Rim Area | 1.42 mm² | 1.24 mm² |
| Disc Area | 2.67 mm² | 2.57 mm² |
| Average C/D Ratio | 0.68 | 0.72 |
| Vertical C/D Ratio | 0.63 | 0.65 |
| Cup Volume | 0.508 mm³ | 0.669 mm³ |

### RNFL Thickness Map (OD)
350 — 175 — 0 µm

### RNFL Thickness Map (OS)
350 — 175 — 0 µm

### RNFL Deviation Map
Disc Center(-0.06,0.06)mm

### RNFL Deviation Map
Disc Center(-0.48,0.18)mm

**Neuro-retinal Rim Thickness**
— OD --- OS
µm 800 400 0
TEMP SUP NAS INF TEMP

### Extracted Horizontal Tomogram

### Extracted Horizontal Tomogram

**RNFL Thickness**
— OD --- OS
µm 200 100 0
TEMP SUP NAS INF TEMP

### Extracted Vertical Tomogram

### Extracted Vertical Tomogram

Diversified
Distribution of Normals
NA  95%  5%  1%

**RNFL Quadrants**

OD:
118
73    71
75

OS:
123
75    62

### RNFL Circular Tomogram

### RNFL Circular Tomogram

**RNFL Clock Hours**

OD:
115
128 117 108
79         89
57         59
82         66
140 121 83

OS:
114
101 141 127
90          72
57          54
79          60
94  133 116

**Comments**

CL susp
r RNFL inj

**Doctor's Signature**

SS  4/15/21

SW Ver: 9.5.2.19038
Copyright 2016
Carl Zeiss Meditec, Inc
All Rights Reserved
Page 1 of 1


COPY

```
11/13/17 12:35:26      NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE    1
HSC4781                       HEALTH SERVICES SYSTEM
                        REQUEST AND REPORT OF CONSULTATION


NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: CLINTON APPU
REFERRING FAC  : SULLIVAN                 REFERRAL NUMBER: 17253818.01M
REFERRAL DATE  : 06/15/17 03:35P  TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                  REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                  INTERPRETER:


MEDICAL HOLD: YES   TYPE: 3   REASON CODE: 01 EXP.DATE:  2018-01-31
TRANSPORTATION :N   WHEELCHAIR N  NURSE N  AMBULANCE N  LITTER N  HCA
SENSORIAL IMPAIRMENT:  HEARING LOSS/NON-SIG   LEGAL BLINDNESS
REFERRED BY: JANICE WOLF, MD, FHSD       APPOINTMENT: 12/21/17   09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD       POS: COXSACKIE RMU
                                         PROV: GANDHAM, SAI-OPH


REASON FOR CONSULTATION:                   USER: 06/15/17 03:35P C690JLW
 ( GLA OU-LAST SAW GLA 6-15-17,IT IS UNDER CONTROL WITH LATANAPROST.IOP: R/L 1 )
 ( 5.REQ F/U IN 6 MON                                                         )
 (                                                                            )
 (                                                                            )
 (                                                                            )
========================================================================
          ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT:

S: 6 mo glaucoma f/u - Compliant w/ gtts          POHx
   saw Neuroophth for followup last month — no changes    ────────
   states vision stable                           optic neuropathy
                                                   OU (2/2 trauma)
   NVsc  / 20/400-      P < 4-3     T < 14 (squeezing)   2014
         \ LP              \ 4-3    Tp  \ 17  + moving
                         Ø APD

O:

   SLE  limited 2/2                                Testing
        pt cooperation/squeezing                   ────────
   L/L WNL ⎫                                        OCT RNFL 6/2017
   c/c w+Q ⎪          DFE < 0.6 concentric   A/V/m/P  Ø Thinning OV
   A: K clear ⎬ OV    10:30 < 0.6 concentric   WNL   Octopus 2/2016
   I : Fr R  ⎪
   AC D+Q    ⎪
   L: mild NS⎭

P: ① Optic Neuropathy /Subjective vision loss. Suspect functional — testing normal to date.
     - No APD, no thinning RNFL, no nerve pallor. OCT mac WNL. MRI done
     - mild cupping - following w/ OCT RNFL mostly            -f/u neuroophth
     -unclear how much glaucoma contributing                  PRN changes
     - cont Latanoprost— IOP acceptable (Tonopen-squeezing)
     - f/u 6 mo glaucoma w/ HVF 24-2
     - needs low vision eval and legally blind services -based on snellen
                                                    visual acuity + further
CONSULTANT SIGNATURE: Anes / Gandham            DATE: 12/21/17  recs/accomod.
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __ ✓ 6M  w/ HVF 24 2 Reos]

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
========================================================================

                                                          12/27/17

```
11/09/17 12:40:41      NYS DEPARTMENT OF CORRECTIONAL SERVICES        PAGE    1
HSC4781                       HEALTH SERVICES SYSTEM
                         REQUEST AND REPORT OF CONSULTATION


NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                               CURRENT FAC: CLINTON APPU
REFERRING FAC  : CLINTON APPU             REFERRAL NUMBER: 17474454.01M
REFERRAL DATE  : 11/08/17 03:13P TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: NEURO-OPHTHALMOLOGY      REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: URGENT                   INTERPRETER:

MEDICAL HOLD: YES   TYPE:  3   REASON CODE:  01 EXP.DATE:  2018-01-31
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG    LEGAL BLINDNESS
REFERRED BY: VONDA JOHNSON, MD            APPOINTMENT: 11/10/17   10:30A
REVIEWED BY: VONDA JOHNSON, MD            POS: COXSACKIE RMU
                                         PROV: EPSTEIN, VICTORIA-NOP

REASON FOR CONSULTATION:                       USER: 11/08/17 03:13P C020VLJ
( PT HAS BEEN EVALUATED BY NOP FOR SUBJECTIVE VISION LOSS OU S/P TRAUMA IN  )
( 2014. HIS MRI BRAIN/ORBITS, OCT ON AND MAC WERE ALL NORMAL. VFT W/ LOSSES )
( BUT ? D/T POOR RELIABILITY. ? PHYSIOLOGIC VISION LOSS. HE IS REQ REASONABLE )
( ACCOMM. FOR VISUAL IMPAIR. REQ NOP OPINION FOR WHAT SPECIFICALLY IS NEEDED )
(                                                                          )
================================================================================
              ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)
```

CONSULTANT REPORT: No changes in left eye, but Right eye getting worse.

S: VA- CF@2'  Says drops are helping ( Latanoprost OU qhs)

sc `LP    P- 4-2   T$_{TP}$-14
          4-2   T$_{TP}$-18
          ∅APD)

O: SLE: wnl
   UDFE. 0.7 CDR OU

A: ① Subjective Loss of vision OU s/p Trauma 2014
   Recently seen here - exam unchanged
   Imaging testing all normal ⊕ out of proportion c̄ complaints.
   suspect Functional vision loss OU
   However based on snellen acuity pt is "Legally Blind"

P: Advise evaluation c̄ Low Vision specialist (Dr. Casey Ger 1) to
   may conf with previous service) (pt sp asking for cane) for Now

                                                    } determine
                                                      which
                                                      accommod.
                                                      are needed

CONSULTANT SIGNATURE: _____        DATE: 11/16/17
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __

* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.
================================================================================
NOP PRN    cont to f/up c̄ Glaucoma as scheduled

```
6/13/17  9:28:58     NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE      1
HSC4781                      HEALTH SERVICES SYSTEM
                       REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                    DIN: 12A0608   DOB: 06/27/1972
                                          CURRENT FAC: SULLIVAN
REFERRING FAC  : SULLIVAN                 REFERRAL NUMBER: 17140293.01M
REFERRAL DATE  : 04/04/17 01:06P  TELEMED: N<N> REFERRAL TYPE  : FOLLOW-UP
TYPE OF SERVICE: GLAUCOMA                 REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ASSIGNED                 INTERPRETER:

MEDICAL HOLD: YES   TYPE: 2   REASON CODE: 02 EXP.DATE:  2017-06-17
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG   SEVERE VISUAL IMPAIRMENT
REFERRED BY: JANICE WOLF, MD, FHSD        APPOINTMENT: 06/15/17   09:30A
REVIEWED BY: JANICE WOLF, MD, FHSD        POS: COXSACKIE RMU
                                          PROV: GANDHAM, SAI-OPH

REASON FOR CONSULTATION:                      USER: 04/04/17 01:06P C690JLW
( PT WITH GLA, HE IS ON LATANAPROST.LAST SAW GLA 3-16-17 . IOP: RT-13,LT-14.C )
( ONTROLLED WITH LATANAPROST. GLA REQ F/U IN 3 MONTHS                         )
(                                                                             )
(                                                                             )
(                                                                             )
=================================================================================
     ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT: 45 yo male w/ hx of trauma and optic neuropathy OU
S:   Pt follows w/ neuro-oph.

$$\sqrt{} < \begin{matrix} CF \\ LP \end{matrix} \qquad (+)APD \; OD \qquad IOP < \begin{matrix} 15 \;(13) \\ 15 \;(14) \end{matrix}$$
                                               Tp
                                              (squeezes)                    Past ocular hx
                                                                           optic neuropathy
O:   SLE:                                                                   OU
     L/L: WNL BIL            unDFE < 0.8                                     ↳ on
     C/S: wnl OU                      0.8                                     latanoprost
     K: clear OU                   concentric                                OU QHS
     AC D+Q OU
A:   I: f+R OU
     L: NS OU

AP:  ① Optic Neuropathy: seen by Neuro-Oph - approved
P:   for MRI. IOP WNL. VA loss more secure than cupping.
     ON photos taken 3/16/17 + DFE done then.
     — F/u w/ Neuro-oph as scheduled and glaucoma in
                                                        6 mo.
CONSULTANT SIGNATURE:  ___ S Gandham ___   DATE: 6/15/17   Cont
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __ / __ / __     latanoprost
                                                                   OU
* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE    QHS
  INMATE'S NYSDOCS PHYSICIAN.
=================================================================================
REVIEWED BY: (INIT) _AL / 6 _15_ DATE
   ☐ NO ACTION IS REQUIRED AT THIS TIME
   ☐ REPORT TO SICK CALL ON THE NEXT AVAILABLE DAY
   ☐ FOLLOW UP WILL BE ARRANGED WITH A PRIMARY PROVIDER
   ☐ FOLLOW UP WILL BE ARRANGED WITH A SPECIALIST  C LA

```
12/28/17  8:14:25    NYS DEPARTMENT OF CORRECTIONAL SERVICES        PAGE      1
HSC4781                       HEALTH SERVICES SYSTEM
                       REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY                  DIN: 12A0608   DOB: 06/27/1972
                                        CURRENT FAC: CLINTON APPU
REFERRING FAC  : CLINTON APPU           REFERRAL NUMBER: 17503382.01M
REFERRAL DATE  : 11/29/17 02:15P  TELEMED: N<N>   REFERRAL TYPE : INITIAL
TYPE OF SERVICE: LOW VISION SERVICE     REFERRAL STATUS: SCHEDULED
URGENCY OF CARE: ROUTINE                INTERPRETER:

MEDICAL HOLD: NO    TYPE:    REASON CODE:    EXP.DATE:
TRANSPORTATION : N   WHEELCHAIR  N   NURSE  N   AMBULANCE  N   LITTER  N   HCA   _See_
SENSORIAL IMPAIRMENT: (HEARING LOSS/NON-SIG) (LEGAL BLINDNESS) ⇐
REFERRED BY: EPSTEIN, VICTORIA-NOP       APPOINTMENT: 01/03/18   10:45A
REVIEWED BY: VONDA JOHNSON, MD           POS: NORTHEASTERN ASSOC./BLIND
                                         PROV: CASEY-GEE, MONICA-OPT

REASON FOR CONSULTATION:               USER: 11/30/17 01:17P C020SVD
( PT WITH SUBJECTIVE VISION LOSS OU S/P TRAUMA 2014. IMAGING TESTING ALL NL  )
( AND OUT OF PROPORTION WITH COMPLAINTS. SEEN IN F/U BY NOP WHO SUSPECTS     )
( FUNCTIONAL VISION LOSS OU HOWEVER STATES THAT BASED ON SNELLEN ACUITY PT IS )
( LEGALLY BLIND AND RECOMMENDS EVAL WITH LOW VISION SPECIALIST TO            )
( DETERMINE WHAT REASONABLE ACCOMMODATIONS ARE NEEDED.                       )
================================================================================
          ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

S:  LEG

DVA entering ₃c 4/140    NVA >8M
                NLP       ₃c

NR - NI - VA

3x H10.00 Schweizer illum TLM - IM.

A:  ①Optic Neuropathy

P:                          ① can't flu w/ ophth

                            ②Recomm.
                            3x H10.00 Schweizer illum TLM -
                            for small print IM.

                            ③Recommend NOIR U22 or U30    See
                            for glare control.             ↙

                            ④Recomm Reasonab Recomm for vision
CONSULTANT SIGNATURE: ___Marcy___          DATE: 1/3/18  loss - incl. but
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY __/__/__   not limited to print
                                                            text to speech
* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.                              O+M.
================================================================================

                                        DSP made aware
                                        re: transfer to facility      1/4·18
                                        that can provide Rx for
                                        visual impairment.

FORM 3105B (11/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Ramrattan, Jerry | 12A0608 | 6/27/72 | 100 |

**Subjective:** New indraft seen at ENYCF, I/m states is legally blind, and needs to wear dark glasses at all times because the light bothers his

Last Name: Ramrattan
DIN: 12A0608    Location _____
Date: 9/9/19    Time: 2 PM
Provider Orders: VS 97.5, 78, 18, 140/86   weight 231

**Objective:** eyes. Also stating he needs his meclizine reordered because without he is a risk for falling. I/m had a GSW to right shoulder and he now has pain at times to shoulder and back. Also stating he had eye injuries after being gang jumped in 2014.

**Assessment:** Stating he has reasonable accomodations to wear his glasses at all times. Wrote permit for folding guide stick and glasses until he can be seen by MD.

**Plan:** Gave I/m his self carry medications as well as card to return to med window daily for cymbalta. Chart to MD for review. MD appointment into FHS1

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____ 0452

---

**Subjective:** Sgt. Sheehan came to medical questioning medical use of folding

Last Name: Ramrattan
DIN: 12A0608    Location _____
Date: 9/29/19    Time: 0900
Provider Orders:

**Objective:** Cane states "We don't see him using it only carrying it unfolded"

**Assessment:**

**Plan:** I/M for appt c̄ Dr. Gusman, to re-evaluate on 10/3/19 medical permit expires 10/3/19. Notified Sgt of same - PSu

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time ___ 9/29/19 1042

Continue entry into next box if necessary.

FORM 3105B (11/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name Ramrattan, Jerry | DIN 12A0608 | Date of Birth 6/27/72 | Facility Name ENYCF |
|---|---|---|---|

**Subjective:** 9/30/19 - Denied
refused optometry

Last Name Ramrattan J.

DIN 12A0608     Location _____

Date _____     Time _____

**Objective:** re-eval

Provider Orders:

Noted 9/30/19

**Assessment:**

**Plan:**

Signature/Provider # _____     RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** New
Hearing Aid batteries
dispensed

**Objective:**

Last Name Ramrattan, Jerry

DIN 12A0608     Location _____

Date 10-11-19     Time 330p

Provider Orders:

**Assessment:**

**Plan:**

447

Signature/Provider # _____     (RN) Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

FORM 3105B (11/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Ramratten, Jerry | 12A0608 | 6/27/72 | Eastern NCF |

**Subjective:** Audiology Clinic

Last Name _Ramratten, J._

DIN _12A0608_    Location _____

Date _1/2/20_    Time _____

**Objective:** seen

See consult.

Provider Orders:

**Assessment:** F/U feb.

**Plan:**

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** ESC

Sent by security to evaluate.
security states per
messhall "missed 3 meals". Questioned I/m
if he's "on hunger strike" — I/m declined. States

**Objective:**
T97.4
B/P 159/110 P 96.
O₂ 98%. Wt: 252 lbs (last weight 8/6/19 — 242 lbs) they took
Re-check B/P: 148/90

Last Name _Ramratten, J._

DIN _12A0608_    Location _____

Date _01/19/20_    Time _1:20am_

Provider Orders:
"I don't mind eating but I can't go to
messhall,
my escort away, Requesty medical feeding.
**Assessment:** Also states went to visiting room yesterday —
without an escort. Advised has ∅

**Plan:**
medical indication for feeding. I/m has ∅
complains, states "I drink plenty of H₂O", in good
spirits, denies any symptoms. Encouraged to try to
to go to messhall. I/m stated, "will try tonight
Advised if any issues,
Signature/Provider # _MKudlian_ RN Transcribing Order/Provider #/Date/Time to sign up if sick,
call.

Continue entry into next box if necessary.

```
5/31/18  8:25:51         NYS DEPARTMENT OF CORRECTIONAL SERVICES      PAGE    1
HSC4781                         HEALTH SERVICES SYSTEM
                            REQUEST AND REPORT OF CONSULTATION
```

NAME: RAMRATTAN, JERRY

DIN: 12A0608   DOB: 06/27/1972
CURRENT FAC: WENDE

REFERRING FAC  : WENDE
REFERRAL DATE : 05/21/18 01:03P   TELEMED: N<N>
TYPE OF SERVICE: GLAUCOMA
URGENCY OF CARE: ROUTINE

REFERRAL NUMBER : 18211488.01M
REFERRAL TYPE : INITIAL
REFERRAL STATUS: SCHEDULED
INTERPRETER:

MEDICAL HOLD: NO    TYPE:      REASON CODE:
TRANSPORTATION : N   WHEELCHAIR N   NURSE N
SENSORIAL IMPAIRMENT:   HEARING LOSS/NON-SIG
REFERRED BY: JACQUELYN LEVITT, MD
REVIEWED BY: JACQUELYN LEVITT, MD

EXP.DATE:
AMBULANCE N   LITTER N   HCA
LEGAL BLINDNESS
APPOINTMENT: 06/18/18   10:00A
POS: WENDE RMU
PROV: EPSTEIN, BARRY-OPH
USER: 05/21/18 00:03P C430JRL

REASON FOR CONSULTATION:
( HX OF GLAUCOMA WITH BORDERLINE IOP (22/21 ON 1/8/16).  STARTED ON LATANOPRO )
( ST OU W/SUBSEQUENT IOP'S: 13/14, 18/13, 13/14, 14/18, 14/17.  V.A. "LOSS" M )
( ORE SEVERE THAN CUPPING INDICATES. COMPLETE LOSS OF VISION O.S. - FUNCTIONA )
( L? "SUBJECTIVE VISION LOSS O.U. S/P TRAUMA (2014)" MRI BRAIN/ORBITS NORMAL  )
( . SNELLEN INDICATES "LEGALLY BLIND". REQUEST ADVICE RE. DETERMINING DX.     )
=========================================================================
        ATTENTION: DO NOT INFORM INMATE OF FUTURE APPOINTMENT(S)

CONSULTANT REPORT:

| | | OD | | T (a,p) | | OD | | P ( | R&R | | OD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S: | VA (cc,sc) | OD 20/ | | | OD | | | | no APD | | OS |
| | | OS 20/ | | | OS | | | | OU) | | |

| | | OD | OS | Fundus | | | | | OD | OS |
|---|---|---|---|---|---|---|---|---|---|---|
| | Ant. Seg. | | | M, P, C1 | | | | | wnl | wnl |
| | Lids | wnl | wnl | | | Vitreous | | | | |
| O: | Conjunctiva | | | | | Optic Disk | | | | |
| | Cornea | | | | | C/D | | | | |
| | A/C | | | | | Vessels | | | | |
| | I/P | | | | | Macula | | | | |
| | Lens | | | | | Periphery | | | N/? | |
| | | | | | | see drawing below | | | | |

A:

P:

CONSULTANT SIGNATURE: _____   DATE: 6/18/2018
IF FOLLOW-UP/PROCEDURE RECOMMENDED - REQUESTED BY ___ / ___ / ___
* CONSULTATION IS A RECOMMENDATION.  FINAL DETERMINATION WILL BE MADE BY THE
  INMATE'S NYSDOCS PHYSICIAN.

J. Levitt, MD #126

EXHIBITS (**B**)
Plaintiff's (PLRA) records of exhaustion of Administrative Remedies



**NEW YORK STATE**

# Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:  Mr. Ramrattan (12A0608)

FROM: Ms. Lewis, IOB

CC:

DATE: 1/16/20

SUBJECT:  Removal of SDU Reasonable Accommodations

Based upon your most recent Optometry consultation, which has been reviewed by the Eastern Correctional Facility Health Services Director Dr. Guzman, it has been determined that you do not meet the criteria for SDU services. As a result, the following Reasonable Accommodations will be removed: your yellow Reasonable Accommodation card,  57 ½" Sight Cane, talking watch (# 429), talking calculator (# 27), 4X lighted magnifier (# 24), lamp (# 123), 40 watt bulb, digital book player, green baseball hat, 20/20 pen, purple Click Lock, jack, pad of bold lined paper, Free Matter for the Blind envelopes. Please bring all your SDU issued equipment to the Resource Room on Friday Morning 1/17/20. In addition, you will be removed from the Free Matter for the Blind list at the local Post Office.

NAME   Ramrattan                                                      DIN  12A0608

| ITEM | NUMBER | DATE | | | Comments |
|------|--------|------|---|---|----------|
| RA Card | | | | | Given 9/23/19 |
| Digital tape player | | | | | Given 9/20/19 ? |
| Headphones | Has Personal ones | | | | On 11/8/19 dsp morris said he could keep personal ones |
| Lamp | 123 | | | | |
| bulb | 40 W | | | | |
| Talking watch | 429 | | | | |
| Sunglasses | NOT GIVEN | | | | He has his own |
| 20/20 pen | | | | | |
| Hat | green | | | | green |
| Free matter envelopes | | | | | |
| 4 X magnifier | 24 | | | | |
| Talking calculator | 27 | | | | |
| jack | | | | | |
| Bold paper | | | | | |
| Brother ribbon | | 10/11/19 | | | For use in B3 REC |
| Correctable tape | | 10/11/19 | | | For use in B3 rec |
| 57 ½ " Sight cane | | | | | He was transferred with this |
| Click lock | Purple | 10/28/19 | | | |

these highlightap items were
returned to SPU on 1/17/20

for, 2013

EASTERN CORRECTIONAL FACILITY
INMATE GRIEVANCE COMPLAINT

FROM: Jerry Ramrattan
Eastern CF PO Box 338
Napanoch, NY 12458
SBI 83-25-8

Date: 1-17-2020

RE: REASONABLE ACCOMMODATIONS TAKEN AWAY

On the above date I received notification by way of an officer arriving at my cell with the letter in hand addressed to me by the Instructor for the Blind here at Eastern.  This letter states that "according to my latest eye tests conducted by the medical department I am no longer considered eligible to receive reasonable accommodations for the Blind, and I was given a direct order to return all my approved accommodations for the blind.

The facility Instructor for the Blind then had my accommodations taken away from me.  I am Legally Blind in accordance with NYS Law section 8704. My vision and disability is well documented in both my medical files and with the Instructor for the Blind in this facility.

Now I am without my reasonable accommodations for my disability and I do not have a escort to help me, I do not have my blind walking cane, I do not have my magnifiers or any of the other accommodations that I was approved for previously that I need in order to complete the basic simple tasks of my everyday life.  It is hard enough having to be in prison & it makes matters worse being disable in prison, yet the foregoing actions that have taken place by the staff members involved in this situation have placed me in a position of danger both physically as well as mentally.  The removal of my accommodations have further compromised my health and safety as it was aforeseeable

risk based on the deprivation of my serious medical needs.

I believe this action against me was generated out of retaliation for my ability to administer litigation and complaints in where my rights are violated, the filing of complaints within the facility, as well as lawsuits that are pending based on my disability against the State and it's employee's.   The medical department is now responsible for allowing the staff to remove me from the list of eligible inmates to receive accommodations.   I have since been moved from the Disability Company in R3 & placed into regular population where I am deprived of my rights based on my disability.

This action against me violates the current policy according to directive 2612 and 2614, as well as the Americans with Disability Act, and the violations that have occurred are based on retalition, harrassment, negligence and deliberate indifference to my serious medical needs.

Each of the following violations have been acts that have been used against me for no good cause.

Under (9 NYCRR Part 7651)

§7651.1    <u>POLICY</u>

Adequate healthcare services shall be provided to all inmates in order to protect their physical and mental well-being.  Such care and services shall promote inmate health through the prevention of disease and disabiltiy, and the detection, treatment and care to the same.

2

§7651.2

The provision of this part shall apply to the department and to all correctional facilities operated by the department.

§7651.4 Departmental and facility policies and procedures

The department shall develop and implement standard operating procedures pursuant to Part 7605 of this Title.

§7695.1 POLICY

In order to provide for the fair and equal treatment of all inmates the department shall develop procedures designed to prevent unlawful discrimination based upon race, religion, national origin, sex, sexual orientation, age, disability or belief.

§7695.2 DEFINITIONS

(A)     Unlawful discrimination shall mean acts or policies which adversely affect individuals based upon race, religion, national origin, sex, sexual orientation, age disabling condition(s) or political belief except as provided by law.

(B)     A disable individual shall mean one who has a physical or mental limitation which substantially limits one or more of such person's major life activities.   Such a disability shall be based on a medically documented record of impairment and such person shall be regarded as having a disability.

Article 215 of the Penal Law

3

§215.40 <u>Tampering with physical evdience.</u>

A person is guilty of tampering with physical evidence when:

1. With intent that it be used to introduce into an official proceeding or a prospective official proceeding, he (a) knowingly makes, devises or prepares false physical evidence, or (b) produces or offers such evidence at such a proceeding knowing it to be false; or

2. Believing that certain physical evidence is about to be produced or used in an official proceeding or prospective official proceeding, and intending to prevent such production or use, he suppressed it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person. Tampering with physical evidence is a Class E Felony.

PUBLIC OFFICER CORRECTION LAW §2.1 <u>PERSONAL CONDUCT</u>

No employee, whether on or off duty, shall so comport himself as to reflect discredit upon the department  or it's personnel.

## <u>Lawful Comportment</u>

An employee shall not knowingly or willingly violate any law or ordinance of the Unted States or the State of New York, or any rule, regulation, or directive of the department.

4

## NYS CORRECTION LAW §126

"If the Superintendent of a correctional facility shall willfully neglect... the superintendent of a correctional facility shall be liable to indictment and punishment for any willful neglect of duty, or for any malpractice in the discharge of the duty of his office.

## ACTIONS REQUESTED

I want my reasonable accommodations for the blind restored to me and I want to be moved back to the Unit for the blind so that I can maintain my daily life activities and medical needs. I want the return of all liberties I enjoyed before this violation of my right's took place.

I want a copy of this complaint forwarded to the Office of O.S.I. as well as the A.D.A. Coordinator; and the Commissioner for Corrections Thomas Laughren for his review.

I want a hearing to determine the decision in this matter, and I want this complaint fully exhausted to protect all available remedies I am entitled to.

I further want the responsible parties removed from this facility in order to prevent further harm from coming to others with similar conditions of disability,and I want the appropriate outside agencies to come in here based on my complaint and investigate these issues.

And, I want copies provided in large print of all the answering determinations made in this matter.

Date: 01-17-2020

CC:File/J.R.

All

DOCCS/Commiossioner
Anthony Annucci
1220 Washington Avenue
Albany, NY 12226

Jerry Kamrallan 12A0608
Eastern Correctional Facility
Box 338 Napanoch, NY 12458CC: file
B3-25-8

5

## EASTERN CORRECTION FACILITY
## INMATE GRIEVANCE RESOLUTION COMMITTEE

**IGRC Office Acknowledgement Receipt**

TO: _Ramrattan_   DIN#: _12A0608_                CELL: _16-11_

This notice is to inform you that your grievar~~ ~~ea on: _10/4/21_

LOG#:    ECF- _0339_ -21

CODE:      _6_     DEPARTMENT: _____

TITLE:    _RA's Removed_

Your log number, DIN, and cell location must be included on any inquiries made concerning your grievance.

Upon completion if an investigation and if not resolved, you will be scheduled for an IGRC hearing. Per Directive #4040, if you do not appear for 3 scheduled hearings without a legitimate reason, the IGRC can hold your hearing in absentia.  Inmates with Keep Lock status or in SHU for over 30 days will have their hearing held in absentia.

If your complaint is a part of a consolidated grievance, you will have the option of attending the hearing or a representative will be selected for the group.  You will receive a copy of the IGRC decision and are still able to appeal any decision in accordance with Directive #4040.

Grievances coded 25.1, 25.2 or 49 are passed through directly to the superintendent for an investigation.  There is NO IGRC hearings for grievances filed under those codes.

**You are advised that if it is determined through the investigation that you did not attempt to resolve your issue PRIOR to submitting a complaint, the IGRC can and will Dismiss and Close your grievance at an IGRC hearing in accordance with Directive #4040.**  This does not apply for Code 49 grievances or PREA allegations.

Any questions regarding your grievance should be sent directly to the IGP Supervisor.  Do not give ANY correspondence to the IGRC clerks.  They have been instructed not to accept them.

IGRC CLERK/REP: _____

IGP Supervisor: _____

IGRC Sergeant: _____

* NO INDICATION OF ANY ATTEMPT,
TO RESOLVE ISSUE PRIOR TO SUBMITTING
COMPLAINT PER DIRECTIVE #4040.
(ie) (OSP Contact)

GRV# ECF-0339-21

## EASTERN NEW YORK CORRECTIONAL FACILITY
## INMATE GRIEVANCE COMPLAINT

Jerry Ramrattan 12-A-0608
Date: October 2, 2021
Re: Reasonable  accommodations taken away

On the above date I received notification by way of an officer arriving at my cell with the letter in hand addressed to me by the instructor for the blind here at Eastern. This letter states that "according to my latest eye tests conducted by the medical department I am no longer considered eligible to receive reasonable accommodation for the blind, and I was given a direct order to return all my approved accommodations for the blind.

The facility instructor for the blind then had my accommodations taken away from me. I am legally blind in accordance with NYS Law Section 8704. My vision and disability is well documented in both my medical files and with the instructor for the blind in this facility.

Now I am without my reasonable accommodations for my disability and I do not have a escort to help me. I do not have my blind walking cane. I do not have my magnifiers or any of the other accommodations that I was approved for previously that I need in order to complete the basic simple tasks of my everyday life. It is hard enough having to be in prison and it makes matters worse being disable in prison, yet the foregoing actions that have taken place

1

by the staff members involved in this situation have placed me in a position of danger both physically as well as mentally.

The removal of my accommodations have further compromised my health and safety as it was foreseeable risk based on the deprivation of my serious medical needs. I believe this action against me was generated out of retaliation for my ability to administer litigation and complaints in where my rights are violated. The filing of complaints within the facility a well as lawsuits that are pending based on my disability against the State and its employee's.

The medical department is now responsible for allowing the staff to remove me from the list of eligible inmates to receive accommodations. I have since been moved from the Disability Company in B3 and placed into regular population where I am deprived of my rights based on my disability.

This action against me violates the current policy according to directive 2612 and 2614, as well as the Americans with Disability Act, and the violations that have occurred are based on retaliation, harassment, negligence and deliberate indifference to my serious medical needs.

Each of the following violations have been acts that have been used against me for no good cause.

<div align="center">Under (9 NYCRR Part 7651)</div>

§ 7651.1  <u>POLICY</u>

Adequate healthcare services shall be provided to all inmates in order to protect their physical and mental well-being. Such care and services shall promote inmate health through the prevention of disease and disability, and the detection, treatment and care to the same.

§ 7651.2

The provision of this part shall apply to the department and to all correctional facility operated by the department.

§ 7695.1 <u>POLICY</u>

In order to provided for the fair and equal treatment of all inmates the department shall develop procedures designed to prevent unlawful discrimination based upon race, religion national origin, sex, sexual orientation, age, disability or belief.

§ 7695.2 <u>DEFINITIONS</u>

(A) Unlawful discrimination shall mean acts or policies which adversely affect individuals based upon race, religion, national origin, sex, sexual orientation, age disabling condition(s) or political belief except as provided by law.

(B) A disable individual shall mean one who has a physical or mental limitation which substantially limits one or more of such person's major life activities. Such a disability shall be based on a medically documented record of impairment and such person shall be regarded as having a disability.

<u>Article 215 of the Penal Law</u>

§ 215.40 Tampering with physical evidence.

A person is guilty of tampering with physical evidence when:

1. With intent that it be used to introduce into an official proceeding or a prospective official proceeding, he (a) knowingly makes, devises or prepares false physical evidence, or (b) produces or offers such evidence at such a proceeding knowing it to be false; or

2. Believing that certain physical evidence is about to be produced or used in an official proceeding or prospective official proceeding, and intending to prevent such production or use, he suppressed it by employing force,

intimidation or deception against any person. Tampering with physical evidence is a Class E Felony.

PUBLIC OFFICER CORRECTION LAW § 2.1 Personal Conduct

No employee, whether on or off duty, shall so comport himself as to reflect discredit upon the department or its personnel.

<u>Lawful Comportment</u>

An employee shall not knowingly or willingly violate any law or ordinance of the United States or the State of New York, or any rule, regulation, or directive of the department.

<u>NYS CORRECTION LAW § 126</u>

If the Superintendent of a correctional facility shall willfully neglect...the superintendent of a correctional facility shall be liable to indictment and punishment for any willful neglect of duty, or for any malpractice in the discharge of the duty of his office.

<u>ACTION REQUESTED</u>

I want my reasonable accommodations for the blind restored to me and I want to be moved back to the unit for the blind so that I can maintain my daily life activities and medical needs.

I want a copy of this complaint forwarded to the office of O.S.I. as well as the A.D.A. coordinator; and the Commissioner for Corrections Anthony Annucci for his review.

I want a hearing to determine the decision in this matter and I want this complaint fully exhausted to protect all available remedies I am entitled to.

I further want the responsible parties removed from this facility in order to prevent further harm from coming to others with similar conditions of disability, and I want the appropriate outside agencies to come in here based on my complaint and investigate these issues.

4

And, I want copies provided in large print of all the answering determinations made in this matter.

Dated: October 2, 2021

Jerry Ramrattan 12-A-0608
Eastern New York C.F.
P.O. Box 338
Napanoch, New York 12458

cc: file/j.r.

All
DOCCS/Commissioner Anthony Annucci
1220 Washington Avenue
Albany, New York 12226

5

| | | GRIEVANCE NO.<br>ECF-0339-21 | | DATE FILED<br>10/4/21 |
|---|---|---|---|---|
| | NEW YORK STATE **Corrections and Community Supervision** | FACILITY<br>EASTERN CORRECTIONAL FACILITY | | POLICY DESIGNATION<br>D |
| | | TITLE OF GRIEVANCE<br>RA's taken away | | CLASS CODE<br>6 |
| **INMATE GRIEVANCE PROGRAM**<br>**SUPERINTENDENT Lynn J. Lilley** | | SUPERINTENDENT'S SIGNATURE<br>Lynn J. Lilley | | DATE<br>11/2/21 |
| GRIEVANT<br>Ramrattan, J. | | DIN<br>12A0608 | | HOUSING UNIT<br>16-27 |

The grievant alleges that his Reasonable Accommodations (RA's) were wrongly discontinued, and he requests that they be reinstated.

The grievant's allegations were investigated and per DSP Allen a request was sent to medical for a review of his case and the grievant was recommended for further evaluation/tests to determine his eligibility for RA's. At this time, medical is waiting for approval in order to schedule an appointment for the grievant, and upon completion of his re-evaluation, a decision will be made to determine if his requests for RA's are warranted.

After a complete review of the investigation, this office has not been presented with sufficient evidence to substantiate the grievant's allegations. The grievant is advised to address further RA concerns with medical, or the DSP for the most expeditious means of resolution.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk to the IGRC Office. You have seven (7) calendar days from receipt of this notice to file your appeal* Please state why you are appealing this decision to C.O.R.C..

I must appeal this supt. decision due to the fact it is untimely also I have done and been out to specialists yet I am being denied and I am still being sent out for more testing which I have never been through.

| Jerry Ramrattan   12A0608 | | 11-02-21 |
|---|---|---|
| GRIEVANT'S SIGNATURE | | DATE |

| | | |
|---|---|---|
| GRIEVANCE CLERK'S SIGNATURE | | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g).



**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From:      Shelley Mallozzi, Director, Incarcerated Grievance Program

SUBJ:      Receipt of Appeal

Date:       11/18/2021

> J RAMRATTAN  12A0608
> Eastern NY Correctional Facility
> Your grievance ECF-0339-21 entitled
> Reasonable Accommodations Taken
> was rec'd by CORC on 11/8/2021

**A disposition will be sent to you after the grievance is reviewed by CORC**



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:        I/I Ramrattan   DIN# 12A0608
FROM:   Mr. Black, IGP Supervisor
DATE:    10/5/21
SUBJECT:   10/4/21 dated correspondence

I am in receipt of your 10/4/21 dated correspondence to this office.

Is this a grievance that you want filed or just correspondence?  It makes no clear distinction.  If it is a complaint, you failed to provide dates, time, and names of staff you allege to be "targeting you".

Please let me know what this was so further action can be taken by this office.

Cc:      NCC File

FORM 2131E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## INMATE GRIEVANCE COMPLAINT

⑥ R A'S TAKEN AWAY

| Grievance No. |
| --- |
| 0044-20 |

_____ ECF _____ CORRECTIONAL FACILITY

Date: 1/23

Name: RAMRATTAN, J. _____ Dept. No.: 12A0608 Housing Unit: 25-8

Program: _____ AM _____ PM

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) _____

Attached

Grievant
Signature: _____

Grievance Clerk: _____ Date: _____

Advisor Requested  ☐ YES  ☐ NO  Who: _____

Action requested by inmate: _____

The Grievance has been formally resolved as follows:

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

EASTERN CORRECTIONAL FACILITY
INMATE GRIEVANCE COMPLAINT

FROM: Jerry Ramrattan
Eastern CF. P.O. Box 338
Napanoch, N.Y. 12458
SN 83-25-8

Date: 1-17-2020

RE: REASONABLE ACCOMMODATIONS TAKEN AWAY

On the above date I received notification by way of an officer arriving at my cell with the letter in hand addressed to me by the Instructor for the Blind here at Eastern.  This letter states that "according to my latest eye tests conducted by the medical department I am no longer considered eligible to receive reasonable accommodations for the Blind, and I was given a direct order to return all my approved accommodations for the blind.

The facility Instructor for the Blind then had my accommodations taken away from me.  I am Legally Blind in accordance with NYS Law section 8704. My vision and disability is well documented in both my medical files and with the Instructor for the Blind in this facility.

Now I am without my reasonable accommodations for my disability and I do not have a escort to help me, I do not have my blind walking cane, I do not have my magnifiers or any of the other accommodations that I was approved for previously that I need in order to complete the basic simple tasks of my everyday life.  It is hard enough having to be in prison & it makes matters worse being disable in prison, yet the foregoing actions that have taken place by the staff members involved in this situation have placed me in a position of danger both physically as well as mentally.  The removal of my accommodations have further compromised my health and safety as it was aforeseeable

risk based on the deprivation of my serious medical needs.

I believe this action against me was generated out of retaliation for my ability to administer litigation and complaints in where my rights are violated, the filing of complaints within the facility, as well as lawsuits that are pending based on my disability against the State and it's employee's.  The medical department is now responsible for allowing the staff to remove me from the list of eligible inmates to receive accommodations.  I have since been moved from the Disability Company in B3 & placed into regular population where I am deprived of my rights based on my disability.

This action against me violates the current policy according to directive 2612 and 2614, as well as the Americans with Disability Act, and the violations that have occurred are based on retalition, harrassment, negligence and deliberate indifference to my serious medical needs.

Each of the following violations have been acts that have been used against me for no good cause.

<div align="center">Under (9 NYCRR Part 7651)</div>

§7651.1     POLICY

Adequate healthcare services shall be provided to all inmates in order to protect their physical and mental well-being.  Such care and services shall promote inmate health through the prevention of disease and disabiltiy, and the detection, treatment and care to the same.

§7651.2

The provision of this part shall apply to the department and to all correctional facilities operated by the department.

§7651.4 <u>Departmental and facility policies and procedures</u>

The department shall develop and implement standard operating procedures pursuant to Part 7605 of this Title.

§7695.1 POLICY

In order to provide for the fair and equal treatment  of all inmates the department shall develop procedures designed to prevent unlawful discrimination based upon race, religion, national origin, sex, sexual orientation, age, disability or belief.

§7695.2 DEFINITIONS

(A)    Unlawful discrimination shall mean acts or policies which adversely affect individuals based upon race, religion, national origin, sex, sexual orientation, age disabling condition(s) or political belief except as provided by law.

(B)    A disable individual shall mean one who has a physical or mental limitation which substantially limits one or more of such person's major life activities.  Such a disability shall be based on a medically documented record of impairment and such person shall be regarded as having a disability.

Article 215 of the Penal Law

3

## §215.40 Tampering with physical evdience.

A person is guilty of tampering with physical evidence when:

1. With intent that it be used to introduce into an official proceeding or a prospective official proceeding, he (a) knowingly makes, devises or prepares false physical evidence, or (b) produces or offers such evidence at such a proceeding knowing it to be false; or

2. Believing that certain physical evidence is about to be produced or used in an official proceeding or prospective official proceeding, and intending to prevent such production or use, he suppressed it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person. Tampering with physical evidence is a Class E Felony.

## PUBLIC OFFICER CORRECTION LAW §2.1 PERSONAL CONDUCT

No employee, whether on or off duty, shall so comport himself as to reflect discredit upon the department  or it's personnel.

## Lawful Comportment

An employee shall not knowingly or willingly violate any law or ordinance of the Unted States or the State of New York, or any rule, regulation, or directive of the department.

4

## NYS CORRECTION LAW §126

"If the Superintendent of a correctional facility shall willfully neglect... the superintendent of a correctional facility shall be liable to indictment and punishment for any willful neglect of duty, or for any malpractice in the discharge of the duty of his office.

## ACTIONS REQUESTED

I want my reasonable accommodations for the blind restored to me and I want to be moved back to the Unit for the blind so that I can maintain my daily life activities and medical needs. I want the return of all liberties I enjoyed before this violation of my right's took place.

I want a copy of this complaint forwarded to the Office of O.S.I. as well as the A.D.A. Coordinator; and the Commissioner for Corrections Thomas Laughren for his review.

I want a hearing to determine the decision in this matter, and I want this complaint fully exhausted to protect all available remedies I am entitled to.

I further want the responsible parties removed from this facility in order to prevent further harm from coming to others with similar conditions of disability,and I want the appropriate outside agencies to come in here based on my complaint and investigate these issues.

And, I want copies provided in large print of all the answering determinations made in this matter.

Date: 01-17-2020

CC:File/J.R.

All

DOCCS/Commiossioner.
Anthony Annucci
1220 Washington Avenue
Albany, NY 12226

Eastern Correctional Facility
Box 338 Napanoch, NY 12458CC: file
B3-25-8

5

*Committee notes that per investigation grievants RH's were discontinued due reports from Ophthalmologists. Committee recommends this matter closed*

FORM 2131E (REVERSE) (9/12)
**Response of IGRC:**

I CONCUR WITH COMMITTEE DECISION AND PERSONALLY VERIFIED WITH MEDICAL THAT NO DISABILITY ASSISTANCE IS NEEDED PER DR GUZMAN.

Date Returned to Inmate: 2/12/3

IGRC Members: WAUGH

Chairperson: Peter Anetwe

Return within 7 calendar days and check appropriate boxes.*

✓ I disagree with IGRC response and wish to appeal to Superintendent.

__ I agree with IGRC response and wish to appeal to Superintendent.

__ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

__ I apply to the IGP Supervisor for review of dismissal.

Signed: _____ 02-13-20
Grievant                    Date

_____    _____
Grievance Clerk's Receipt         Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                               Date

Grievance forwarded to the Superintendent for action: _____
                                                          Date

*    An exception to the time limit may be requested under Directive #4040, section 701.6 (g).

FORM 2131E (9/12)      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

㉒ NEW Doctor - RA is Restored

| Grievance No. |
| --- |
| 0138.20 |

_____ ECF _____ CORRECTIONAL FACILITY

Date: 3/4/20

Name: RomRottan, J. _____ Dept. No.: 12A0608 Housing Unit: 16-27

Program: _____ AM _____ PM

*(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) _____

Copy 3/19/20

Grievant
Signature: _____

Grievance Clerk: _____ Date: _____

Advisor Requested   ☐ YES   ☐ NO   Who: _____

Action requested by inmate: _____

_____

_____

The Grievance has been formally resolved as follows: _____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

To: Eastern C.f.

Jerry Ramrattan

12A0608

Attn: I.G.R.C.

Eastern C.F.

P.O. Box 338

Re: Jerry Ramrattan 12A0608

Napanoch, N.Y. 12458

Feb, 24, 2020

Dear I.G.R.C.,

I am filing this grievance as to directive #2612 which Dr. Gusman and I.O.B, Ms. Lewis should very well know in detail also others to page #11 of #15 VII Equipment and Services for the Visually Impaired (B) Downgrading of Visual

Disability Classification: DOCCS shall not change an inmate who is LB/SVI visual disability classification from LB to SVI or LB/SVI to not visually impaired, until the inmate has been physically offered appropriate corrective lenses or glasses and he or she has either accepted or rejected those lenses. If a formerly LB/SVI inmate whose visual disability classification has been downgraded to a classification of not visually impaired but who needs corrective lenses or glasses to see properly, loses, breaks, or is otherwise not in possession

2

of his or he corrective lenses or glasses
for more than seven days, DOCCS shall
grant a request for reasonable accommodations
for his or her vison impairment despite the
fact that he or she has been Reclassified as
not visually impaired; unless, DOCCS can
demonstrate that the inmate negligently
or intentionally broke the lenses or glasses.
Such demonstration may include repeated
breaking or losing of such glasses or lenses.
Based on the action taken against me
only shows what I believe is a total
conspiracy against me to take away

3

my status being "B240" legally blind
and the fact I am Registered with
New York State Commission for the Blind
#Reg.# 181781 as well. Keep in mind that
whatever medical documents from Wende
C.F. he may have used that Wende C.F.
F.H.S.D. Never took away or Removed my
R.A. at anytime due to the fact the
legal Aid Society + Prisoner's legal Services +
Disability Rights New York + Amy Jane Agnew Esq
has Records that prove otherwise from
D.O.C.C.S. At No time Dr. Gusman or Ms Lewis
tried to find out what happens at Wende as to these

46

misleading Reports but Now it Raises
questions to that F.H.S.D. At Wende actions or failures
which I thank Dr. Gusman but Ms. Lewis
Knowing she could have contacted the
I.O.B. at Wende C.F. Raises further questions
to her failures + actions as a I.O.B. who is
her job to protect inmates under her title
who are LB/SVI. Note I was transfered
from Clinton to Wende after all testing
by their F.H.S.D. with the assistance
of Prisoners' legal services of New York
which is fully documented in my medical
folder and I have No problem sharing

these facts for the record of facts ok.

The Action I request due to the

conflict of interest and failure of Eastern

F.H.S.D./Dr. Gusman I no longer trust

his opinion or medical advise also my

medical care I wish to have another

doctor handle my medical care and

needs also I believe my R.A. must be

fully restored at once for the record.

I hope that this discrimination, harassment,

retaliation, stops at once for the record.

CC°File/J.R.                    Respectfully,

A.M                        Jerry Kamratian

MaxiAids                                   Item#: 2071000

6

12A0608
SA-16-27

FORM 2131E (REVERSE) (9/12)   *COMMITTEE RECOMMENDS*
**Response of IGRC:**   *GRIEVANT CONTINUE ADDRESSING*
*HIS ISSUES WITH MEDICAL DEPT.*

Date Returned to Inmate: 3/16/2020            IGRC Members: _____

Chairperson: _____

Return within 7 calendar days and check appropriate boxes.*

✓ I disagree with IGRC response and wish to appeal          ___ I have reviewed deadlocked responses.  Pass-Thru
   to Superintendent.                                               to Superintendent.

___ I agree with IGRC response and wish to appeal          ___ I apply to the IGP Supervisor for review of dismissal.
   to Superintendent.

                              Signed: _____  03-19-20
                                          Grievant               Date

                              _____        _____
                              Grievance Clerk's Receipt        Date

---

**To be completed by Grievance Clerk.**

   Grievance Appealed to the Superintendent: _____
                                                    Date

   Grievance forwarded to the Superintendent for action: _____
                                                                Date

   * An exception to the time limit may be requested under Directive #4040, section 701.6 (g).



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO:        INMATE Ramrattan    DIN# 12a0608
FROM:      Mr. Black, IGP Supervisor
DATE:      2/18/20
SUBJECT:   2/14/20 dated request

I am in receipt of your letter to this office requesting copies of information from a grievance.  Please allow this memorandum to serve as my response.

-    Directive #4040 makes no provisions for this office to provide an inmate with requested information regarding an investigation.  You are advised to direct such requests through the facility FOIL office.

Should you have any questions regarding this memorandum, please feel free to contact this office.

Mr. Black,

SEND TO FOIL NOT IGRC  02-13-20

FEB 18 2021

I am sending you this foil request for the investigation Reports from the medical dept. Which I am entitled to Review in detail for my records. And Any other documents that was sent to this matter you know ok. As always thank you for your time

CC: File/J.R.

AM

Respectfully,

Jerry Kamrattan

1240608

SH-16-27



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO:        INMATE Ramrattan    DIN #12A0608
FROM:   Mr. Black, IGP Supervisor
DATE:    2/24/20
SUBJECT:   2/33/20 dated complaint

I am in receipt of your complaint dated 2/23/20 regarding a complaint involving a previously filed grievance (ECF-0044-20).  Please allow this memorandum to serve as my response.

ECF-0044-20 was filed on your behalf on 1/23/20 as a code 6 complaint titled "RA's taken away".  It was heard by the IGRC on 2/12/20 and appealed to the Superintendent on 2/14/20.  Superintendent Lee's disposition was then signed and sent out to you on 2/18/20 and this office received your CORC on 2/__/20.

Your action requested in the 2/23/20 dated complaint is beyond the purview of the IGRC.  The IGRC cannot be used as an alternative to the FOIL process.  Any request for such information must go through the FOIL office as the IGRC cannot provide such documents to an inmate.

I am returning your complaint so that you can re-word your complaint or re-think what you are actually requesting.  Once this happens, please feel free to re-submit your complaint, or you may choose to resend this same complaint.  That is your choice and your right.

The IGRC will very likely advise you to allow the grievance process to come full circle and also state that it is not necessary to grieve the same issue multiple times.

Should you have any questions regarding this memorandum, please feel free to contact this office.

To: Eastern C.F.                    Jerry Ramrattan

                                    12A0608

Attn: I.G.R.C.,                     Eastern C.F.

                                    P.O. Box 338

Re: Jerry Ramrattan 12A0608         Napanoch, N.Y. 12458

                                    Feb. 23, 2020

Dear I.G.R.C.,

          I am filing this grievance
to my last grievance # 0044-20 Dr. Gusman
failing to show his findings and/or
documents how he took my Reasonable
accommodations which his findings must
be supported by documents so all

can be answered the right way at every level and I must have copies of all finds and investigations for the record of facts. Action that I request all documents to Dr. Gusman findings and all Eastern OWNS LOW vision specialest reports to these matters.

CC: File/J.R.

All

Respectfully,

Jerry Ramrattan

12A0608

SH-16-27

MaxiAids

Item#: 2071000

EXHIBIT (**C**)
Plaintiff's notices of communication to agencies to remedy the wrong

<u>To:</u>   N.Y.S.D.O.C.C.S.

JERRY RAMRATTAN
12A0608
EASTERN C.F.
P.O. BOX 338
NAPANOCH N.Y. 12458
Aug. 03, 2020,

<u>Attn:</u>   Chief Medical Officer
John Morley

<u>From:</u>   Jerry Ramrattan 12A0608

Dear D.C. John Morley

      I am writing you to issues that
I am having with medical dept at Eastern.
I and Dr. Gusman have serious conflict
of interest for the record of facts, And
I did file my complaint with OSIU and
when it was investigated they agreed with
me at the facility level, I am legally
blind and hearing impaired then Dr. Gusman
had my reasonable accommodations all

1

Removed also had me moved to Gen. Pop. which I was in S.D.U. placing me in further danger Knowing my disabilities. I have had these accommodations for years at Sullivan, Wende, Eastern, and my Attorney all feel this is all Retialtion for some Reason. Note: I am Registered with N.Y.S.C.B. and my NYSCB Registration #CF#181781 and my attorney is Ms. Amy Jane Agnew who can't wait to meet with Dr. Gusman again (Medina vs. DOCCS). So you Know what all started this was me Requesting togo see the low vision specialest then me asking why not to Dr. Gusman. No I am Requeting to have my own specialist for hearing and vision to come in on my dime even if I have medical coverage I and my Attorney are willing to pay for this. I have always been Respectful to all medical staff even Dr. Guzman for the Record.

2

Do you know my sugar levls was 556 or higher and the nurse said the doctor Gusman said to go back to my cell. I later learn I could have died or went into a comas this crazy. I am fearful for my life under DR. Gusman care so I am respectfully ask or request that another doctor treat me alright. Please note copies of this letter will be going out to all so I cover myself to these matters. Note DR. Gusman used old medical records from another facility to take away my accommodations and still to date he has fail to send me out to the low vision specialiest. My attorney is working on bring in Doctor's from N.Y. Eye, Ear and throat to exam me at the facility so you know alright. Please reply at once so I can know how to get this done asap to stop the abuse of power. I know all these DOCCS low vision specialest can't be wrong cause that is another can of worms.

2

That no one want to deal with in courts,
I am doing my best to fix this matter,
My Attorney and family has been in touch
with NYSCB a's to these matters, Please
I don't want to take these matters to court,
but if I must then that is where we go ok
Yet I am trying to handlie or fix things in a
easy and Respectful way as you see alright,
Thank you for your time and I await your
Reply to these matter Sir. Please Restore my (RA)
Reasonable accommodations under the twok.
CCoFile/ J.R,

OSIU
Dept. Counsel
Comm, Annucci
Amy Jane Agnew Esq,
Ramrattan family
N.Y.S.C.B.
NYS/ A.G. Office
Tracy Drummond
Stefan R. Short ESQ. 4

Respectfully,
Jerry Ramrattan
RAO608

Jerry Ramrattan
Din # 12-A-0608
Eastern N.Y. Corr. Fac.
P.O. Box 338
Napanoch, N.Y. 12458

September 25, 2021

To: **N.Y.S.D.O.C.C.S.**
Att: Chief Medical Officer, John Morley

From:

Dear D.C. John Morley
    I am writing you to issues that I am having with medical dept. at Eastern. I and Dr. Gusman have serious conflict of interest for the record of facts. And I did file my complaint with O.S.I.U. and when it was investigated they agreed with me at the facility level. I am legally blind and hearing impaired then Dr. Gusman had my reasonable accommodations removed also had me moved to General Population which I was in S.D.U. B-3 Housing Area placing me in further danger knowing my disabilities. I have had these accommodations for years at these following Facilities Sullivan, Wende and Eastern, also my attorneys all feel this is all retaliation for some reason.

Note: On the date of 1/16/20 from Ms. Lewis, IOB
**Subject: Removal of SDU Reasonable Accommodations. Base upon your recent Optometry consultation, which has been reviewed by the Eastern Correctional Facility Health Services Director Dr. Gusman, it has been determined that you do not meet the criteria for SDU services. At the most important I have never sign any authorization for release of Health Information, for these two to discuss my medical records. I believe my medical information should not be discussed without my consent, please see attached exibits as evidence of fact to this matter.**
I am registered with N.Y.S.C.B. and my N.Y.S.C.B. registration # CF181781 so you know what all started because I requesting to go see the low vision specialist the answer was negative, then me asking why not to Dr. Gusman. Now I am requesting to have my own specialist for hearing and vision to come in on my own expense even if I have medical coverage I and my attorney are willing to pay for

this consultation.  I have always been respectful to all medical staff even Dr.
Gusman for the records.  At that time my sugar level was over 500 or higher and
the nurse said Dr. Gusman said to go back to my cell.  I later learn I could have
died or went into a coma this is crazy.  I am fearful for my life under Dr. Gusman
care so I am respectfully ask or request that another doctor treat me alright.  Note:
The above matter happened last year just before I was diagnosed to be Diabetic in
July of 2020.

Please note copies of this letter will be going out to all so I can cover myself to
these matters.

Note:  Dr. Gusman used old medical records from another facility to take away my
accommodations and still to date he has fail to send me out to the low vision
specialist.  My attorney is working on bring in doctor's from N.Y. Eye, Ear, and
Throat to exam me at the facility so you know alright.  Please reply at once so I can
know how to get this done A.S.A.P. to stop the abuse of power.  I know all these
D.O.C.C.S. low vision specialist can't be wrong cause that is another can of
worms.  That no one want to deal with in court I am doing my best to fix this
matter.  My attorneys and family has been in touch with N.Y.S.C.B. and U.S.
Department of Justice Office of Civil Rights as to these matters.  Please I wouldn't
want to take these matters to court but if I must then, that is where we must go.
Yet I am trying to handle or fix things in an easy and respectful way as you see Sir.

Thank you for your time and I await your reply to this matter Sir.
Please note all I am requesting is to have my reasonable accommodations restored
under law or American with Disability Acts "ADA Act ".

cc: File/J.R.                                         Respectfully,
OSIU
Dept. Counsel
Comm. Annucci
Amy Jane Agnew Esq                        Jerry Ramrattan
A.U.S.A. Shelley Laugguth
N.Y.S.C.B.
NYS/A.G. Office
Stefan R. Short Esq



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

November 8, 2021

Jerry Ramrattan, 12A0608
Eastern Correctional Facility
30 Institution Road
PO Box 338
Napanoch, NY 12458-0338

Dear Mr. Ramrattan:

Deputy Commissioner Morley has asked me to respond to your recent letters.

The Division of Health Services has investigated your concerns with the Health Services staff at Eastern Correctional Facility. I have been advised that you were evaluated by the Glaucoma Specialist on October 21, 2021, and you were evaluated by your Primary Care Provider on October 28, 2021. You are also awaiting scheduling to be evaluated by the Audiologist. Please be reminded that your primary care provider is the determinant of your medical care and treatment plan, as well as assigning permits when necessary.

It is suggested that you continue to bring your medical concerns to the attention of the health care staff using the existing sick call procedure. I am sure they will make every effort to address your needs.

Sincerely,

Danielle Snide

Danielle Snide
Regional Health Services Administrator
Division of Health Services

cc:   FHSD, Eastern Correctional Facility



**Corrections and Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

October 12, 2021

Jerry Ramrattan, 12A0608
Eastern Correctional Facility
30 Institution Road
PO Box 338
Napanoch, NY 12458-0338

Dear Mr. Ramrattan:

Deputy Commissioner Morley has asked me to respond to your recent letter.

The Division of Health Services has investigated your concerns with the Health Services staff at Eastern Correctional Facility. I have been advised that you are currently scheduled to be evaluated by the Glaucoma Specialist. You are encouraged to discuss the issues you outlined in your letter at this time. Please be reminded that your primary care provider is the determinant of your medical care and treatment plan.

It is suggested that you continue to bring your medical concerns to the attention of the health care staff using the existing sick call procedure. I am sure they will make every effort to address your needs.

Sincerely,

*Danielle Snide*

Danielle Snide
Regional Health Services Administrator
Division of Health Services

cc:    FHSD, Eastern Correctional Facility



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**TO:**   J. Ramrattan 12A0608 16-27

**FROM:**   A. Allen, Deputy Superintendent for Program Services

**DATE:**   October 25, 2021

**SUBJECT:**   Grievance 0339/21

---

I am responding to your grievance dated 10/2/21 as well as the result of the Superintendent's review of your Reasonable Accommodation request on 10/5/21. I have asked for your case to be reviewed by Medical. You are being recommended for further evaluation/tests to determine your eligibility for reasonable Accommodations. Medical is currently waiting for approval in order to schedule your appointment, and upon completion of your follow up/re-evaluation for reasonable accommodations, a decision will be made to determine if requests are warranted.

Please continue to exercise some patience as we are being thorough in reaching a solution in order to provide you with the services you require  Thank you.

AA:tat

Cc:   IGP Supervisor Black (ECF 0339/21)
       File



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**TO:** J. Ramrattan 12A0608 16-11

**FROM:** A. Allen, Deputy Superintendent for Program Services

**DATE:** September 30, 2021

**SUBJECT:** Your Letter Dated 9/13/21
RE: Reasonable Accommodations

On 9/27/21, you met with your assigned ORC, Ms. Francois, to discuss your concerns. I also received your reasonable accommodation request. It will be processed and a decision will be made according to the medical evaluation and your eligibility.

AA:tat

Cc: File



# NEW YORK STATE
## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**TO:**       J. Ramrattan 12A0608  16-11

**FROM:**    C. Morris, Deputy Superintendent for Program Services

**DATE:**    June 23, 2021

**SUBJECT:** Reasonable Accommodation Request

---

This is a follow-up to the 6/21/21 meeting that we had to discuss the determination of your reasonable accommodations request.

Specifically, on 5/24/21, you submitted a request for a telephone amplifier, closed caption television, sound amplification system, hearing aids/batteries, notification systems, visual smoke detector, preferred seating, shake awake alarm, large print, mobility assistant, guidance cane, magnifier, tape player, lamp, visor/sunglasses and a service dog.

On 6/9/21, medical review determined that you are designated HL30 (non-significant hearing loss) resulting from a 1/2/2020 audiology consult. The documentation also noted that you were scheduled to follow up with the facility audiologist to review the latest hearing report from the Albany audiologist.  Regarding your request for visual accommodations, documentation noted that you were scheduled for a follow up appointment with neuro-ophthalmology to re-evaluate subjective vision loss. My determination noted the decision was pending the results of your follow up appointments. You disagreed and requested to meet with the Superintendent or designee. I am the designee and met with you on 6/21/21. During the conversation, I reiterated the above. You stated that you met with the audiologist on 6/10/21 and was advised that you meet the criteria for SDU. I informed you that once I receive notification from medical I would respond accordingly.

On 6/22/21 I was notified by medical staff that you underwent ABR testing on 11/27/20 to evaluate your level of hearing loss. The testing revealed that you have mild significant hearing loss. Based on Directive 2612, this designation affords you hearing aids and batteries, which you are already receiving.  Medical documentation also notes that your re-evaluation by neuro-ophthalmology determined that you have functional vision loss, also known as subjective vision loss. This diagnosis is not supported by exam, imaging, testing and are out of proportion to exam findings. The final medical conclusion is that there is no evidence to support your request for the noted accommodations and that you do not qualify for SDU status.

CM:tat

Cc:   Guidance File            SDU File                  File

---



# DISABILITY RIGHTS NEW YORK

 www.drny.org    mail@drny.org    518-432-7861

Jerry Ramrattan, DIN #12A0608

Eastern Correctional Facility

30 Institution Rd.

P.O. Box 338

Napanoch, NY 12458-0338

December 19, 2019

Dear Mr. Ramrattan,

I am writing to let you know that Disability Rights New York (DRNY) plans to visit Eastern Correctional Facility (Eastern C.F.) in mid-to-late January 2020. The primary purpose of our visit will be to evaluate the Sensorially Disabled Unit (SDU) in response to a number of recent complaints we have received from inmates there. We anticipate having a limited amount of time to conduct legal interviews with



**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

inmates to discuss disability-related issues at Eastern C.F. and the SDU in particular.

If you feel comfortable adding your name to a list of inmates who DRNY will interview, please return the enclosed form to me at your earliest convenience. Please note that while the enclosed form itself will not be shared with DOCCS, your name will be put on a list that DRNY will provide to DOCCS of inmates who DRNY would like to interview. If you do not sign up for an interview, DRNY will contact you by mail, per usual. Please note that we will make every effort to interview you if you send me the enclosed form, but due to scheduling restrictions we may not have time to interview everyone who signs up.

Please write to me with any questions about the above. I do not need additional information

about your complaints at this time unless there has been a new, time-sensitive developments.

Regards,

Matthew Steele

Staff Attorney

Enclosures:     Eastern C.F. interview form; SASE

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**



**THE
LEGAL AID
SOCIETY**
CRIMINAL
DEFENSE

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

## <u>LEGALMAIL</u>
## <u>PRIVILEGED AND CONFIDENTIAL</u>

January 24, 2020

Jerry Ramrattan
12A0608
Eastern NY Correctional Facility
30 Institution Road
Box 338
Napanoch, NY  12458-0338

Dear Mr. Ramrattan:

I write in response to your January 16, 2020 letter in which you report that your accommodations were rescinded in retaliation for your meetings with me and representatives from Disability Rights New York ("DRNY").

Please be advised that we also received a call from your mother concerning this issue. Your mother reported that you went to the eye doctor shortly after your visit with DRNY—either on January 17 or January 18—and the doctor confiscated your guidance cane. She also reported that you have a hearing this month, and without your guidance cane, you won't be able to walk to that hearing. I need more information from you to determine how best to advocate for DOCCS to return your cane and other

**Justice in Every Borough.**

January 24, 2020

accommodations. Please send me your answers to the following questions:

- Are you still classified B240? If not, what is your classification.

- Other than you cane, has DOCCS rescinded your other accommodations? If yes, what accommodations did DOCCS rescind and when did they rescind them?

- Were you told why DOCCS rescinded your accommodations? If yes, what was the reason?

- Was the rescission communicated to you in writing or verbally?

- Does your RA permit still approve you for a guidance cane and your other rescinded accommodations? If not, have you been issued a new permit that does not approve you for these accommodations? When?

- Have you been provided with "alternate" accommodations, such as an Inmate Mobility Aide ("IMA")? If yes, why aren't these accommodations sufficient?

- Have you grieved or otherwise challenged the rescission of your accommodations? If yes, what was the result?

January 24, 2020

- What hearing do you have at the end of the month? Have you requested any accommodations specifically for this hearing? If yes, what accommodations did you request and what was the result of your request?

- Please describe in more detail how you have been impacted by DOCCS' rescission of your accommodations.

Based on your answers, I'll determine next steps.

Very truly yours,

Stefen R. Short
*Staff Attorney*

**Justice in Every Borough.**

**U.S. Department of Justice**

Office of Justice Programs

*Office for Civil Rights*

_____

*Washington, D.C. 20531*

January 15, 2021

Jerry Ramrattan 12-A-0608
PO Box 338
Napanoch, NY 12458-0338

      Re:    Ramrattan v. New York State Department of Corrections and Community
Supervision (21-OCR-0311)

Dear Mr. Ramrattan:

The Office for Civil Rights (OCR) at the Office of Justice Programs (OJP), U.S. Department of
Justice (DOJ), received notice of your Complaint against New York State Department of
Corrections and Community Supervision.

The OCR is responsible for ensuring that recipients of financial assistance from the OJP, the
Office on Violence Against Women, and the Office of Community Oriented Policing Services
comply with federal laws that prohibit discrimination in employment and the delivery of services
or benefits based on one or more of these protected classifications: race, color, national origin,
religion, sex, and disability, among others.

For the OCR to proceed with reviewing your Complaint, please provide the OCR with specific
details about your allegations, including dates, times, places, and the names and contact
information of alleged perpetrators and witnesses.

Please complete and return the enclosed Complaint Verification Information form.    Although
some responses may repeat information that you previously provided, please answer all
applicable questions and return this form.    The OCR must know how you (or whomever you are
filing on behalf of) are treated differently from others, how rules and regulations are applied
differently, or how programs and activities that are routinely available to others are not made
available to you (or whomever you are filing on behalf of) because of one of the protected
classifications listed above.    Once we receive your response, we will use the information to
determine whether the OCR has the authority to investigate your allegations.

Please also complete and return the enclosed Complainant Consent/Identity Release Form.    The
OCR may need to reveal your identity to persons at the agency or organization under
investigation to investigate your allegations and receive information about you.    If your
Complaint was filed on behalf of someone else, that person must complete and sign the
Complainant Consent/ Identity Release Form.    Although consent is voluntary, the OCR may not
be able to investigate the Complaint unless this release is authorized.

Jerry Ramrattan
January 15, 2021
Page 2 of 2

The forms can be mailed to Office of Justice Programs, U.S. Department of Justice, Office for Civil Rights, 810 7th St. NW, Washington, DC 20531. **If you do not return both forms within forty-five (45) days from the date of this letter, the OCR will administratively close your complaint. You will not receive further correspondence from the OCR if this occurs.**

If the forms are properly completed and returned within the requested time period, the OCR will assign an attorney to your Complaint to determine whether an investigation is appropriate. If the OCR initiates an investigation, it will provide the agency or organization under investigation with an opportunity to respond to your allegations and provide supporting documentation.

Thank you for contacting the DOJ with your concerns.

Sincerely,

X *Michael L. Alston*
_____

Michael L. Alston
Director, Office for Civil Rights
Signed by: Michael Alston

Enclosures

CVF
IRS



**U.S. Department of Justice**

Office of Justice Programs

*Office for Civil Rights*

---

*Washington, D.C. 20531*

April 13, 2021

Jerry Ramrattan, #12A0608
Eastern Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY 12458-0338

    Re:    *Ramrattan v. N.Y. State Dep't of Corr. and Cmty. Supervision (21-OCR-0311)*

Dear Mr. Ramrattan:

The Office for Civil Rights (OCR), Office of Justice Programs, U.S. Department of Justice (DOJ) has received your Complaint Verification Information form and Identity Release Statement in connection with your above-referenced administrative Complaint against the New York State Department of Corrections and Community Supervision (DOCCS). In your Complaint, you alleged that the DOCCS discriminated against you based on disability when it removed your accommodations. You further alleged that the DOCCS removed your accommodations and threatened and harassed you because you filed a lawsuit against the DOCCS and participated in a class action lawsuit against the DOCCS brought by blind inmates.

The OCR has the administrative responsibility for ensuring that recipients of financial assistance from the DOJ do not discriminate in the delivery of services on the basis of race, color, national origin, sex, religion, disability, and age, and, in some cases, sexual orientation and gender identity. The laws that the OCR enforces include Title II of the Americans with Disabilities Act of 1990 (ADA), which states that no qualified individual with a disability shall, by reason of a disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act of 1973 (Section 504) contains a similar provision prohibiting discrimination by recipients of federal funding. *See* 29 U.S.C. § 794. The ADA and Section 504 also prohibit an agency from retaliating against an individual for making a charge of discrimination. 28 C.F.R. §§ 35.134, 42.503(b)(vii).

As an initial matter, all administrative complaints of disability discrimination must be filed with the DOJ within 180 days from the date of the alleged discrimination. 28 C.F.R. §§ 35.170(b), 42.530(a). Because the DOJ initially received your Complaint on September 11, 2020, the OCR only has jurisdiction, or authority, to investigate your allegations of disability discrimination or retaliation occurring on or after **March 11, 2020** (i.e., within 180 days of September 11, 2020).

Jerry Ramrattan, #12A0608
April 13, 2021
Page 2 of 3

In your Complaint, you indicated that you are legally blind and use hearing aids for a hearing impairment. You provided the OCR with a January 29, 2020, Verification of Legal Blindness from the New York State Commission for the Blind. The documentation that you provided demonstrates that on January 16, 2020, the DOCCS determined that based on a recent optometry consultation you no longer met the criteria for services from the DOCCS' Sensorial Disability Unit (SDU). The DOCCS removed a number of accommodations for your vision impairment at that time, including a cane, talking watch, talking calculator, magnifier, digital book player, and free matter for blind envelopes. In response to a June 1, 2020, Request for Reasonable Accommodation form that you submitted, the DOCCS wrote that you cannot be properly assessed because you refused an optometry consult.

So that we may evaluate your allegations, please provide us with the following additional information or documentation:

1. Any available documentation from the optometry consultation that occurred prior to January 16, 2020;

2. An explanation of whether you refused an optometry consultation around the time of your June 1, 2020, Request for Reasonable Accommodation and, if so, why;

3. An explanation of whether you have had any optometry consultations since January 16, 2020, attaching any relevant documentation;

4. An explanation of any specific accommodations you have requested since March 11, 2020, and the DOCCS' response, attaching any relevant documentation;

5. In regard to any accommodations you have requested since March 11, 2020 that the DOCCS is not providing you with, an explanation of whether you are unable to participate in any specific DOCCS services, programs, or activities without the accommodation(s);

6. An explanation of when you filed your lawsuit against the DOCCS, and participated in the class action lawsuit against the DOCCS, that you believe the DOCCS is retaliating against you for; and

7. An explanation of exactly how you believe the DOCCS has retaliated against you since March 11, 2020 for filing a lawsuit against the DOCCS and participating in a class action against the DOCCS.

Jerry Ramrattan, #12A0608
April 13, 2021
Page 3 of 3


Please send the requested information to the following address:

    Attorney Shelley Langguth
    Office for Civil Rights
    Office of Justice Programs
    U.S. Department of Justice
    810 7th Street, NW
    Washington, DC 20531

Please be aware that if we do not receive the requested documentation **within forty-five days from the date of this letter** we will administratively close your Complaint.

Sincerely,


X *Michael L. Alston*
_____
Michael L. Alston
Director
Signed by: Michael Alston

**U.S. Department of Justice**

Office of Justice Programs

*Office for Civil Rights*

---

*Washington, D.C. 20531*

August 5, 2021

Jerry Ramrattan, #12A0608
Eastern Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY 12458-0338

      Re:    *Ramrattan v. N.Y. State Dep't of Corr. and Cmty. Supervision (21-OCR-0311)*

Dear Mr. Ramrattan:

The Office for Civil Rights (OCR), Office of Justice Programs, U.S. Department of Justice (DOJ) has received all of the additional information that you submitted in connection with your above-referenced administrative Complaint against the New York State Department of Corrections and Community Supervision (DOCCS).  In your Complaint, you alleged that the DOCCS discriminated against you based on disability, and retaliated against you for participating in lawsuits, when it removed your accommodations.

The OCR has the administrative responsibility for ensuring that recipients of financial assistance from the DOJ do not discriminate in the delivery of services on the basis of race, color, national origin, sex, religion, disability, and age, and, in some cases, sexual orientation and gender identity.  The laws that the OCR enforces include Title II of the Americans with Disabilities Act of 1990 (ADA), which states that no qualified individual with a disability shall, by reason of a disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity.  42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act of 1973 (Section 504) contains a similar provision prohibiting discrimination by recipients of federal funding.  *See* 29 U.S.C. § 794.  The ADA and Section 504 also prohibit an agency from retaliating against an individual for making a charge of discrimination.  28 C.F.R. §§ 35.134, 42.503(b)(vii).

So that the OCR may evaluate the current status of your allegations, please provide us with the following information:

1. Please explain what specific accommodations, if any, the DOCCS is currently providing you with for your vision impairment;

2. Please explain whether the accommodations that you are receiving (if any) are sufficient to allow you to participate in the DOCCS' services, programs, or activities, and, if not,

Jerry Ramrattan, #12A0608
August 5, 2021
Page 2 of 2

why not;

3. If you believe that you are not currently able to participate in the DOCCS' services, programs, or activities, please explain what <u>specific</u> accommodations you require to do so;

4. Please explain whether you have requested any specific accommodations from the DOCCS since June 1, 2020, either verbally or in writing, and what the DOCCS' response was, attaching any relevant documentation;

5. The documentation that you provided indicates that you had a medical consultation for visual field testing on April 15, 2021. Please explain the outcome of that consultation, such as whether a medical provider recommended that you receive any specific treatment or accommodations;

6. Please explain whether you have had any further consultations or other medical examinations for your vision since April 15, 2021, and, if so, the outcome of any examinations; and

7. Please explain whether attorney Amy Jane Agnew, or any other attorney, is currently assisting you with obtaining accommodations at the Eastern Correctional Facility and, if so, please provide the attorney's contact information and explain what the attorney is doing on your behalf and when you last had contact with the attorney.

Please send the requested information to the following address:

Attorney Shelley Langguth
Office for Civil Rights
Office of Justice Programs
U.S. Department of Justice
810 7<sup>th</sup> Street, NW
Washington, DC 20531

Please be aware that if we do not receive the requested documentation **within forty-five days from the date of this letter** we will administratively close your Complaint.

Sincerely,

X  Michael L. Alston

Michael L Alston
Director
Signed by: Michael Alston



**U.S. Department of Justice**

Office of Justice Programs

*Office for Civil Rights*

_____

*Washington, D.C. 20531*

September 28, 2021

Jerry Ramrattan, #12A0608
Eastern Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, NY 12458-0338

      Re:    *Ramrattan v. N.Y. State Dep't of Corr. and Cmty. Supervision (21-OCR-0311)*

Dear Mr. Ramrattan:

Thank you for the additional information that you submitted to the Office for Civil Rights
(OCR), Office of Justice Programs, U.S. Department of Justice (DOJ) in connection with your
above-referenced administrative discrimination Complaint against the New York State
Department of Corrections and Community Supervision (DOCCS).  In your Complaint, you
alleged that the DOCCS discriminated against you based on disability and retaliated against you
for complaining of discrimination when it removed your accommodations.

The OCR has the administrative responsibility for ensuring that recipients of financial assistance
from the DOJ do not discriminate in the delivery of services on the basis of race, color, national
origin, sex, religion, disability, and age, and, in some cases, sexual orientation and gender
identity.

The OCR has notified the DOCCS of your Complaint and has requested a response to your
allegations.  We will notify you once we have reached a determination on your Complaint.

Sincerely,

X *Michael L. Alston*
_____
Michael L. Alston
Director
Signed by: MICHAEL ALSTON



Dear Jerry,

I saw that you called into the 777 hotline to talk about feeling triggered after an interaction with a doctor. I am sorry to hear that you had to go through that terrible experience, and felt violated because of it. You do not deserve to be treated that way, and I know words cannot describe the anger you must have felt. However, I hope you know how proud I am of you for utilizing the hotline for additional support. That step alone shows that you have made significant progress in handling negative interactions. I can only imagine how hard it was to pick up that phone to ask for help, and let a complete stranger talk to you about what you have experienced. I hope you know how brave you are for being able to open up and talk more about your trauma. With this letter, I have included two documents to assist you with becoming more comfortable about disclosing what you have experienced.

As we discussed during our call, you need to be able to talk about your experience in order to heal. However, this does not mean you need to disclose everything all at once, and you are the best judge when it comes to who and how much you disclose. Of course disclosing is not easy so please make sure you take time to do some self-care, and release emotions in a positive manner.  I will schedule another phone call before the end of January to check in and see how things are going. However, please do not hesitate to reach out via legal mail, and please continue to use the 777 hotline as necessary.

Be safe,


Angela T.
PREA Case Manager
Crisis Services
100 River Rock Dr.
Suite 300
Buffalo, NY 14207



# Prisoners' Legal Services
## of New York

41 State Street, Suite M112 • Albany, New York 12207
Tel: (518) 438-8046 • Fax: (518) 438-6643

**Executive Director**
Karen L. Murtagh
**Deputy Director**
Betsy Hutchings

**Managing Attorney**
Sophia Heller
**Senior Supervising Attorney**
James Bogin

**Staff Attorneys**
John Amodeo
Mary Cipriano-Walter
Matthew McGowan

October 22, 2021

Jerry Ramrattan
12-A-0608
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

Dear Mr. Ramrattan:

This office received your recent correspondence regarding a problem in obtaining appropriate accommodations. In order to determine how we might assist you, please complete and return the following forms, all of which can be found in the enclosed packet:

- ✓ Request for services and all four authorizations
- ✓ Medical releases (2)*
- ✓ Authorization for disclosing your medical information
- ✓ ADA questionnaire
- ✓ Medical problem questionnaire

*\* On the medical releases, all you need to do—on both copies—is to initial where indicated in section 9(b), and sign/date the releases at the bottom of the page. We will complete the rest.*

In addition to filling out the forms, please provide any additional details that you think are relevant. Specifically, what reasonable accommodations did you previously have and when did DOCCS take away those accommodations? How does the removal of those reasonable accommodations effect your day-to-day life? Include names and dates if you have them. Proof must be specific and detailed. If you have any relevant records, please send me copies (if you are unable to get to a copier, send the originals to me and I will copy them for your file and return the originals to you). This might include grievances and any responses or decisions, records specific to this current problem, correspondence between you and DOCCS staff, and so on.

Also, if you have not already done so, you should submit a request for reasonable accommodations. Instructions on how to do so are provided in Directive No. 2614, "Reasonable Accommodations for Inmates with Disabilities." This directive is included in the packet of ADA materials.

Jerry Ramrattan
October 22, 2021
Page | 2

Please note we cannot promise representation at this time. Once we receive your records and further details about your situation, we will be in a better position to determine what, if any, assistance this office can provide.

I will wait to hear back from you.


Sincerely yours,

Christina Alicea
Law Graduate


Enc:    ADA Packet



**NEW YORK STATE** | **Commission for the Blind**

ANDREW M. CUOMO
Governor

SHEILA J. POOLE
Acting Commissioner

**Jerry Ramrattan**

**12-A-0608**

**Eastern Correctional Facility**

**PO BOX 338**

**Napanoch, NY  12358**

**Nov. 2, 2021**

Dear Mr. Ramrattan:

We are in receipt of your correspondence seeking assistance from NYS Commission for the Blind.  I understand you are having some difficulty within the facility regarding reasonable accommodations.  Unfortunately, our services are to assist individuals who are legally blind and totally blind with assistance with daily living skills, training, and employment in the community.

I have enclosed your verification of legal blindness along with some information on being a human guide for someone that is legally blind that may be helpful for staff, perhaps a social worker or vocational rehabilitation counselor on site can assist.  I have also included an application for services that you can apply for one month prior to your release from the facility.

Your connection with Disability Rights NY would be the appropriate contact to continue advocating while you are in the facility for the accommodations you are requesting.

Sincerely,

**Ana Duraes**

**District Manager**



**KATHY HOCHUL**
Governor

**SHEILA J. POOLE**
Commissioner

## Verification of Legal Blindness

| Name:<br>Mr. Jerry Ramrattan | NYSCB Registration No.<br>CF# 181781 |
|---|---|

| Address:<br>31-43 101st St.<br>East Elmhurst, NY 11369 |
|---|

The above named person is registered as legally blind with the Commission for the Blind in accordance with New York State law, Section 8704.

Signature: *Nathaniel Bezor*

Title:      Assistant Commissioner
Date:      11/02/2021

# Guiding a person who is blind or has low vision

Sometimes people who are blind or have low vision find it useful to be guided by another person. One way to do this safely and efficiently is to use sighted guide techniques. Not all people with little or no sight will use these methods, so it is important to ask what (if any) specific assistance they require.

Use this link for the <u>audio described version</u> of the video guiding and communicating with a person who is blind or has low vision.



## Getting started

Ask the person if they need assistance. If they do need assistance, contact the back of their hand with the back of yours.



They can then hold your arm just above the elbow.



## Walking

When passing through a doorway, ensure the person who is blind or vision impaired is on the hinged side of the door. As you get close to the door, explain which way it opens. Open the door and walk through, allowing the person you are guiding to close it behind you using their free hand.



## Steps and staircases

Stop at the first step and tell the person you are guiding whether the steps go up or down. Change sides if necessary to ensure the person you are guiding can use the handrail. Start walking when the person is ready, remaining one step ahead of them. Stop when you reach the end of the stairs and tell the person you are at the top or bottom.



## Seating

Explain which way the chair is facing and where it is placed in relation to the rest of the room. Then walk up and place your guiding arm on the chair and explain which part of the chair you are touching. The person you are guiding can then move their hand down your arm to locate the chair to seat themselves.

OCFS-1002 (Rev. 05/2020) FRONT

NEW YORK STATE
OFFICE OF CHILDREN AND FAMILY SERVICES
*COMMISSION FOR THE BLIND*
**APPLICATION FOR SERVICE**

**NOTICE:** This form may be submitted by a person who is blind or visually impaired, or by an individual or agency on behalf of that person

- If you have been mailed this form, please return it in the pre-addressed envelope provided.
- If you are filling this form out online, please fill out the form and save it as a WORD or PDF document to your desktop. Then mail or email the form to the District Office which is located closest to you. (Office and email addresses are listed on the back of this form).

| APPLICANT INFORMATION | | | |
|---|---|---|---|
| First (Full): | Middle initial: | Last: | Social security number:  -   - |
| Street address (Apt. #): | | | Date of birth:  /   / |
| City: | State: **NY** | Zip code: | County: | Area code/ Phone number: (   )   - |

If No phone, is there a number where applicant or parent/guardian can be reached? ☐ No  ☐ Yes
If Yes, please indicate: (   )   -

Email (of applicant or parent/guardian):

Has applicant previously received services from the New York State Commission for the Blind (NYSCB)?
☐ No  ☐ Yes
If Yes, please provide applicant's NYSCB Eye Registration Number:

**SERVICES NEEDED BY APPLICANT: (Check all that apply.)**

☐ Counseling and guidance
☐ Training in performing household tasks
☐ Assistance in preparing for and/or finding a job

☐ Assistance in maintaining current job
☐ Assistance in obtaining services for the above-named visually impaired child
☐ Other services

**FOR APPLICANTS UNDER THE AGE OF 21 (Please complete the following):**

Cause of visual impairment:

Age at onset _____  Does the child have any other disabilities?  ☐ No  ☐ Yes

If Yes, please describe:

**REMARKS (You may use the box below to provide any additional information)**

**I am applying for services from the New York State Commission for the Blind and agree to assist in obtaining information to determine my eligibility for services.**

| Applicant signature: | Date:  /   / |
|---|---|

Print name of parent/guardian (if applicant is under the age of 18):

| Parent/guardian signature: | Date:  /   / |
|---|---|

**PLEASE TURN OVER AND COMPLETE OTHER SIDE**



# DISABILITY RIGHTS NEW YORK

 www.drny.org    mail@drny.org    518-432-7861

November 4, 2021

Jerry Ramrattan DIN # 12-A-0608
Eastern New York Correctional Facility
Napanoch, NY 12458

Dear Mr. Ramrattan,

I am writing in response to your October 14, 2021, letter to Disability Rights New York (DRNY). I am sorry to hear that you have been experiencing retaliation since my former colleague's visit to the facility. In your letter you state that your accommodations (except your hearing aide) have been taken away – can you provide me with a list of those accommodations and approximately when they were removed? Were you provided any documentation regarding Dr. Guzman's alleged decision? If so, please provide a copy of that documentation.

Have you grieved the removal of your accommodations? If you have, please send copies of the grievance(s) and please appeal any denials until the process is fully exhausted, and provide copies of the decision(s) as well. If you have not yet grieved the removal of your accommodations, we strongly recommend that you start that process immediately.

Once DRNY received copies of the grievance(s) and decision(s), we will promptly review them to determine if there is direct assistance that we can provide.

Sincerely,

Jessica Richwalder
Senior Attorney

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

 TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

# PLS Prisoners' Legal Services
## of New York

41 State Street, Suite M112 • Albany, New York 12207
Tel: (518) 438-8046 • Fax: (518) 438-6643

**Executive Director**
Karen L. Murtagh
**Deputy Director**
Betsy Hutchings

**Managing Attorney**
Sophia Heller
**Senior Supervising Attorney**
James Bogin

**Staff Attorneys**
John Amodeo
Mary Cipriano-Walter
Matthew McGowan

November 10, 2021

**PRIVILEGED AND CONFIDENTIAL
LEGAL MAIL**

Jerry Ramrattan
12-A-0608
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

Dear Mr. Ramrattan:

I received your authorizations, request for services, questionnaires, and the medical records you sent us. I have enclosed your original documents with this letter. Thank you. I have requested your reasonable accommodation and medical records. After we review your records we will determine what further assistance we can offer.

Take good care of yourself.

Sincerely yours,

Christina Alicea
Law Graduate



# DISABILITY RIGHTS NEW YORK

 www.drny.org    mail@drny.org    518-432-7861

November 23, 2021

**Eastern NY Correctional Facility**
P.O. Box 338
Napanoch, New York 12458-0338

*Sent via mail*

To whom it may concern;

My name is Emma Stern and I am an attorney at Disability Rights New York (DRNY). My office has been working with Mr. Jerry Ramrattan (DIN # 12-A-0608) since 2016 in an effort to assist Mr. Ramrattan to receive reasonable accommodations ("RA") on the basis that he is legally blind and has bilateral hearing loss.

**Mr. Ramrattan was previously granted reasonable accommodations by three facilities.**

Mr. Ramrattan was granted a number of reasonable accommodations at Wende Correctional Facility on or about April 11, 2018 and at Sullivan Correctional Facility on or about January 14, 2016. Mr. Ramrattan was similarly granted reasonable accommodations at Eastern Correctional Facility on or about September 20, 2019. These reasonable accommodations included large print and 20/20 pen, bold paper, magnifier, mobility assistants/sight guides, orientation and mobility instruction, digital tape player with headphones, lamp, visor/sunglasses for indoor use, talking watch, talking calculator, sight cane, and click lock. Additionally, Mr. Ramrattan was housed in SDU (Sensory Disability Unit) at Eastern Correctional Facility.

**Eastern C.F. revoked Mr. Ramrattan's RAs following DRNY's Monitoring Project of Eastern C.F., creating an inference of retaliatory conduct.**

In January, 2020, DRNY conducted a monitoring project of Eastern Correctional Facility wherein DRNY investigated allegation of abuse and neglect at the facility. As part of this project, DRNY interviewed a number of inmates including Mr. Ramrattan.

Following this investigation, Eastern Correctional Facility revoked Mr. Ramrattan's reasonable accommodations and removed Mr. Ramrattan from SDU, placing him instead in the general population. The timing of these actions taken by Eastern Correctional Facility creates a strong inference they were done in retaliation for Mr. Ramrattan's cooperation with DRNY's monitoring project.

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

 TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

Page **2** of **2**

**The First Amendment prohibits retaliation by the government for exercising protected expression.**

The First Amendment prohibits government officials from retaliating against persons for exercising First Amendment freedoms. Retaliatory behavior is particularly concerning—and actionable—when, as here, there is a an overall pattern or plan of retaliation. *Lozman v. Riviera Beach, Florida,* 585 US ___ (2018); *Hernandez v. Goord*, U.S.D.C. (S.D. NY), Case No. 1:01-cv-09585-SHS; 2014 U.S. Dist. Lexis 113720.

**DRNY strongly urges DOCCS to reinstate Mr. Ramrattan's RAs.**

Mr. Ramrattan is currently seeking the reinstatement of each of his previously afforded RAs, including his placement in SDU. DRNY strongly urges Eastern C.F. to grant Mr. Ramrattan has requests. DRNY also strongly urges Eastern C.F. to expedite the process leading to the reinstatement of Mr. Ramarattan's RAs and housing.

Mr. Ramrattan's requests for accommodations are directly in line with DOCCS Directive # 2612, which states "'[t]he Department is required to make "reasonable accommodations" . . . in order to allow qualified inmates with disabilities the same opportunity as non-disabled inmates.'" I urge your department grant Mr. Carrasco's request for reasonable accommodations so he may enjoy the same opportunities as non-disabled inmates pursuant to this directive as well as the Americans with Disability Act (ADA).

Please see the attached Verification of Legal Blindness from the New York State Commission for the Blind, dated January 29, 2020—after the date Eastern C.F. revoked Mr. Ramrattan's RAs—confirming Mr. Ramrattan is registered as legally blind.

To the extent an optometry appointment is required to reinstate Mr. Ramrattan's RAs, Mr. Ramrattan agrees to cooperate fully. DRNY strong encourages Easter C.F. to expeditiously schedule any such required appointments.

Sincerely,

/s/ Emma Stern, Esq.
Disability Rights New York
25 Chapel Street, Suite 1005
Brooklyn, New York 11201
(929) 545-0387
emma.stern@drny.org

Enclosed: January 29, 2020 NYS Commission for the Blind Verification of Legal Blindness

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**



Disability Rights NY

NOV 17 2021

Received

**ANDREW M. CUOMO**
Governor

**SHEILA J. POOLE**
Commissioner

## Verification of Legal Blindness

| Name: | NYSCB Registration No. |
| --- | --- |
| Jerry Ramrattan | CF# 181781 |
| Address: | |
| 31-43 101st St. | |
| East Elmhurst, NY 11369 | |

The above named person is registered as legally blind with the Commission for the Blind in accordance with New York State law, Section 8704.

Signature: *Nathaniel Beyer*

Title:       Assistant Commissioner
Date:        01/29/2020

EXHIBIT (**D**)
Plaintiff's records  indicating the of  filing Notice of Intent

13

STATE OF NEW YORK - COURT OF CLAIMS

---

J. RAMRATTAN 12-A-0608,   Claimant,

-Against-

NOTICE OF INTENTION
TO FILE A CLAIM

STATE OF NEW YORK,
DEPARTMENT OF CORRECTIONAL SERVICES,
                        Respondent,

---

TO THE ATTORNEY GENERAL OF THE STATE OF NEW YORK:


PLEASE TAKE NOTICE, that the undersigned, J. Ramrattan, intends to file a claim against the State of New York pursuant to Sections 10 and 11 of the Court of Claims Act.


The Post Office Address of the claimant herein is J. Ramrattan 12-A-0608, Eastern Correctional Facility, P.O. Box 338 Napanoch, NY 12458.


For the time being I am representing myself.


The nature, time and place where such claim arose is that on or about January of 2020, I was deprived of my reasonable accommodations to a serious medical need as a form of retaliation, and further deprived of adequate and meaningful healthcare to my serious medical needs.  The actions created by

the deprivation have caused further need for Mental Health intervention due to stress, emotional duress and fear for my health and safety due to the removal of my serious medical needs.

This action is a TORT and as such, the State of New York is Negligent for the actions herein.

This claim is based on ongoing medical treatment to my disability and the issues both medical and mental health that are continuously changing have caused me severe pain and suffering, and any delay and or disregard for my medical needs places me at a foreseeable risk for further injury.

This Notice of Intention is being made so that I can properly pursue my right to sue the State of New York & the Department of Correctional Services for the negligence, disregard and delay to my serious medical needs by the employee's and other agents of representation authorized by the Department of Corrections, where my health and safety become an issue of concern within their job description that is intended to provide adequate and meaningful medical care and accommodations to the same in a timely, non-discriminatory manner.

I am seeking monetary damages and am currently exhausting my administrative remedies for this process.

I further reserve the right to bring action in the Federal District Court against the acting agents of the State in a Personal and Professional capacity for further violations of my rights under the NYS American With Disability Act, and will notify this court of the ongoing matters involved therein that apply to all the standards and rules for this action.

Date: February 4, 2020

J. Ramrattan 12-A-0608
Eastern Correctional Facility
Box 338 Napanoch, New York
12458

sworn to before me
This 4 day of February, 2020

NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires 9/52/22

STATE OF NEW YORK - COURT OF CLAIMS

J. RAMRATTAN 12-A-0608,      Claimant,

                                                    VERIFICATION

        -Against-

STATE OF NEW YORK,
DEPARTMENT OF CORRECTIONAL SERVICES,
                        Respondent,

STATE OF NEW YORK)
COUNTY OF ULSTER)  SS:

        J. Ramrattan, having been duly sworn deposes and says;

        I am the claimant in the above-entitled action, and I make
this verification in connection to the enclosed Notice of
Intention to the New York State Attorney General for the State of
New York.

        I further declare that I have read the foregoing papers
herein and know the contents of the same.  The same is true and
correct to the best of my knowledge, except as to those matters
alleged on information and belief, and as to those matters I
believe them to be true.

Date: February 4, 2020

                                    J. Ramrattan 12-A-0608
                                    Eastern Correctional Facility
                                    Box 338 Napanoch, New York
                                                     12458

sworn to before me
This  4  day of February, 2020

NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires 9/25/22

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF ULSTER)        SS:

    I J. Ramrattan 12-A-0608, swear under penalty of perjury
that:
I am the claimant in the enclosed action.
I have on this __4__ day of _February_ ,2020, placed and
submitted within the institutional mailbox located at Eastern
Correctional Facility P.O. Box 338 Napanoch, NY 12458 the
following,

1.      NOTICE OF INTENTION TO FILE A CLAIM.

    To be duly mailed and delivered via United States Postal
Service by way of certified mail/return receipt upon the
following party(s):

1.       NEW YORK STATE ATTORNEY GENERAL - LETICIA JAMES,
DEPARTMENT OF LAW-THE CAPITOL, ALBANY, NEW YORK 12224.

Date: _02-04-20_

                    J. Ramrattan 12-A-0608
             Eastern Correctional Facility
             P.O. Box 338 Napanoch, NY 12458

sworn to before me this
__4__ day of _February_ ,2020
_Cho R Fay_
NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires 9/22/22

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The New York Attorney General
Department of Law
Albany N.Y. 12224

9590 9402 6689 1060 7200 83

7020 0640 0000 7061 8827

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees

Sent To  The New York Attorney General
Street and Apt. No., or PO Box No.  Department of Law
City, State, ZIP+4®  Albany N.Y. 12224

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7020 0640 0000 7061 8827

STATE OF NEW YORK – COURT OF CLAIMS

---

JERRY RAMRATTAN 12-A-0608,
<div align="center">Claimant</div>

<div align="right">**NOTICE OF INTENTION
TO FILE A CLAIM**</div>

<div align="center">-Against-</div>

STATE OF NEW YORK, DEPARTMENT OF
CORRECTIONAL SERVICES,
<div align="center">Respondent</div>

---

TO THE ATTORNEY GENERAL OF THE STATE OF NEW YORK

**PEASE TAKE NOTICE**, that the undersigned, Jerry Ramarattan, intends to file a claim against the State of New York pursuant to Sections 10 and 11 of the Court of Claim Act.

The Post office Address of the Claimant herein is Jerry Ramrattan 12-A-0608, Eastern New York Correctional Facility, P.O. Box 338, Napanoch, New York 12458.

For the time being I am representing myself.

The nature, time and place where such claim arose is that on or about January of 2020, I was deprived of my reasonable accommodations to a serious medical need as a form of retaliation, and further deprived of adequate and meaningful healthcare to my serious medical needs.

The actions created by the deprivation have caused further need for Mental health intervention due to stress, emotional duress and fear for my health and safety due to the removal of my serious medical needs.

This action is a Tort and as such, the State of New York is Negligent for the actions herein.

This claim is based on ongoing medical and mental health that are continuously changing have caused me severe pain and suffering, and any delay and or disregard for my medical needs places me at a foreseeable risk for further injury.

This Notice of Intention is being made so that I can properly pursue my right to sue the State of New York and the Department of Correctional Services for the negligence, disregard and delay to my serious medical needs by the employee's and other agents of representation authorized by the Department of corrections. Where my health and safety become an issue of concern within their job description that is intended to provide adequate and meaningful medical care and accommodations to the same in a timely, non-discriminatory manner.

I am seeking monetary damages and am currently exhausting my administrative remedies for this process.

I further reserve the right to bring action in the Federal District Court against the acting agents of the State in a Personal and Professional capacity for further violations of my rights under the New York State American with Disability Act, and will notify this court of the ongoing matters involved therein that apply to all the standards and rules for this action.

Dated: 5 October, 2021

Jerry Ramrattan 12-A-0608
Eastern New York C.F.
P.O. Box 338
Napanoch, New York 12458

Affirmed before me this
5 day of    October, 2021

NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires

STATE OF NEW YORK – COURT OF CLAIMS

JERRY RAMRATTAN 12-A-0608,
                              Claimant

                                                    **VERIFICATION**

              -Against-

STATE OF NEW YORK, DEPARTMENT OF
CORRECTIONAL SERVICES,
                              Respondent

STATE OF NEW YORK)
COUNTY OF ULSTER  ) ss.:

Jerry Ramrattan, having been duly affirmed:

I am the Claimant in the above entitled action, and I make this verification in connection to the enclosed Notice of Intention to the New York State Attorney General for the State of New York.

I further declare that I have read the foregoing papers herein and know the contents of the same.  The same is true and correct to the best of my knowledge, except as to those matters I believe them to be true.

Dated: 5 October, 2021

                              _Jerry Ramrattan_
                              Jerry Ramrattan 12-A-0608
                              Eastern New York C.F.
                              P.O. Box 338
                              Napanoch, New York 12458

Affirmed before me this
5 day of October, 2021
_Chris Fay_
NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires____9/22/22

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF ULSTER   ) ss.:

I, Jerry Ramrattan 12-A-0608,  do hereby affirm:

I am the Claimant in the enclosed action.

I have on the 5 day of October, 2021, placed and submitted within the institutional mailbox located at Eastern New York Correctional facility P.O. Box 338, Napanoch, New York 12458, the following,

1. Notice Of Intention To File A Claim.

To be duly mailed and delivered via United States Postal Service by way of certified mail/return receipt upon the following party(s):

1. Leticia James-New York State Attorney General, Department of Law-The capitol, Albany New York 12224.

Dated: 5 October, 2021

Jerry Ramrattan 12-A-0608
Eastern New York C.F.
P.O. Box 338
Napanoch, New York 12458

Affirmed before me this
5 day of October, 2021

NOTARY PUBLIC

CHRISTINE R FAY
Notary Public, State of New York
No. 01FA6312128
Qualified in Ulster County
My Commission Expires 9/22/22

Jerry Ramrattan
Plaintiff (***Pro- se***)

**(DOCCS) and Community Supervision**
Eastern Correctional facility Box 338,
Napanoch, New York, 12458, Housing
Unit / South Hall 16-27

Date: 11/08/2021

**VIA: Free Matter for the Blind Postage**
To: Clerk of Court (Pro-se Motion Part)
      United States District Courthouse
      Southern District of New York
      40 Foley Square
      New York, New York 10007

Commission for the Blind
Registration # 181781

**Re:  Undue Hardship Special circumstances**

Dear Counsel:

    I am the plaintiff legally blind, member of a particular class base, via, (Commission for the blind registration # 181781) in the above mentioned referenced matter, In that capacity. I write to you via, notice of communication placing the Court on immediate notice that due to the rapid deterioration of my remaining eyesight. I am requesting that the ("Affirmation in Request for Document Demand") coupled with, (Affirmation in Interrogatories) be placed upon my document sheet and filed due to I may not be able to formulate such Motions in the near future. Enclosed you will find both Affirmations along with my Compl, and Poor persons.

**PLAINTIFF THANKS THE COURT FOR ITS TIME AND CONSIDERATION.**

**CC: File / J. R.**

Respectfully Submitted

*Jerrey Ramsatten*

UNITED STATES DISTRICT COURT
**SOUTHERN:** DISTRICT OF NEW YORK

Commission for the Blind
Registration # 181781

---

JERRY RAMRATTAN

               Plaintiff,

**PLAINTIFF'S
AFFIRMATION
IN DOCUMENT
DEMAND
PURSUANT   TO
Fed. R. Civ. Proc. 26**

-v,-

THE STATE OF NEW YORK
Physician GUZMAN (DOCCS)
Deputy of Programs Ms. MORRIS (DOCCS)
Qualified Interpreter Ms. LEWIS (DOCCS)

21 CV ___ ( ) ( )

               Defendant

JURY DEMAND

Being Sued in their Individual Capacity

---

      **PLAINTIFF** Pro-se executes ("Affirmation in Request for Documents") pursuant to, Fed. Rule. Civ. Proc. 26. Demands [DOCCS] Administrative Hierarchy leads to evidence admissible at trial, **Frail v City of New York,** 236 FRD 116,118 (EDNY).

Taking a look behind the Curtain

DOCUMENT DEMAND:

1

1) All records of the contractual agreement between the State of New York and the Federal Government involving, ADA 504 Rehabilitation Act (Title 2) not excluding, Protocols / Guidelines, Policies/ Customs.

2) A summary of names involving superiors/agents responsible for implementing Guide lines and Protocols, not  under the ADA, 540 Rehabilitation Act (Title 2) not excluding minutes of which Policies, and Customs were implemented.

3)  Records indicating the exact amount of funds allocated from the Federal government to the, State of New York causation in providing funds allocated to Defendants Municipal, (DOCCS).

4) Records indicating the amount of funds spent at (Eastern) facility for Reasonable Accommodation to devices and services for qualified individuals from ( 2019- 2022)?

5) Records indicating names of superiors/ agents of (DOCCS) responsible for assuring funds are provided for the visually/hearing impaired throughout State Cor. facilities.

6) Records indicating the duties of Chief medical examiner physician, (Morley).

7) Records indicating the duties of (DOCCS) and Community Supervision Head Administrator (John/Jane Does) under the ADA, 504 Rehabilitation Act (Title 2) representing incarcerated qualified individual[s] throughout the State Cor. facilities.

8) Records indicating (John/Jane Does) advocates from the Americans with Disabilities visit to Eastern facility on   ( Jan 16. 2020) not excluding one-on-one  interviews conducted with qualified individuals housed within (SDU) housing (B-3-25) not excluding correspondences between (DOCCS) and Americans With Disabilities, E- mails between  ( Deputy Superintendent  and Americans with Disability.

3

9) Records of grievances filed by plaintiff, against defendants (PLRA) from (Jan 23. 2020) to present.

10) Records of Civil actions lawsuits against defendant, (physician) (GUZMAN) those pending and resolved from, (2017 to the present).

11) Records of grievances filed against defendant, Ms. (MORRIS) from (2017 to the present).

12) Records of civil law suits filed against defendant Ms. (MORRIS) from (2017 to the present).

13) Records indicating the duties of Supt. (Lilly).

14) Records indicating the duties of defendant, Ms. (MORRIS).

15) Records indicating the duties of defendant physician (GUZMAN).

16) Records indicating the contractual agreement between the State of New York and private Medical Municipalities providing medical services to (DOCCS).

17) All plaintiffs' medical records from, (2016 to the present)

18) All plaintiffs' mental health records from, (2016 to the present).

Date: 11/25/2021

Napanoch, New York 12458

> Jerry Ramrattan 12-A-0608
> **Pro-se** Qualified Individual
> EasternNY Correctional Facility
> Box 338 Napanoch, New York 12458
>
> *Jerry Ramrattan*

To:  Clerk of Court (Pro-se Motion Part)
     United States District Court
     Southern District of New York
     40 Foley Square
     New York, New York 10007

UNITED STATES DISTRICT COURT
**SOUTHERN**: DISTRICT OF NEW YORK

Commission for the Blind
Registration # 181781

---

JERRY RAMRATTAN
                    Plaintiff,

              -v,-


THE STATE OF NEW YORK
Physician GUZMAN (DOCCS)
Deputy of Programs Ms. MORRIS (DOCCS)
Qualified Interpreter Ms. LEWIS (DOCCS)
                    Defendant

Being Sued in their Individual Capacity

---

**PLAINTIFF'S
AFFIRMATION
IN PRODUCTION OF
INTERROGATORIES
PURSUANT TO,
Fed. R. Civ. Proc. 26**

21 CV ___( ) ( )

JURY DEMAND

---

**Pro-se** Plaintiff member of a particular class base, via Commission for the Blind Registration # 181781. Executes ("Affirmation") in submission of (Interrogatories) on defendants pursuant to, (F,R,C,P, 26 (b)(1). Were relevant evidence in civil litigation is given great weight within the (Southern District) Federal Court's pursuant to, **Mays v Town of Hempstead**, No. cv 3998, 2011 WL 4345164 At 2 (E.D.N.Y. Sept. 15. 2011) relating to transparency, which will provide relevant facts involving testimonies under oath for plaintiff's impeaching purposes upon modern day trial proceedings.

## THE STATE OF NEW YORK

1) What is the exact amount of funds allocated from the Federal government annually to DEFENDANT, the State of New York (DOCCS), In adequately proving visually / hearing impaired qualified individuals productive/ comprehensive, Auxiliary Aids programs and services under the ADA, 504, Rehabilitation Act (Title 2)?

2) How much of those government funds were provided to (DOCCS) (Eastern) Correctional facility in, (2019- 2021)

3) Who were the Superiors/Agents of (DOCCS)  and Community Supervision responsible for formulating (DOCCS) Polices/ Customs in providing Qualified Individuals  visually/hearing Impaired Access to Auxiliary Aids devices to services and programs under the ADA, 504 Rehabilitation Act (Title 2) (*.Id*)

4) Why does Directive (2612) fail to afford adequate Due process rights in  affording  visually/hearing  impaired  productive/comprehensive methods in adequate hearings before confiscating or denial of (R.A.) Reasonable Accommodations to devices and services when facing a serious disability?

5) Is the State of New York responsible for training correctional officers not excluding superiors in comprehensive methods in learning sign language and sensitivity skills in proper communication techniques under the Americans with disability Act?

6) When has the (DOCCS) Administrator representing ADA, 504 Rehabilitation Act (Title 2) last visited (DOCCS) Eastern facility and conducted interviews concerning the needs of qualified individuals, and those who are seeking Reasonable Accommodations,  or restoring Auxiliary Aids to devices ?

7) How many times has the State of New York had to defend defendant physician (GUZMAN) in civil court laws suit actions concerning a deprivation of incarcerated individuals (Const) Rights?

8) How much money has the State of New York paid out to incarcerated Individuals due to physician (GUZMAN) Negligence behavior?

9) Who is the superior of (DOCCS) that is responsible for implementing a Policy in allowing (DOCCS) facility physician to override a specialist findings after a sufficient and concise examination of the incarcerated individual and Qualified Individual?

#### Dr. GUZMAN

1) Did any superior from (DOCCS) Eastern facility instruct you to examine plaintiff's medical file on or about, (2020) directly after the Americans with Disabilities and Legal Aid Society visited (Eastern) Correctional facility, due to a Compl., filed against Eastern facility?

2) Did you state inside of plaintiff's medical files that you have reason to believe that plaintiff is ( malingering ) his eye condition, directly after plaintiff filed a Compl., with the Americans with Disabilities?

3) Did you ever provide plaintiff in writing why you confiscated his Auxiliary Aids and devices (R.A.) which also resulted in him being transferred to general population?

4) Did you confiscate plaintiff's (R.A.) because he filed a Compl. against (Eastern) facility for a failure to provide adequate programs and services to incarcerated (qualified ) individuals

5) How many lawsuits have been filed from incarcerated individuals against you, due to various medical Negligence, as a physician?

6) Did you ever provide in writing, document form, E- mail to Deputy of programs   defendant   Ms. (Morris) why you found it feasible to confiscate plaintiff (R.A.) Reasonable Accommodations resulting in him being transferred to general population?

7) Did defendant Ms. (Morris) ever inquire about any clarification concerning plaintiff being denied access to (R.A.) and transferred out of (SDU) housing?

8) Did Supt. ((Lilly) ever contact you ordering a hearing based upon plaintiff' appealing your personal opinion. stemming from your examination of his medical records?

9) After requesting that plaintiff be sent to a specialist for his legal blindness, did you again request that plaintiff be sent out a second time or have nurse administrator make the same request, when  plaintiff had been already validated by a specialist that he is legally blind?

10) Is it required as a head medical physician to place your medical determination in writing when ever ordering to confiscate an incarcerated (qualified) individual[s] (R.A.) programs and services under the ADA, 504 Rehabilitation Act (Title 2)?

11) What was your bases of confiscating plaintiff's devices?

12) How many lawsuits do you now have pending against you ?

13) How many times have you instructed (DOCCS) to send plaintiff to a specialist?

14) How many times have you requested (DOCCS) to send plaintiff to an eye specialist?

15) Did you recommend that defendant Ms. (LEWIS) confiscate plaintiff's (R.A.)?

16) What is the exact date you examined plaintiff's medical records base on your opinion that he is malingering?

17) What is the exact date that you ordered to confiscate plaintiff's Reasonable Accommodations?

18) Did you think that by confiscating plaintiff's (R.A.) would be a grave risk to his health and safety physically and mentally?

19) Why do you as a physician think that plaintiff would not face physical and emotional complications when taking away his devices and services and sent to general population?

20) What did you find in plaintiff' records to validate that he was malingering his eyesight after seeing a specialist on, (Oct 21 2021)

21) Are you an eye specialist?

22) Why did you decide to go disaccording to the eye specialist findings on, (Oct 21. 2021) after plaintiff's examination?

### DEPUTY OF PROGRAMS Ms MORRIS

1) What are your duties as a former Deputy of programs at (DOCCS) Eastern facility?

2) Are you responsible for assuring that incarcerated individuals that are facing complications in being provided  the necessary programs and services under federal provision pursuant to, the ADA, 504 Rehabilitation Act (Title 2)?

3) What is your duties as a Deputy of programs when an incarcerated individual is denied access to programs and services under the ADA, 504 Rehabilitation Act (Title 2)?

4) Were you ever placed on notice by the plaintiff that his (R.A.) were confiscated by defendant physician, (GUZMAN) and defendant Ms (Lewis) while fearing for his health and safety?

5)  Explain what procedures you applied in assisting the plaintiff when faced with deficiencies ADA, 504 Rehabilitation  (Title 2 )entitlement?

6) Did you ever provide the plaintiff a hearing based upon him being denied (R.A) services by defendant physician (GUZMAN)?

7) Is it your responsibility to assure that plaintiff is afforded a hearing (*if*) not whose responsibility is it?

8) Did you ever request any clarification from physician, (GUZMAN) concerning plaintiff being denied (R.A) devices at any time?

9) What are the dates that you responded to plaintiff's notices seeking assistance in being restored his Reasonable Accommodations, programs, and services?

10) Are you able to provide copies of all your responses to the plaintiff's requests for a Federal in-court examination?

11) Did you at any time provide plaintiff with any assistance with relevant information to (DOCCS) outside administrative bodies?

12) Did you at any time visit plaintiff concerning his grievances under ADA, 504 Rehabilitation Act Title 2?

13) Have you ever provided information under the ADA, 504 Rehabilitation Act (Title 2) to qualified individuals housed within (SDU)

by posting relevant agencies, support groups mandated laws and guidelines?

14) Did you ever contact Supt. (Lilly) in behave of plaintiff concerning access barriers in receiving clarification involving the content of his denial of meaningful devices and services?

## QUALIFIED INTERPRETER Ms. (LEWIS)

1) What are your duties as a qualified interpreter (Advocate) under the Americans with Disabilities, 504 Rehabilitation Act (Title 2) at (DOCCS) Eastern facility?

2) How long have you been a Qualified Interpreter (Advocate) for the State of New York?

3) How long have you worked out of (Eastern) correctional facility as a advocate for Americans with Disability?

4) How many disciplinary infractions do you have a failure to provide incarcerated (qualified) individual[s] with programs and services?

5) Have you ever been sued for inadequate conduct as a (advocate qualified interpreter?

6) Who order you to confiscate plaintiff's (R.A.) devices as a qualified individual?

7) What date did you confiscate plaintiff's Reasonable Accommodations?

8) How many days do you work at (Eastern) Cor. Facility as a qualified interpreter under the ADA?

9) Have you ever been sued for inadequate conduct as a qualified interpreter?

10) Did the plaintiff ever contact you concerning a failure to be provided adequate (R.A.) and services at Eastern facility?

11) Can you provide copies of those notices of communications and your reponses to the Federal Courts for in- court inspection?

12) Did plaintiff ever file a Compl against you for failing to provide adequate services while at (DOCCS) Eastern facility?

13) What was the outcome of the Compl?

14) Who is your superior?

15) When an incarcerated individual is being denied (R.A.) can you explain your duties as a qualified interpreter (Advocate)?

16) Are you required to assure that incarcerated individual[s] with disabilities (visually impaired) be provided a hearing based upon their requests for such Reasonable Accommodations when denied of programs and services?

17) Did you ever assist plaintiff at any time involving his due process rights to a hearing or the opportunity to appeal decision defendant (GUZMAN) denial of adequate (R.A.)?

18) Did you confiscate plaintiff's (R.A.)?

19) Did you order plaintiff to remove a worn and tore (SDU) hat, then throwing his hat the trash can?

20) Did you at any time contact the medical department on behave of plaintiff being denied (R.A) and sent to general population?

21) Did you at any time contact defendant Deputy (Morris) in assisting plaintiff in regaining access to Reasonable Accommodations?

22) Do you have anything against incarcerated individuals?

23) How many times a week, do you make your rounds within (SDU) housing area?

24) How many times a week, do you make your rounds inside facility law library checking supplies (SDU) computers, posting signs for Free Matter for the Blind Postage?

25) How many times a week do you make your rounds in (SDU) wreck area?

Date: 11/ 23/2021

Napanoch, New York 12458

Jerry  Ramrattan 12-A-0608
*Pro-se* Qualified Individual
EasternNY Correctional Facility
Box 338 Napanoch, New York 12458

*Jerry Ramrattan*

To:   Clerk of Court (Pro-se Motion Part)
        United States District Court
        Southern District of New York
        40 Foley Square
        New York, New York 10007

Date 10/28/2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PLAINTIFF'S COMPL, AGAINST ("THE STATE") OF NEW YORK IN DEPRIVATION OF CIVIL RIGHTS SECURED BY THE UNITED STATES CONST. AND FEDERALLY PROTECTED RIGHTS PURSUANT TO, ADA, 504 REHABILITATION ACT (TITLE 2)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

42 USC §§ 1983,


21Civ. _____ ( ) ( )

---

Jerry Ramrattan 12-A-0608
Plaintiff (*pro-se*):
(Qualified Individual)
Eastern NY Correctional Facility
Box 338 Napanoch, New York 12458

<u>Commission for the Blind</u>
Registration # **181781**

1

# SUMMARY

1) **Plaintiff's federally protected rights as a legally blind qualified individual.**

2) **Plaintiff's background and procedural history.**

3) **Deprivation of plaintiff's Civil Rights resulting in Damages.**

4)  **Personal Involvement in direct participation of superiors and actors.**

5) **Relief of Sought.**

### Const and statutory provision pursuant to State and Federal claims

 42 USC § 1983

State Claims, Intentional Infliction of Emotional Distress, Negligence, Breach of contract

USCA CONST AMEND 8, 14

Civil Rights Law

New York State Human Rights Law (NYSHRL)

New York § CPLR Section 1029 (Due Diligence)\

New York § CPLR Section 3016 (Notice)

American Disability Act, 504 Rehabilitation Act (Title 2)

 Federal Provisions
28 CFR § 35.130 (b) 29 USC 794 (§ 504 USC, §§12131, 12133 28 CFR, §§ 42 504(1)

**Claims involving federal claims pursuant to, 42 USCA §§ 1983**

1) Defendants, **State of New York**
   a) Superior Respondent
   b) Foreseeable Risk
   c) Deliberate Indifference
   d) Cruel and Unusual Treatment

## Exhibits

1) Exhibit (**A**)
   Excerpts of Plaintiff's medical records establishing a qualified individual (legally Blind)

2) Exhibit (**B**)
   Plaintiff's records indicating Exhaustion of Administrative remedies (PLRA) grievances pursuant to, 42 USCA § 200e et Seq

3) Exhibit (**C**)
   Plaintiff's internal/external notices of communications with Disabilities Rights of New York (Matt Steel), also Legal Aid Society (Stefan Short) concerning deficiencies of Eastern facility providing Reasonable Accommodations

4) Exhibit (**D**)
   Plaintiff's records indicating Notice of Intent filed within (90) day tolling period pursuant to § 50-(e)

THE UNITED STATES DISTRICT COURT
**SOUTHERN**: DISTRICT OF NEW YORK

Commission for the Blind
Registration # 181781

---

JERRY RAMRATTAN

                    Plaintiff,

**PLAINTIFF'S
COMPL.
PURSUANT TO
42 USC 1983**

The State of New York
(DOCCS) Physician GUZMAN
(DOCCS) Qualified Interpreter Ms. LEWIS
(DOCCS) Deputy of Programs Ms. MORRIS

Dkt. 21 Civ.____

JURY DEMAND

                    Defendants.

Being sued in their individual Capcity

---

**PLAINTIFF**, a legally blind qualified individual member of a particular class base via, (Commission for the Blind Registration # 181781 executes ("Affirmation") pursuant to ADA, 504 Rehabilitation Act (Title 2) based upon a deprivation of federally protected rights secured by privileges and immunities, of the United States (Const) not only as a citizen, but also as a qualified individual hereby states:

under the penalty of perjury that the following dates, events, and names of superiors and agents (personal involvement) in unlawful conduct,

4

are to the best of his knowledge  Just and True and will be used in a Federal Court of law  during examination within the  Hon. Judges Chambers.

**Back Ground:**

Plaintiff is a (49) year old legally blind qualified individual being held under the care, custody and control of the, State of New York (DOCCS) (Eastern) facility, supervised by Supt. (Lilly). Plaintiff asserts that he can not, see, read, write, type nor navigate himself  through out (Eastern) Correctional facility without the assistance of Reasonable Accommodations to Auxiliary Aids and devices and services, while also experiencing extreme difficulties, even with the assistance of  sight cane, mobility sight-guide, and corrective lenses, while  facing  multiple  pre-existing  injuries  (diabetes) amongst other things

On and about (September  9. 2019) plaintiff had been transferred from (Five-point) Cor, facility to (Eastern). Upon arrival plaintiff had been immediately housed within an (SDU) Sensorial Disability Unit based upon having a serious disability (legally blind within both (DOCCS)  prior facilities (Wendy's and Sullivan) Shortly after being within Eastern facility plaintiff began facing several deficiencies concerning adequate access to Reasonable Accommodations in Auxiliary Aids to devices and Services, mandated  by Congress resulting in an unconscionable breakdown in Eastern

facility mechanism (internal deficiencies ) resulting in plaintiff notifying numerous outside agencies via, (Disability Rights New York) advocate (Matt Steel) coupled with,  (Legal Aid Society) advocate (Stefan Short) seeking to remedy the wrong.

On and about, (Jan 16. 2020) advocate (Matt Steel) visited Eastern facility and conducted one-on-one interviews with several qualified individuals housed within (SDU) B-3-25 and B-3-32 disable units not excluding an interview with plaintiff. Shortly after Mr. (Steel) completed his visit. (Eastern) facility administrative body notified defendant Dr. (GUZMAN) to conduct a probe into plaintiff's medical records (retaliation) Dr. (GUZMAN) ordered plaintiffs Reasonable Accommodations to be immediately confiscated and plaintiff to be place into general population housing unit.

On and about (Jan 17. 2020) plaintiff had been informed  to report to the Resource Room due to defendant  Ms. (LEWIS) a qualified interpreter under the ADA, 504 Rehabilitation Act (Title 2) exercising her duties out of (DOCCS) Correctional facilities (Sullivan and Eastern).  Upon  plaintiff's arrival to  resource room Ms. (LEWIS) had informed plaintiff that based upon the medical departments (Dr. GUZMAN) independent examination involving the severity  of  his  disability  his  access  to  all  Reasonable

6

Accommodations to Auxiliary Aids and Services are to be immediately confiscated based upon medical evaluation performed by Dr. (GUZMAN) via record keeping. The following items and assistance were confiscated from plaintiff.

1) Sight cane

2) Mobility sight guide

3) SDU housing for the visually impaired

4) Lamp

5) Talking watch ( # 429)

6) Access to Auxiliary devices within facility Law Library

7) Magnifying lighting glass (# 24)

8) Free Matter for the Blind postage

9) Headphones

10) Access to resource room.

11) Talking calculator (# 27)

12) Digital Book player

On and about (Jan 20. 2020) plaintiff had been transferred from (SDU) housing unit B-25 for the visually/ hearing impaired into a general population setting, (South Hall) B-3 -8

**Facts Presented**:

The primary bases of plaintiff's 1983 Civil Tort is that, due to plaintiff filing a Compl., against (DOCCS)  (Eastern ) fac. to external agencies (Civil  Disability of New York, Legal Aid Society which resulted in not only (Advocates) visiting facility but, also conducting interviews with qualified individuals resulted in (Eastern) internal administration at the facility level to strategically probe into plaintiff's medical records directly after advocates visit  and attempting to find anything to disqualified plaintiff as a qualified individual in retaliation. Defendant Dr. (Guzman) performed in a manner with a conscious disregard turn his head to the obvious concerning previous creditable medical history of Opticians, and Doctors, within previous facilities by exercising a malicious intent to cause plaintiff harm in violation of his $8^{th}$ Amend Rights to be free from Cruel and Unusual treatment.

Secondly, defendants breached their duties in failing to first formulate a hearing for plaintiff before confiscating plaintiff's Reasonable Accommodations, and transferring plaintiff into general population. Records indicate that, [i] plaintiff is a qualified individual [ii] that the defendants the State of New York is subjected to ADA and [iii] plaintiff has been denied the opportunity to participate in or benefit from defendants

services, programs, or activities otherwise discriminated against by defendants. See plaintiffs Exhibit (**A**) excerpts of medical records.  While plaintiff in good faith exercised due diligence in exhaustion of administrative remedies pursuant to, New York § CPLR Section (3016) sufficient notice of communication complained of to enable defendants to remedy the wrong pursuant to, 42 USC § 1997 NYCRR 701.5 701 6 (a) 701.7. (PLRA) (no avail) <u>See</u> Exhibit (**B**), and  Exhibit (**C**) establishing notices of communication with defendants' subordinates requesting to be adequately evaluated by specialist coupled with, restoring his Reasonable Accommodations as Exhibit (**D**) indicates plaintiff  also filed his Notice of Intent (Right to Sue) pursuant to, § 10, 11 Court of Claims Act affording defendants sufficient notice of communication complained of to enable them to defend themselves pursuant to New York General Municipal §§ 50- (e) and New York County Law § 52(1)

**Personal Involvement**:

1) **The STATE OF NEW YORK** (Defendants)

Defendants the, State of New York upon having constructive knowledge based upon being  allocated funds by federal government under the Americans with Disabilities Act, 504 Rehabilitation Act (Title 2). Defendants failed to implement a sound comprehensive policy or custom

that regulates methods in providing qualified individuals facing discrepancies within Cor. Facilities (R. A.) Reasonable Accommodations to Auxiliary Aids to devices and services through a productive Due process procedure. In first affording alleged qualified individuals a hearing before unlawfully denying them services, thereafter an appeal process directed to (DOCCS) Chief medical examiner in finality providing qualified individuals an even playing field. (Due process) (Breach of duties)

Instead, defendants failed to implement comprehensive policy causation in their subordinate Dr. (GUZMAN) upon having multiple infractions via, State and Federal Civil Torts pending/resolved to abuse his authority with a malicious intent to cause plaintiff harm upon having constructive knowledge that plaintiff filed an Compl., directed to outside agencies. Defendant existing policy resulted in injuries sustained to plaintiff

## 2) **PHYSICIAN (GUZMAN)**

Defendant (GUZMAN) is responsible for providing adequate medical services to incarcerated individuals within Eastern Cor. facility, not excluding qualified individuals with disabilities. Defendant (GUZMAN) was responsible for examining plaintiff's medical records, thereafter ordering defendant (Lewis) to confiscate plaintiff's Reasonable Accommodations acting in concert with defendant Ms. (MORRIS) Dr. (GUZMAN) stated in

console that plaintiff is malingering his lost of sight resulting in a conscious disregard to prior examination without affording plaintiff a hearing or notice of his findings that were contrary to other facility specialist, and physicians.

### 3. FORMER DEPUTY OF PROGRAMS (MORRIS)

Defendant (MORRIS) responsibilities is to assure that incarcerated individuals receive the necessary programs, and services to enable them access to educational, and therapeutic skills amongst other things not excluding qualified individuals under the ADA, 504 Rehabilitation Act title 2). (.*id*) Defendant (MORRIS) ignore plaintiffs request for assistant when denied his Reasonable Accommodations with a conscious disregard to his health and safety.

Defendant failed to response to notices of communication by turning her head to the obvious upon having constructive knowledge that plaintiff filed numerous Compls, Defendant breach her duties as a Deputy of program when failing to provide plaintiff adequate information concerning the procedure of confiscating Reasonable Accommodations. Nor provided plaintiff access to a proper sit down with defendant (LEWIS) going over the particulars. Instead, plaintiff was removed from (SDU) housing without (R.A). Defendant breached her duties causation resulting in injuries sustained to plaintiff.

### 4. Ms (LEWIS) QUALIFIED INTERPRETER

Defendant (LEWIS) responsibilities as a qualified interpreter are to assure that qualified individuals (disable) receive adequate comprehensive, training methods, access to Auxiliary Aids to devices and all services mandated under ADA, 504 Rehabilitation Act (Title 2) not excluding up to date information concerning entitlement conducive in maintaining stable mind sets while assuring that all disable prisoners are sufficiently provided an even playing field opposed to those incarcerated prisoners without a disability. Defendant is responsible was responsible for calling  plaintiff down to her office Resource Room and confiscating all Reasonable Accommodations. Defendant upon having constructive knowledge of plaintiff's Compl. to outside agencies acted in a manner with malicious intent to do the plaintiff harm, while also requesting plaintiff to give her his hat which was  worn and torn, plaintiff removed his  (SDU) hat off his head and (Lewis) disposed cap in the trash can.

In addition, defendant failed to provide plaintiff any vehicles to utilized any outside agencies or internal assistance within (DOCCS) external administration in order to proceed with any appeal proceedings in restoring entitlement in a breach of duty. Defendant should have requested that plaintiff be seen personally by defendant (Guzman) de novo   assisting

plaintiff with medical notes, copies of records relating to defendant (Guzman findings while requesting that plaintiff remain with all Reasonable Accommodations and remain in (SDU) housing pending appeal stages upon finality of Chief Medical examiner.

**Stating a claim: 28 USC § 1915 (b) and 28 USC §1915 (e) (2)(b)**

1) Plaintiff's first cause of action is that the Defendants are liable in damages, causation to plaintiff injuries sustained when acting with DELIBERATE INDIFFERENCE to plaintiff's health and safety acted in a manner contrary to federal law with a MALICIOUS INTENT, to do harm to the plaintiff.

2) Plaintiff's second cause of action is that the Defendants are liable in damages, causation to plaintiff injuries sustained when acting GROSSLY NEGLIGENT resulting in immense PAIN AND SUFFERING to plaintiff.

3) 1) Plaintiff's first cause of action is that the Defendants are liable in damages, causation to plaintiff injuries exercised CRUEL AND UNUSUAL TREATMENT in a manner that was in violation of federally protected law.

**DAMAGES:**

Plaintiff asserts that defendants ("The State of New York") are 100% liable in damages injuries sustained to plaintiff causation of defendant misconduct, subjected a citizen of the United States in a deprivation of Rights, privileges