UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY RAMRATTAN,

                                  Plaintiff,           9:22-CV-0025
                                                               (GTS/ATB)
    v.

THE STATE OF NEW YORK, et al.,

                                Defendants.
_____

APPEARANCES:

JERRY RAMRATTAN
12-A-0608
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

      On December 28, 2021, plaintiff Jerry Ramrattan ("Plaintiff") commenced this action pro se by filing a Complaint and an In Forma Pauperis Application ("IFP Application") in the United States District Court for the Southern District of New York ("Southern District"). Dkt. No. 1 (IFP Application); Dkt. No. 2 ("Compl."). By Order filed on January 6, 2022, the Southern District transferred this action to the Northern District of New York ("Northern District"). Dkt. No. 5. In the Transfer Order, the Southern District deferred the decision on whether Plaintiff may proceed IFP to the Northern District. *Id.* at 4.

      On January 13, 2022, the Court issued an Order administratively closing this action

due to Plaintiff's failure to comply with the filing fee requirements.  Dkt. No. 7 (the "January Order").   In response to the January Order, Plaintiff submitted an Inmate Authorization Form. Dkt. No. 8.

## II.     DISCUSSION

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced unless a completed IFP Application is submitted to the Court.  See 28 U.S.C. §§ 1914(a), 1915(a).  Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances." *Monti v. McKeon*, 600 F.Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem*, Inc., 71 F.R.D. 93, 96 (S.D.N.Y. 1976)).  Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the filing fee. 28 U.S.C. 1915(a)(1).  "[T]he federal district courts are vested with especially broad discretion to deny state prisoners the privilege of proceeding IFP in civil actions against officials of the institution in which they are incarcerated." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).

Section 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of

appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.1.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application. N.D.N.Y.L.R. 5.1.4(b)(1)(A). A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. Local Rule 5.1.4 provides, in pertinent part, that, if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.1.4(b)(2)(A).[1]

With his IFP application, Plaintiff provided copies of his Inmate Account Statements for only four months (July 1, 2021 through October 29, 2021). *See* Dkt. No. 1 at 4-11. The IFP application is not certified by an authorized officer and Plaintiff's affidavit does not include any assertions related to difficulties obtaining a certification or account statements for the six-month period immediately preceding the filing of the Complaint. Accordingly, Plaintiff's IFP application is denied as incomplete. *See Franklin v. McCaughtry*, No. 02-C-596-C, 2002 WL 32350069, at *1 (W.D. Wis. Nov. 4, 2002) (denying IFP application with trust fund account statements for four months only, rather than the full six-month period

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order, . . ." Fed. R. Civ. P. 41(b). It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

required by 28 U.S.C. § 1915(a)(2)); *see also Shaw v. Jasper Cty. Sheriff Dep't*, No. 1:20CV327, 2021 WL 1603814, at *1 (E.D. Tex. Jan. 12, 2021) (noting that an IFP application with "account information for less than three months" did not comply with the requirements of the PLRA) *report and recommendation adopted*, 2021 WL 1600288 (E.D. Tex. Apr. 23, 2021).

In light of Plaintiff's pro se status, the Court will afford him another opportunity to comply with the filing fee requirements for this action.  If Plaintiff fails to timely comply, this action will be dismissed without prejudice without further Order of the Court.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 1) is **DENIED** as incomplete; and it is further

**ORDERED** that Plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the $402.00 filing fee in full, or (2) submit an IFP Application which has been completed and signed by him and which has been certified by an appropriate official at his facility and provide the Clerk;[2] and it is further

**ORDERED** that in the event Plaintiff fails to timely comply with the filing fee requirements set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court**; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review; and it is further

---

[2] As noted, certified account statements may be submitted in lieu of the completed certificate portion of the IFP Application.  *See* 28 U.S.C. § 1915(a)(2).

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff. The Clerk is directed to send Plaintiff **two** blank IFP Applications; and shall also send Plaintiff a second copy of this Decision and Order, which Plaintiff may provide to the inmate accounts office at his facility along with his request for certification of his completed and signed IFP Application (and/or certified copies of his inmate account statements).

IT IS SO ORDERED.

Dated: February 18, 2022
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge