UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY RAMRATTAN,

                          Plaintiff,

    v.                                                  9:22-CV-0025
                                                           (GTS/ATB)

THE STATE OF NEW YORK, *et al.*,

                          Defendants.
_____

APPEARANCES:

JERRY RAMRATTAN
Plaintiff, pro se
12-A-0608
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

In December 2021, pro se plaintiff Jerry Ramrattan ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. in the United States District Court for the Southern District of New York ("Southern District"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("IFP Application"); Dkt. No. 2 ("Compl."). On January 6, 2022, Chief Southern District Judge Laura Taylor Swain transferred this action to the Northern District of New York and referred a determination on the IFP Application to this Court. Dkt.

1

No. 5.

On January 13, 2022, this Court issued an Order administratively closing this action due to Plaintiff's failure to comply with the filing fee requirements. Dkt. No. 7 (the "January Order"). Plaintiff was advised that if he desired to proceed with his IFP Application, he must submit a completed and signed Inmate Authorization Form. *See id.* at 2. On January 21, 2022, Plaintiff filed an Inmate Authorization Form. Dkt. No. 8 ("Inmate Authorization"). On February 16, 2022, Plaintiff filed a motion for counsel. (Dkt. No. 11).

In a Decision and Order filed on February 18, 2022 (the "February Order"), the Court reviewed the IFP Application. Dkt. No. 12. The IFP Application was not certified by an authorized officer, did not include copies of Plaintiff's Inmate Account Statements for the six-month period immediately preceding the filing of the Complaint, and Plaintiff's affidavit did not contain any assertions related to difficulties obtaining a certification or account statements. *Id*. at 3. Therefore, the Court denied the application as incomplete and afforded Plaintiff another opportunity to comply with the filing fee requirements. *Id*. at 4.

On March 21, 2022, Plaintiff, who is presently incarcerated at Eastern Correctional Facility ("Eastern C.F."), filed a second IFP Application. Dkt. No. 13.

**II.     DISCUSSION**

Where a plaintiff seeks leave to proceed in forma pauperis*,* the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $402.00 filing fee.[1] Even if a plaintiff financially qualifies for IFP status,

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18,

the Court must also determine whether the three strikes provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee.[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia,* frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

With his first IFP Application, Plaintiff provided Inmate Account Statements from July 1, 2021 through October 29, 2021. Dkt. No. 1 at 4-11. With his second IFP Application, Plaintiff provided Inmate Account Statements from October 30, 2021 through November 30, 2021 and January 1, 2022 through February 28, 2022. Dkt. No. 13-1. Upon review, the Court finds that Plaintiff has demonstrated sufficient economic need and has filed the inmate authorization form required in the Northern District of New York. Thus, the Court must determine whether Plaintiff has three "strikes" and, if so, whether he is entitled to invoke the

---

21 (2d Cir. 2010)).

[2] The manifest intent of Congress in enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007). The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Id.* at 442-43.

"imminent danger" exception to that rule. See 28 U.S.C. § 1915(g).

### A. Determination of "Strikes"

The Court has reviewed the litigation history for Plaintiff on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.[3] On the basis of that review, the Court finds that, as of the date that Plaintiff commenced this action, October 28, 2021[4], Plaintiff had acquired at least three strikes because he filed three previous civil actions while incarcerated that were dismissed based on frivolousness or failure to state a claim upon which relief may be granted. See Ramrattan v. Brown, et al., No. 1:12-CV-7818, Opinion and Order, Dkt. No. 45 (S.D.N.Y. June 9, 2014) (dismissing Plaintiff's civil rights action for failure to state a claim); Ramrattan v. Brown, et al., No. 14-2414, Dkt. No. 40 (Second Circuit Mandate issued January 14, 2015 dismissing Plaintiff's appeal as lacking an arguable basis in law or in fact, pursuant to 28 U.S.C. § 1915(e))[5]; and Ramrattan v. Fischer, et al., No. 1:13-CV-6890, Opinion and Order, Dkt. No. 80 (S.D.N.Y. Jan. 9, 2015) (dismissing Plaintiff's civil rights action for failure to state a claim).

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, Plaintiff may not proceed IFP.

### B. The "Imminent Danger" Exception

---

[3] See U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited April 21, 2022).

[4] A court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. See Houston v. Lack, 487 U.S. 266, 276 (1988); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).

[5] A plaintiff incurs two separate strikes when he "files a complaint that is dismissed on one of the listed grounds and he appeals that dismissal, only to have the appeal dismissed, also on one of the listed grounds." See Chavis v. Chappis, 618 F.3d 162 (2d Cir. 2010).

4

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id*.

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1 n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Where the plaintiff is proceeding pro se, his complaint

5

should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)). Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177, 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

Plaintiff filed this action in October 2021, while incarcerated at Eastern C.F. *See* Compl. at 15. The claims in the Complaint arise from an incidents that allegedly occurred at Eastern C.F. *See generally* Compl. In 2017, Plaintiff, a legally blind inmate, requested and received reasonable accommodations for his visual/hearing impairments including, but not limited to, a cane, a mobility sight-guide, a lamp, and corrective lenses. *Id*. at 2, 22-24. In September 2019, Plaintiff was transferred to Eastern C.F. and assigned to the Sensorial Disability Unit ("SDU"). *Id*. at 2. Immediately after arriving at Eastern C.F., Plaintiff encountered difficulties accessing his accommodations and notified outside agencies. *Id*. at 3. In January 2020, after a visit from an attorney affiliated with "Disability Rights New York," defendant Dr. Guzman ("Guzman") retaliated against Plaintiff and "ordered [P]laintiff's [r]easonable [a]ccommodations to be immediately confiscated and [P]laintiff to be place[d]

6

into [the] general population unit." Compl. at 3. On January 17, 2020, defendant Ms. Lewis ("Lewis"), a "qualified interpreter," confiscated Plaintiff's aids. *Id*. at 3-4, 80. Lewis issued a memorandum and advised, "[b]ased upon your recent optometry consultation [. . .], Dr. Guzman [. . ] has determined that you do not meet the criteria for SDU services." *Id*. at 80. On January 20, 2020, Plaintiff was transferred to general population. *Id*. at 3-4.

In June 2020, Plaintiff renewed his request for reasonable accommodations. Compl. at 29. Guzman executed the "medical verification" and indicated that Plaintiff, "refused optometry consult." *Id*. Plaintiff's request was denied. *Id.* In May 2021, Plaintiff renewed his request for accommodations. *Id*. at 127. In June 2021, Defendant Deputy of Programs Ms. Morris ("Morris") conducted a medical review and denied the request. Compl. at 10, 127. In September 2021, Plaintiff submitted a request for the following accommodations: large print, mobility assistants, a cane, magnifiers, a tape player/cassettes, a lamp, a visor/sunglasses for indoor use, and a service dog. *Id*. at 37. In September 2021, Guzman denied Plaintiff's request noting, "non-significant hearing loss" and "no medical verification on file." *Id*. at 38.

In October 2021, Plaintiff filed a grievance claiming that he was "in a position of danger both physically and mentally." Compl. at 89. Plaintiff claimed that, without an escort, cane, magnifiers, or other accommodations, he could not "complete the basic simple tasks of [his] everyday life." *Id*.

The Court has reviewed the entire Complaint, which is 195-pages in length with exhibits, and notes that Plaintiff does not claim that he was denied medical treatment or that he suffered from unconstitutional conditions of confinement, and the Complaint lacks any facts suggesting that he was in imminent danger of serious physical harm as a result of being

7

denied accommodations including large print, mobility assistants, a cane, magnifiers, a tape player/cassettes, a lamp, a visor/sunglasses for indoor use, and a service dog. Plaintiff's allegations of wrongdoing, even if true, do not demonstrate that Plaintiff faced an "imminent danger of serious physical injury" from Defendants when he filed this action. While Plaintiff alleged in his October 2021 grievance that he was "in danger both physically and mentally," he offers no facts or details related to this alleged danger. As such, these claims are entirely conclusory and too vague for the Court to assess whether Plaintiff faced imminent danger when he filed his Complaint. *Chavis*, 618 F.3d at 170 ("A court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' ") (citation omitted); *Antrobus v. Dapecevic*, No. 17-CV-5840, 2018 WL 3242272, at *13 (S.D.N.Y. July 3, 2018) (finding non-specific allegations of threats to be insufficient to allege imminent danger). Without more specific factual allegations, Plaintiff's vague assertions related to the denials of his requests for accommodation for physical disabilities do not provide the Court with any basis to infer that an imminent threat existed to Plaintiff's health. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009) ("[U]nless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment."); *see also Eldridge v. Matevansian*, No. 18-CV-01786, 2018 WL 9371366, at *2 (D. Colo. Aug. 27, 2018) (finding no credible allegation of imminent danger where the plaintiff was denied reasonable accommodations, including a wheelchair, and moved to where he had "a target" on his back).

Construing the Complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), Plaintiff has failed to plead facts

8

suggesting that "imminent danger" was present when he filed his Complaint – sufficient to place him within the exception provided by Section 1915(g). *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.") ). In light of Plaintiff's pro se status, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger); *see also Carolina v. Rubino*, 644 Fed. App'x. 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g) because amendment of plaintiff's claims of "past harms" would have been futile).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original Complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If Plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and two dollars ($402.00) in full, or (ii) file an amended complaint demonstrating that he faced

"imminent danger of serious physical injury" when he filed this action.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 13) is held in abeyance; and it is further

**ORDERED** that within **thirty (30)** days of the date of this Decision and Order, Plaintiff shall either (i) pay the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) file an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that Plaintiff's motion for counsel (Dkt. No. 11) is held in abeyance; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

Dated: May 2, 2022
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge