UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JERRY RAMRATTAN,

                        Plaintiff,

v.                                                    9:22-CV-0025
                                                             (GTS/ATB)

GUZMAN, MS. LEWIS and MS. MORRIS,

                        Defendants.

---

APPEARANCES:

JERRY RAMRATTAN
Plaintiff, pro se
12-A-0608
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.**     **INTRODUCTION**

      Plaintiff Jerry Ramrattan ("plaintiff") commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Section 504 of the Rehabilitation Act ("RA"). Dkt. No. 1 ("Compl."). Plaintiff also filed a motion for a preliminary injunction seeking an order allowing his access to the "SDU" computer. Dkt. No. 20. In a Decision and Order filed on September 13, 2022, following review of the complaint in accordance with 28 U.S.C. § 1915A(b), the Court directed defendants to respond to the complaint. Dkt. No. 26 (the "September Order").

1

The Court also denied plaintiff's request for preliminary injunctive relief. *Id*.

On October 27, 2022, plaintiff submitted a letter which the Court has liberally construed as a request to reconsider the portion of the September Order that denied plaintiff's motion for a preliminary injunction. Dkt. No. 31.

## II.     MOTION FOR RECONSIDERATION

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration of the portion of the September Order that denied his motion for a preliminary injunction arguing that the injunction is necessary to "stop the abuse of power by those who can help me and give me all I may need to help myself." *See* Dkt. No. 31 at 2. Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence necessitates reconsideration. While plaintiff disagrees with the September Order, he has not made any showing that reconsideration is warranted.

2

Plaintiff has not cited to any caselaw which would mandate that the September Order be vacated nor has he articulated any clear legal error. Plaintiff's allegations do not alter the outcome of the Court's decision and the motion does not establish that the Court disregarded facts that resulted in manifest injustice. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y.2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, plaintiff's motion for reconsideration (Dkt. No. 31) is denied.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration and for entry of default (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order in accordance with the Local Rules.

Dated: November 7, 2022

Glenn T. Suddaby
U.S. District Judge