UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JERRY RAMRATTAN,

                    Plaintiff,

v.                                                                          9:22-CV-0025
                                                                            (GTS/MJK)

GUZMAN, DOCCS Physician, being sued in his
individual capacity; MS. LEWIS, DOCCS
Qualified Interpreter, being sued in her
individual capacity; and MS. MORRIS, DOCCS
Qualified Interpreter, being sued in her individual
capacity,

                    Defendants.

_____

APPEARANCES:                                         OF COUNSEL:

JERRY RAMRATTAN, 12-A-0608
  Plaintiff, *Pro Se*
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA A. JAMES                                AIMEE COWAN, ESQ.
Attorney General of the State of New York            Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jerry

Ramrattan ("Plaintiff") against the three above-captioned employees of the New York State

Department of Corrections and Community Supervision or "DOCCS" ("Defendants") are the

following: (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation

recommending that Defendants' motion to dismiss Plaintiff's Complaint be granted in part and denied in part; and (2) Plaintiff's letter-motion requesting the appointment of counsel.  (Dkt. Nos. 60, 61.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's letter-motion is denied.

Liberally construed, Plaintiff's letters of August 22, 2023, October 31, 2023, November 31, 2023, and December 24, 2023, contain various objections to the Report-Recommendation. (Dkt. Nos. 61, 64, 65, 67.)  However, in addition to the fact that the latter three objections are untimely, none of the objections (including the first one) contains a specific challenge to any portion of the Report-Recommendation.[1]   Because no specific challenge has been made to the Report-Recommendation, the Court subjects the Report-Recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[2]

---

[1]   When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Even if the Court were to subject the Report-Recommendation to the more-rigorous scrutiny appropriate for a challenged report-recommendation, the Court would reach the same conclusion. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

Finally, Plaintiff's letter-motion for the appointment of counsel is denied for each of the following two reasons. First, Plaintiff's letter-motion is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Second, in any event, it appears as though, to date, Plaintiff has been able to effectively litigate this action. (*See, e.g.,* Dkt. No. 49 [attaching Plf.'s 59-page opposition to Defs.' Motion to Dismiss].) As a result, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this action. *See Terminate Control Corp.*, 28 F.3d at 1341; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Plaintiff is respectfully advised that, if his remaining claims survive any motion for summary judgment filed by Defendants, he will be appointed *pro bono* counsel for trial.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 60) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 43) is **GRANTED** as to the following claims:

(1) Plaintiff's ADA and RA claims against Defendants in their official capacities are **DISMISSED with prejudice** and **without leave to amend**;

(2) Plaintiff's state law negligence claims are **DISMISSED without prejudice** but **without leave to amend**; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 43) is **DENIED** in all other respects; and it is further

**ORDERED** that Plaintiff's letter-motion for the appointment of counsel (Dkt. No. 61) is **DENIED**; and it is further

**ORDERED** that this case is referred back to United States Magistrate Judge Mitchell J. Katz (to whom this case was reassigned after the issuance of the Report-Recommendation) for the remainder of pretrial proceedings.

Dated: January 16, 2024
    Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

4