UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERRY RAMRATTAN,

                Plaintiff,

      -v-                                          9:22-CV-25 (AJB/MJK)

GUZMAN *et al.*,

                Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

JERRY RAMRATTAN
Plaintiff, Pro Se
12-A-0608
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. LETITIA JAMES                       AIMEE COWAN, ESQ.
New York State Attorney General         Assistant Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

       On December 28, 2021, *pro se* plaintiff Jerry Ramrattan ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action alleging that defendants violated his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the First Amendment by removing certain accommodations for his vision loss and for retaliating against him when he

complained about the mistreatment. Dkt. No. 2. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 1.

Because plaintiff had mislaid venue, a district judge in the Southern District of New York *sua sponte* ordered this matter transferred to the U.S. District Court for the Northern District of New York, where the action was initially administratively closed because plaintiff failed to file an authorization form required to seek IFP status. Dkt. Nos. 5, 7. Thereafter, plaintiff paid the filing fee and submitted an amended complaint. Dkt. No. 22.

On September 13, 2022, U.S. District Judge Glenn T. Suddaby reviewed the amended complaint and determined that several of plaintiff's claims warranted a response: (1) ADA and RA claims against defendants Morris, Guzman, and Lewis; (2) First Amendment retaliation claim against defendants Morris and Guzman; and (3) negligence claims against defendants Morris, Guzman, and Lewis. *See* Dkt. No. 26 at 18. Thereafter, defendants moved to dismiss plaintiff's remaining claims. Dkt. No. 43.

On August 17, 2023, U.S. Magistrate Judge Andrew T. Baxter advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted in part. Dkt. No. 60. In particular, Judge Baxter advised that plaintiff's: (1) ADA and RA claims be dismissed to the extent that these claims were asserted against defendants in their *individual* capacities; and (2) state-law negligence claims be dismissed. *Id*. at 19. Judge Suddaby adopted Judge Baxter's R&R over plaintiff's objections on January 16, 2024. Dkt. No. 70.

The parties conducted a period of discovery on plaintiff's: (1) official-capacity ADA and RA claims against defendants Morris, Guzman, and Lewis; and (2) First Amendment retaliation claims against Morris and Guzman. Thereafter, defendants moved for summary judgment on the remaining claims. Dkt. No. 98. Plaintiff cross-moved for the appointment of counsel but did not

substantively respond to defendants' motion.[1]  Dkt. Nos. 106, 112.  Thereafter, the matter was reassigned to this Court for a decision.  Dkt. No. 107.

On July 9, 2025, U.S. Magistrate Judge Mitchell J. Katz recommended by R&R that defendants' motion for summary judgment be granted and that plaintiff's motions for counsel be denied as moot.  Dkt. No. 116.  Although Judge Katz determined that a reasonable jury could find that plaintiff was a qualified individual with a disability, Judge Katz concluded that there was no evidence in the record from which plaintiff could prove to a fact-finder that he was discriminated against because of his disability.  *Id*. at 26.  Likewise, Judge Katz determined that plaintiff's First Amendment retaliation claims failed as a matter of law because there was no evidence in the record from which plaintiff could prove that there was any causal connection between his protected conduct and any adverse actions he identified.  *Id*. at 35.

Plaintiff has lodged objections.  Dkt. Nos. 118, 119.  There, plaintiff "concedes" that he is not entitled to money damages on his ADA or RA claims, but "disagrees" with Judge Katz's R&R to the extent that it concluded he is not entitled to the restoration of his visually impaired status.  Dkt. No. 119.  In response, defendants point out that plaintiff has merely rehashed the same arguments that were set forth in his original papers.  Dkt. No. 121.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).  As Judge Katz noted, the undisputed record evidence established that defendants have routinely subjected plaintiff to eye exams and other testing in response to his claimed vision loss or impairment.  *See, e.g.*, Dkt. No. 116 at 25.  Likewise, the R&R determined that there was no evidence from which a rational fact-finder could conclude that defendants retaliated against plaintiff for his contact with outside advocacy organizations.  *Id*. at 35.  Plaintiff's submissions

---

[1] Defendants moved to strike plaintiff's sur-replies.  Dkt. No. 114.

do not validly place these fact issues in dispute. Accordingly, Judge Katz's R&R is accepted and will be adopted.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 116) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 98) is GRANTED;

3. Plaintiff's request for counsel (Dkt. Nos. 106, 112) is DENIED;

4. Defendants' request to strike plaintiff's sur-replies (Dkt. No. 114) is DENIED; and

5. Plaintiff's amended complaint (Dkt. No. 22) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: August 12, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge